| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | ROB BONTA<br>Attorney General of California<br>JENNIFER G. PERKELL<br>Supervising Deputy Attorney General<br>JENNIFER C. ADDAMS<br>Deputy Attorney General<br>State Bar No. 209355<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA  94102-7004<br>  Telephone:  (415) 510-3363<br>  Fax:  (415) 703-5480<br>  E-mail:  Jennifer.Addams@doj.ca.gov<br>*Attorneys for Defendant*<br>*Governor Gavin Newsom* |

**Exempt from Filing Fees – Gov. Code, § 6103**

Electronically FILED by Superior Court of California, County of San Mateo
ON 5/6/2024
By /s/ Ashlee Nelson, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| **FREEDOM CHETENI,**<br><br>                Petitioner/Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR,**<br><br>                Respondent/Defendant. | Case No. 24CIV01957<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT/DEFENDANT GOVERNOR GAVIN NEWSOM'S DEMURRER TO PETITION FOR WRIT OF MANDATE**<br><br>Date:     October 28, 2024<br>Time:    2:00 p.m.<br>Dept:     23<br>Judge:   The Honorable V. Raymond Swope<br><br>Action Filed: April 3, 2024 |

1

**TABLE OF CONTENTS**

Page

Introduction ................................................................................................................................. 6

Statement of Facts ....................................................................................................................... 8

      A.    Officers as Set Forth in the Constitution of the State of California ............ 8

      B.    The EANS Program ........................................................................................ 8

      C.    The Pass-Through of EANS Program Funds .............................................. 9

      D.    Petitioner and the Petition ............................................................................ 10

Standard of Review ................................................................................................................... 10

Argument ................................................................................................................................... 11

    I.    The Governor Is Not a Proper Party ..................................................................... 11

    II.    Petitioner Fails to Allege Facts Sufficient to Establish His Standing to Bring This Action Either as an Individual or on Behalf of a Business Entity ...... 13

    III.    Petitioner Fails to Allege Facts Sufficient to Establish a Basis for a Writ of Traditional Mandate ................................................................................................ 14

      A.    Petitioner Fails to Plead Sufficient Facts to Allege the Governor Has Violated a Clear, Present, Ministerial Duty ....................................... 15

      B.    Petitioner Fails to Plead Sufficient Facts to Allege A Clear, Present, and Beneficial Right to the Performance of Any Duty ............................. 15

    IV.    Petitioner Has Not Pled Sufficient Facts to Allege a Cause of Action for Fraud ....................................................................................................................... 16

    V.    Petitioner Has Not Pled Sufficient Facts to Allege a Cause of Action for Breach of Contract .................................................................................................. 17

Conclusion ................................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Assn. of Deputy District Attorneys for Los Angeles County v. Gascon*
   (2022) 79 Cal.App.5th 503 .................................................................................... 12, 14, 16

*Blank v. Kirwan*
   (1985) 39 Cal.3d 311 ......................................................................................................... 11

*Cal. Assn. for Health Services at Home v. Dept. of Health Services*
   (2007) 148 Cal.App.4th 696 ............................................................................................. 14

*Caldwell v. Paramount Unified School Dist.*
   (1996) 41 Cal.App.4th 189 ............................................................................................... 10

*City of Industry v. City of Fillmore*
   (2011) 198 Cal.App.4th 191 ............................................................................................. 16

*CLD Construction, Inc. v. City of San Ramon*
   (2004) 120 Cal.App.4th 1141 ........................................................................................... 13

*Common Cause of Cal. v. Bd. of Supervisors of L.A. County*
   (1989) 49 Cal.3d 432 ......................................................................................................... 14

*County of Fresno v. Shelton*
   (1998) 66 Cal.App.4th 996 ............................................................................................... 13

*County of San Diego v. State*
   (2008) 164 Cal.App.4th 580 ............................................................................................. 15

*Gonzalez v. San Diego*
   (1982) 130 Cal.App.3d 882 .............................................................................................. 10

*Harris v. Rudin, Richman & Appel*
   (1999) 74 Cal.App.4th 299 ............................................................................................... 17

*Kramer v. Intuit, Inc.*
   (2004) 121 Cal.App.4th 574 ............................................................................................. 11

*Lee Newman, M.D., Inc. v. Wells Fargo Bank*
   (2001) 87 Cal.App.4th 73 ................................................................................................. 10

*Morgan v. City of L.A. Bd. of Pension Comrs.*
   (2000) 85 Cal.App.4th 836 ............................................................................................... 15

*Neilson v. City of Cal. City*
   (2005) 133 Cal.App.4th 1296 ........................................................................................... 10

**TABLE OF AUTHORITIES**
(continued)

Page

*People ex rel. Younger v. County of El Dorado*
  (1971) 5 Cal.3d 480 ............................................................................................. 14, 15

*Schep v. Capital One, N.A.*
  (2017) 12 Cal.App.5th 1331 ....................................................................................... 11

*Serrano v. Priest*
  (1976) 18 Cal.3d 728 .................................................................................................. 12

*SJJC Aviation Services, LLC v. City of San Jose*
  (2017) 12 Cal.App.5th 1043 ....................................................................................... 10

*Staniforth v. Judges' Retirement System*
  (2014) 226 Cal.App.4th 978 ....................................................................................... 10

*State Bd. of Educ. v. Honig*
  13 Cal. App. 4th 720 (1993) ....................................................................................... 11

*Unnamed Physician v. Bd. of Trustees of Saint Agnes Medical Center*
  (2001) 93 Cal.App.4th 607 ......................................................................................... 15

*Zelig v. County of L.A.*
  (2002) 27 Cal.4th 1112 ............................................................................................... 10

**STATUTES**

Code of Civil Procedure
  § 1085 ................................................................................................................ 7, 14, 15
  § 1085 subd. (a) ........................................................................................................... 14
  § 1086 .......................................................................................................................... 15
  § 430.10 subd. (e) ....................................................................................................... 10

Education Code
  §§ 33110-33133.5 ................................................................................................... 8, 11
  §§ 33111 et seq. ............................................................................................................ 8
  § 33300 .......................................................................................................................... 8
  § 33301 ........................................................................................................................ 11

Evidence Code
  § 452 subd. (c) ............................................................................................................ 11

Government Code
  § 7 .................................................................................................................................. 8
  §§ 11000 et seq. ............................................................................................................ 8

Memorandum of Points and Authorities in Support of Demurrer to Petition for Writ (24CIV01957)

# TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Article V ........................................................................................................................ 8
    Article V § 1 ................................................................................................................... 8
    Article V § 6 ............................................................................................................. 8, 11
    Article IX § 2 ........................................................................................................... 8, 11
    Article IX § 5 ................................................................................................................. 8

**OTHER AUTHORITIES**

American Rescue Plan Act of 2021 ....................................................................................... *passim*

Coronavirus Response and Relief Supplemental Appropriations Act, 2021 ..................... 8, 9, 12

34 C.F.R. § 312(d) ........................................................................................................................ 8

86 Fed. Reg. 36648-36656 (2021) § 312(d) .............................................................. 8, 9, 13, 16

**INTRODUCTION**

Respondent/Defendant Governor Gavin Newsom (the Governor) demurs to Petitioner/Plaintiff Freedom Cheteni's (Petitioner) "Writ of Mandate" (Petition) on the ground that the Governor (1) is not a proper party to the action, (2) Petitioner lacks standing, (3) the Petition fails to establish a basis for a traditional writ of mandate, and (4) Petitioner has not pled sufficient facts to allege a cause of action for fraud or for breach of contract. Petitioner's claims concern a lack of payment of federal COVID relief resources through the Emergency Assistance for Non-Public Schools program under the American Rescue Plan Act (EANS ARP program), to his non-public school, The VR School. These claims have nothing to do with the Governor, who is the sole defendant/respondent named in this action. Even if the Governor was a proper party, which he is not, the additional legal insufficiencies related to standing and failure to state a claim justify dismissal of the Petition.

The Petition focuses on alleged conduct of the California Department of Education (CDE) and its officials, all of whom Petitioner characterizes as representatives of the Governor. They are not. The California Department of Education (CDE) is an entity under the direct supervision of the Superintendent of Public Instruction, an independently elected state officer, charged with responsibility to "superintend the schools of this state," including executing the policies and regulations of the CDE. Thus, the EANS ARP program is not administered by the Governor, but rather a separate constitutional entity that is overseen by an independently elected officer. The Governor has no direct oversight or authority over CDE and he is not a proper party to this action. The demurrer should be sustained for this reason alone.

Next, even if the Governor was a proper party, which he is not, this action cannot proceed because Petitioner brings it in pro per, as an individual, without an explanation of how he has standing to act as a legal representative for his school, a business entity. Thus, as a second threshold issue, he has not established standing to bring the action.

A third fatal defect in the Petition is the absence of facts sufficient to establish a basis for a traditional writ of mandate. Petitioner has a duty to identify sufficient facts to put the Governor on notice of the claims to which he must respond. Yet, the Petition omits facts establishing the

elements under Code of Civil Procedure section 1085: 1) that there is a clear, present, ministerial duty; 2) that has not been acted upon by the Governor; and 3) that Petitioner himself has a clear, present and beneficial right to the performance of this duty.  At best, the Petition states Petitioner's erroneous belief that the Governor should be supervising the agency responsible for administering the EANS ARP program.  But the Petition does not sufficiently explain how such supervision qualifies as a ministerial duty of the Governor, how the Governor violated this duty, how Petitioner has a beneficial right to this supervision, and how any actions would not be discretionary in nature.  Petitioner only points to the alleged actions of a separate and distinct state department.  Not only is the Governor an independently elected and separate constitutional officer, he does not have the statewide administrative responsibilities to make him a proper party here.

Finally, the Petition's only two causes of action, for fraud and for breach of contract, are not properly pled.  Petitioner has not pleaded fraud with particularity.  There are no facts to indicate the nature of the alleged fraud and the nexus between Petitioner and the Governor.  As to the breach of contract claim, there is no indication of what contract between Petitioner and the Governor is at issue (or, in fact, even the date of the purported contract), and no contract is attached to the Petition.  And, again, Petitioner fails to establish any causal connection between himself and the Governor as a whole.

In short, the Petition is legally and factually insufficient and Petitioner's action against the Governor cannot survive.  The Governor cannot be a proper party to this action that focuses on administration of a program for which the Governor has no administrative responsibility and no oversight or authority over the independent state office that is responsible for administration of the program.  Nor has Petitioner pled sufficient facts to satisfy standing or to put the Governor on notice of the claims against him and meaningfully respond to the Petition.  Given these incurable defects, the Governor's demurrer should be sustained without leave to amend.

## STATEMENT OF FACTS

### A. Officers as Set Forth in the Constitution of the State of California

The Constitution of the State of California sets forth the requirement that the powers of the independently elected officers of the state are separate and may only be exercised, and the duties of the office performed, by the officer, a deputy, or a person specifically authorized by law. (Gov. Code, § 7.) Relevant here, article V of the state Constitution sets forth the powers of the office of the Governor, (Cal. Const., art. V, § 1), and the powers that are not in his purview, such as any functions by agencies administered by elected officers, (*id.*, art. V, § 6). The Governor is an independently elected state officer charged with the executive power of the state. (*Ibid.*) Separately, the state Constitution requires "[t]he Legislature [to] provide for a system of common schools." (*Id.*, art. IX, § 5.) The Superintendent of Public Instruction is a statewide elected officer with powers over the CDE granted directly by the state Constitution that are independent and wholly separate from the powers of the Governor and the executive branch agencies he oversees. (*See e.g.*, *id.*, art. IX, § 2 (Superintendent is elected position); Ed. Code, §§ 33110-33133.5 (Superintendent's powers and duties).) The CDE in turn oversees the state's diverse public school system. (Ed. Code, § 33300.)

The CDE and the Governor's offices are separate constitutional offices, each of which has enumerated statutory responsibilities: those responsible for the State Administration of Elementary and Secondary Education (Cal. Const., art. IX, § 2; Ed. Code, §§ 33111 et seq.), and separately, those required of the Governor's office (Cal. Cons., art V., § 1; Gov. Code, §§ 11000 et seq.). Thus, the Governor does not have direct oversight and authority over the CDE.

### B. The EANS Program

The federal Emergency Assistance for Non-Public Schools (EANS) program is authorized by the Coronavirus Response and Relief Supplemental Appropriations Act, 2021 (CRRSA) and the American Rescue Plan Act of 2021 (ARP) to, among other purposes, provide services and assistance to non-public schools to address educational disruptions resulting from the COVID-19 pandemic. (American Rescue Plan Act Emergency Assistance to Non-Public Schools Program, 34 C.F.R. § 312(d), 86 Fed. Reg. 36648-36656 (2021), RJN, Exhibit A, p. 36648.) Under

CRSSA section 312(d), the U.S. Department of Education awards EANS funding to the Governor of each State, with the program to be administered by the State Educational Agency (SEA). (*Ibid*.) Notably, EANS does not function as a traditional grant program; rather, under EANS, SEAs may provide services (not funding) to eligible nonpublic schools, based on certain, statutory criteria, such as poverty metrics and the impact of the pandemic on the nonpublic schools. (*Id.* at p. 36649.) At all times, control of funds for services and assistance provided to a non-public school, and title to materials, equipment and property purchased with such funds, must be in a public agency (here, CDE). (*Ibid*.; see also U.S. Department of Education Emergency Assistance to Non-Public Schools (EANS) Program as authorized by the Coronavirus Response and Relief Supplemental Appropriations Act and the American Rescue Plan Act of 2021 (ARP Act) (2021), Frequently Asked Questions, RJN, Exhibit B.) The CRRSA EANS funds were available through September 30, 2023, and the ARP extended funding through September 30, 2024. (RJN, Exhibit B, p. 27.)

Non-public schools do not receive grant awards under the EANS program; rather they receive services or assistance provided by the SEA to the extent resources are available. (RJN, Exhibit B, p. 14.) The SEA is not required to have an appeal process. However, an SEA may choose to establish such a process. (*Id*. at p. 19.)

### C. The Pass-Through of EANS Program Funds

ARP EANS funding is awarded to the Governor of each state. (RJN, Exhibit B, p. 9.) The administration of the program is then immediately taken up by the SEA, in this case the CDE. (*Ibid*.) The SEA then has complete responsibility for distributing information about and creating an application for the program, approving or denying each application, determining what services or assistance will be provided, controlling the funds for services or assistance and ensuring that all property purchased with EANS funds are in a public agency, and "administering the EANS program in accordance with all applicable requirements." (*Ibid*.) The Governor's only role was applying for funds and providing assurances to the U.S. Department of Education that the SEA (CDE) would provide services or assistance to eligible non-public schools, and that the SEA would obligate funds within six months of receiving funds. (*Id*. at p. 28.)

### D. Petitioner and the Petition

Petitioner Freedom Cheteni states he is the founder of a non-public school called the VR School and also the parent of a minor child that attends the VR School. (Petition, p. 3.) Petitioner is representing himself in propria persona.

On April 3, 2024, Petitioner filed a "Writ of Mandate" on behalf of himself, but not his school. (Petition, p. 1.) He attached Judicial Council forms for two causes of action, Fraud and Breach of Contract. (Petition, pp. 4-7.) In his introductory paragraphs, Petitioner claims that, on March 29, 2024, the CDE suspended his receipt of assistance under the ARP EANS program, "until he wins his appeal on discrimination and retaliation." (Petition, p. 2.) He also makes various unsupported statements about findings by an Administrative Law Judge and the U.S. Secretary of Education, as well as unsupported accusations of discriminatory treatment by other State departments. (Petition, pp. 2-3.) The only references to the Governor relate to Petitioner's belief that the Governor is required to supervise CDE and ensure that Petitioner receives emergency services. (*Ibid*.)

## STANDARD OF REVIEW

A demurrer is proper when the pleading does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Petitioners "must plead a prima facie case in order to survive demurrer." (*Caldwell v. Paramount Unified School Dist.* (1996) 41 Cal.App.4th 189, 202, fn.7.) Heightened pleading standards apply to claims against a public entity, such that "every fact material to the existence of its statutory liability must be pleaded with particularity." (*Gonzalez v. San Diego* (1982) 130 Cal.App.3d 882, 890.) A demurrer tests the legal sufficiency of the complaint's factual allegations. (*Staniforth v. Judges' Retirement System* (2014) 226 Cal.App.4th 978, 992; *Neilson v. City of Cal. City* (2005) 133 Cal.App.4th 1296, 1305; *Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78-79.) A demurrer is the proper way to challenge a legally insufficient petition for writ of mandate. (*SJJC Aviation Services, LLC v. City of San Jose* (2017) 12 Cal.App.5th 1043, 1051-1052.)

When considering a demurrer, the court should accept as true "all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Zelig v. County of L.A.*

(2002) 27 Cal.4th 1112, 1126, quoting *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) In ruling on a demurrer, the court may also consider matters that may be judicially noticed, including official acts by a state agency. (Evid. Code, § 452, subd. (c); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Courts "may–and, indeed, must–disregard allegations that are contrary to judicially noticed facts and documents." (*Schep v. Capital One, N.A.* (2017) 12 Cal.App.5th 1331, 1338, citing *Evans v. City of Berkeley*, 38 Cal.4th 1, 20.) Although the complaint should be liberally construed, doubt in the complaint may be resolved against the plaintiff and facts not alleged are presumed not to exist. (*Kramer v. Intuit, Inc.* (2004) 121 Cal.App.4th 574, 578.)

## ARGUMENT

### I. THE GOVERNOR IS NOT A PROPER PARTY

The Governor is named as the sole respondent/defendant in this action, and erroneously so. Petitioner fails to allege sufficient facts to establish that the Governor, a separately elected official within a separate constitutional entity with no oversight of the CDE, is a proper party to this action. He is not. Rather, the Superintendent of Public Instruction, a statewide elected officer, has powers over the CDE granted directly by the state Constitution that are independent and wholly separate from the powers of the Governor and the executive branch agencies the Governor oversees. (*See e.g.*, Cal. Const., art. IX, § 2 (Superintendent is elected); art. V, § 6 (governor may not assign and reorganize functions among elective officers and agencies administered by elective officers); Ed. Code, §§ 33110-33133.5 (Superintendent's powers and duties).)

It is the Superintendent of Public Instruction—not the Governor—who is statutorily responsible for executive administration of the CDE. (Ed. Code, § 33301 (providing that the Superintendent of Public Instruction is responsible for executive and administrative functions of the Department of Education); *see also State Bd. of Educ. v. Honig*, 13 Cal. App. 4th 720 (1993) (describing division of responsibilities between the State Board of Education and Superintendent of Public Instruction).) In short, California law dictates that the Governor does not "supervise" either the Superintendent of Public Instruction or the actions of the Superintendent's agencies, including the CDE. Thus, as a threshold issue, Petitioner's overall basis for his action, that the

Governor is responsible for any action by the CDE, is erroneous and the Governor is not a proper party.

Further, it is a long-established rule that in actions for declaratory and injunctive relief, only officers with statewide administrative functions under specific statutes are the proper defendant parties. (*Serrano v. Priest* (1976) 18 Cal.3d 728, 752.) Although the Governor is responsible for applying for ARP EANS funds, administration of the program is immediately taken up by the SEA, in this case the CDE, once the funds are awarded. (U.S. Department of Education Emergency Assistance to Non-Public Schools (EANS) Program as authorized by the Coronavirus Response and Relief Supplemental Appropriations Act (CRRSA Act) and the American Rescue Plan Act of 2021 (ARP Act), (2021), Frequently Asked Questions, RJN, Exhibit B, p. 9.) Because the SEA then has complete responsibility for distributing information about and creating an application for the program, approving or denying each application, determining what services or assistance will be provided, controlling the funds for services or assistance and ensuring that all property purchased with EANS funds are in a public agency, and "administering the EANS program in accordance with all applicable requirements," (*ibid*.), the entirety of the administration of the program is transferred to the CDE under control of the (separately elected) Superintendent of Instruction. The Governor does not hold supervisory or administrative responsibilities over the ARP EANS program and the Petitioner fails to identify any legitimate basis for mandamus relief against the Governor.[1]

Petitioner has failed to plead, nor can he plead, sufficient facts to overcome the limits of the Governor's role as a separate constitutional officer and any role in the ARP EANS program. The Governor is simply not a proper party to the action and the demurrer should be sustained without leave to amend on this basis alone.

---

[1] Even if the Governor did have any oversight, which he does not, it would be discretionary. (U.S. Department of Education, Certification and Agreement for Funding, Emergency Assistance to Non-Public Schools Program under the Coronavirus Response Relief and Supplemental Appropriations Act, 2021 (CRRSA Act), RJN, Exhibit C at p. 6.) Thus, as an additional bar to Petitioner's action, a writ of mandate cannot direct the Governor to exercise his discretion in a certain way. (*Assn. of Deputy District Attorneys for Los Angeles County, supra*, 79 Cal.App.5th at p. 528.)

## II. PETITIONER FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS STANDING TO BRING THIS ACTION EITHER AS AN INDIVIDUAL OR ON BEHALF OF A BUSINESS ENTITY

Even if the Governor was a proper party to this action, which he is not, Petitioner has failed to allege facts sufficient to establish that he has standing as an individual to bring this action, or that he has standing as an individual to bring the action on behalf of a business entity. Petitioner asks this court to order the Governor of California to "ensure" he receives the aid he has requested for his "school," but he clearly lacks standing to sue. If a plaintiff's lack of standing to sue is evident from the face of the complaint or from matters judicially noticeable, a general demurrer lies for failure to state a cause of action. (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1009.) Services and assistance through EANS is provided to non-public schools to address educational disruptions arising from the COVID-19 pandemic, not to individuals for any reason. (American Rescue Plan Act Emergency Assistance to Non-Public Schools Program, 34 C.F.R. § 312(d), 86 Fed. Reg. 36648-36656 (2021), RJN, Exhibit A.) And, because it is a long-standing common law rule of procedure that a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, an action on behalf of a school cannot be brought by a non-attorney acting on his own behalf. (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1145.) A corporation must be represented by licensed counsel in proceedings before courts of record. (*Ibid.* citing *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101-1103.)

Here, although Petitioner purports to bring this action as an individual, all facts on the face of the complaint and in the causes of action refer to EANS funds provided to his school. Petitioner states, "…Plaintiff is a participant of the EANS program and is entitled to receive services and enforce contracts…" (Petition, p. 3.) Individuals cannot be recipients of EANS services, however; only non-public schools can. In fact, Petitioner acknowledges this point in the same paragraph of the Petition: "Plaintiff Freedom Cheteni has created and made contracts under the Emergency assistance for the benefit of his approved EANS school…" (*Ibid.*) In other words, the program benefits the school, not Petitioner personally. Petitioner also states that he "is a parent of a minor child at the VR School and founder of a Nonpublic School, The VR School."

13

Memorandum of Points and Authorities in Support of Demurrer to Petition for Writ (24CIV01957)

(Petition, p. 3.) Thus, Petitioner fails to establish that he was eligible, as an individual or as a parent, for EANS funds, and he fails to establish that he is a licensed attorney acting on behalf of a business, a non-public school. Because of this lack of standing, as shown on the face of the complaint, the Petition and the demurrer must be sustained on this ground alone.

### III. PETITIONER FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A BASIS FOR A WRIT OF TRADITIONAL MANDATE

Petitioner purports to bring a petition for writ of mandate, asking this court to order the Governor of California to "supervise" another state agency and "ensure" he receives the aid he has requested for his school (Petition, p. 3), but he has failed to allege facts sufficient to establish the elements needed for writ relief under Code of Civil Procedure section 1085. A writ of mandate may be issued to compel the performance of an act that the law specially enjoins, or to compel the admission of a party to the use and enjoyment of a right to which the party is entitled but from which the party is being unlawfully precluded. (Code Civ. Proc. § 1085, subd. (a).) Mandamus may be used "to compel a public official to perform an official act required by law." (*Common Cause of Cal. v. Bd. of Supervisors of L.A. County* (1989) 49 Cal.3d 432, 442 [citing Code Civ. Proc., § 1085].) Importantly, mandamus does not lie to compel a public official or agency to exercise discretionary powers in a particular manner, it only lies to compel a public official or an agency to exercise its discretion in some manner. (*Assn. of Deputy District Attorneys for Los Angeles County v. Gascon* (2022) 79 Cal.App.5th 503, 528.) As further explained by the California Supreme Court, "[t]wo basic requirements are essential to the issuance of the writ: (1) a clear, present and usually ministerial duty upon the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty." (*People ex rel. Younger v. County of El Dorado* (1971) 5 Cal.3d 480, 491.) Simply put, an "action in ordinary mandamus is proper where . . . the claim is that the agency has failed to act as required by law." (*Cal. Assn. for Health Services at Home v. Dept. of Health Services* (2007) 148 Cal.App.4th 696, 705.)

Because the Petition fails to meet either of these requirements, it fails as a matter of law and must be dismissed.

### A. Petitioner Fails to Plead Sufficient Facts to Allege the Governor Has Violated a Clear, Present, Ministerial Duty

To be enforceable in mandamus, a statutory duty must be "clear." (*Younger*, *supra*, 5 Cal.3d at 491.) A duty is ministerial if it "is required to be performed in a prescribed manner under the mandate of legal authority without the exercise of discretion or judgment." (*County of San Diego v. State* (2008) 164 Cal.App.4th 580, 593.) Additionally, a writ of mandate "will not issue to compel action unless it is shown the duty to do the thing asked for is plain and unmixed with discretionary power or the exercise of judgment." (*Unnamed Physician v. Bd. of Trustees of Saint Agnes Medical Center* (2001) 93 Cal.App.4th 607, 618.) Thus, if the governing law does not require the official to act in a particular manner, no remedy in mandamus is available. (*Morgan v. City of L.A. Bd. of Pension Comrs.* (2000) 85 Cal.App.4th 836, 847.)

Here, Petitioner fails to allege any facts that show the Governor has violated any clear duty. Petitioner makes unsupported statements that the Governor has "signed assurances that civil rights laws will be enforced…" (Petition, p. 2), that "Governor Newsom is responsible to supervise CDE" (Petition, p. 2 and 3), and "Governor Newsom has a ministerial duty to supervise CDE and ensuring [sic] plaintiff receives emergency services quickly." (Petition, p. 3.) Neither these statements nor anything else in the Petition identifies the source of these alleged ministerial duties. Further, none of these statements identifies a clear duty on behalf of Governor Newsom, much less one that is plain and unmixed with his discretionary power of judgment. And finally, the two causes of action brought in the Petition are for Fraud and Breach of Contract, not for a violation of mandated duties under Code of Civil Procedure section 1085. None of Petitioner's statements gives rise to a cognizable claim for a writ of mandate, and thus the demurrer should be sustained.

### B. Petitioner Fails to Plead Sufficient Facts to Allege A Clear, Present, and Beneficial Right to the Performance of Any Duty

Even taking the unsupported statements as true, Petitioner fails to articulate his right to be benefitted by any action or inaction by the Governor. Under Code of Civil Procedure section 1086, a writ of mandate will be issued upon the verified petition of a party that is beneficially

interested. (*Assn. of Deputy District Attorneys for Los Angeles County, supra*, 79 Cal.App.5th at p. 524.) "Beneficially interested" means that a writ may be obtained only if the petitioner has some special interest or particular right to be preserved or protected over and above the interest held in common with the public at large. (*Ibid.*, citing *SJJC Aviation Services, LLC, supra*, 12 Cal.App.5th at p. 1053.) The petitioner must show that he has suffered "an invasion of a legally protected interest" that is both concrete and particularized, and also actual or imminent. (*Ibid.*) The interest cannot be conjectural or hypothetical. (*Ibid.*)

As discussed above, Petitioner brings this action on his own behalf as an individual who was allegedly denied payments under the EAMS program (Petition at 2:20-23), however any benefits of the EANS program are services to a school, not funding provided to individuals. Thus, Petitioner has not pled facts indicating a legally protected interest. (American Rescue Plan Act Emergency Assistance to Non-Public Schools Program, 34 C.F.R. § 312(d), 86 Fed. Reg. 36648-36656 (2021), RJN, Exhibit A.) Petitioner's general claims of discrimination, without identifying any discriminatory acts by the Governor, or identifying any causality element from an action, or inaction by the Governor, also do not rise to a concrete, particularized, actual, or imminent legally protected interest. Petitioner has failed to identify any action that the Governor is mandated to take, and failed to identify his own particular right to be protected. This demurrer should be sustained for these reasons as well.

### IV. PETITIONER HAS NOT PLED SUFFICIENT FACTS TO ALLEGE A CAUSE OF ACTION FOR FRAUD

The demurrer should also be sustained because Petitioner fails to plead sufficient facts to establish the elements of fraud. The essential elements of fraud are: 1) a misrepresentation; 2) knowledge of falsity; 3) intent to induce reliance; 4) justifiable reliance; and 5) resulting damage. (*City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 211.) Each element must be pleaded with particularity so that the Respondent is apprised of the grounds for the charge and so that the court can determine whether there is a basis for the cause of action. (*Ibid.*)

Here, as a threshold issue, Petitioner fails to provide any facts that show a relationship between himself and the Governor that could realistically result in a well-pled cause of action

Memorandum of Points and Authorities in Support of Demurrer to Petition for Writ (24CIV01957)

alleging fraud. Then, Petitioner provides only general statements with no specificity as to each element of fraud, with most of the general statements alleging the Governor made promises to other entities or people. (See, e.g., Petition, pp. 4-5 ["…assurances he gave in his application to the Secretary of Education… ." "…promised the U.S. Secretary of Education such payments were obligated in full…"].) Petitioner states, without the required specificity, that the Governor provided assurances to him "under the ARP EANS program," and that these assurances were false because the Governor "failed to supervise CDE and withheld payment for contractual services…" (Petition, p. 4.) Petitioner also purports to further explain each element "as stated in Attachment FR-6." There is no attachment FR-6 to the Petition for Writ, however. Thus, Petitioner failed to meet his burden to plead each element with particularity and the Governor's demurrer should be sustained on this basis.

## V. PETITIONER HAS NOT PLED SUFFICIENT FACTS TO ALLEGE A CAUSE OF ACTION FOR BREACH OF CONTRACT

Similarly, Petitioner fails to properly plead the elements of a breach of contract action between himself and the Governor. It is well established that to properly state a cause of action for breach of contract, a plaintiff must plead: 1) the existence of a contract; 2) his or her performance of the contract or excuse for nonperformance; 3) the defendant's breach of contract; and 4) the resulting damage. (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307 citing *Otworth v. Southern Pacific Transportation Co.* (1985) 166 Cal.App.3d 452, 459.) If the action is based on alleged breach of a written contract, "the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." (*Ibid*.)

Here, Petitioner fails to provide any specific information or facts about the alleged contract, how he (Petitioner) performed, how the Governor allegedly breached that contract, and his resulting damages. Petitioner only offers references to his Exhibit 10, but does not include the dates of the contract, the terms of the contract, nor the contract itself in the Cause of Action form, or in his attached Exhibit 10. Petitioner alludes to the Governor signing legislation and applications for aid under the ARP EANS program (page 3 of Exhibit 10 attached to the Petition)

but fails to assert facts that may evidence a contract between him and the Governor. Petitioner failed to meet his burden to plead each element of his cause of action for Breach of Contract and the Governor's demurrer should be sustained on this basis.

## CONCLUSION

The Governor's demurrer should be sustained without leave to amend because the Petition is legally and factually deficient in ways that are incurable. The Governor, as a separate constitutional officer, is not a proper party to this litigation. And, even if the Governor was a proper party, which he is not, Petitioner has failed to plead sufficient facts to establish standing. Additionally, Petitioner fails to allege sufficient facts to establish a basis for a writ of mandate or for his two stated causes of action: fraud and breach of contract. Petitioner has no basis to continue with this action.

Dated: May 6, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
JENNIFER G. PERKELL
Supervising Deputy Attorney General

*[signature]*

JENNIFER C. ADDAMS
Deputy Attorney General
*Attorneys for Respondent
Governor Gavin Newsom*

SF2024801326
44154891.docx