## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK; STATE OF
CALIFORNIA; STATE OF ILLINOIS; STATE OF
RHODE ISLAND; STATE OF NEW JERSEY;
COMMONWEALTH OF MASSACHUSETTS;
STATE OF ARIZONA; STATE OF COLORADO;
STATE OF CONNECTICUT; STATE OF
DELAWARE; THE DISTRICT OF COLUMBIA;
STATE OF HAWAI'I; STATE OF MAINE; STATE
OF MARYLAND; STATE OF MICHIGAN; STATE
OF MINNESOTA; STATE OF NEVADA; STATE
OF NORTH CAROLINA; STATE OF NEW
MEXICO; STATE OF OREGON; STATE OF
VERMONT STATE OF WASHINGTON; STATE
OF WISCONSIN,

     Plaintiffs,

v.

DONALD TRUMP, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE UNITED STATES; U.S.
OFFICE OF MANAGEMENT AND BUDGET;
MATTHEW J. VAETH, IN HIS OFFICIAL
CAPACITY AS ACTING DIRECTOR OF THE
U.S. OFFICE OF MANAGEMENT AND
BUDGET; U.S. DEPARTMENT OF THE
TREASURY; SCOTT BESSENT, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF THE
TREASURY; PATRICIA COLLINS IN HER
OFFICIAL CAPACITY AS TREASURER OF THE
U.S.; U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES; DOROTHY A. FINK, M.D.,
IN HER OFFICIAL CAPACITY AS ACTING
SECRETARY OF HEALTH AND HUMAN
SERVICES; U.S. DEPARTMENT OF
EDUCATION; DENISE CARTER, IN HER
OFFICIAL CAPACITY AS ACTING SECRETARY
OF EDUCATION; U.S. FEDERAL EMERGENCY
MANAGEMENT AGENCY; CAMERON
HAMILTON, IN HIS OFFICIAL CAPACITY AS
ACTING ADMINISTRATOR OF THE U.S.
FEDERAL EMERGENCY MANAGEMENT

C.A. No. 1:25-cv-00039-JJM-PAS

1

AGENCY; U.S. DEPARTMENT OF
TRANSPORTATION;
JUDITH KALETA, IN HER OFFICIAL
CAPACITY AS ACTING SECRETARY OF
TRANSPORTATION;
U.S. DEPARTMENT OF LABOR; VINCE
MICONE, IN HIS OFFICIAL CAPACITY AS
ACTING SECRETARY OF LABOR; U.S.
DEPARTMENT OF ENERGY; INGRID KOLB, IN
HER OFFICIAL CAPACITY AS ACTING
SECRETARY OF THE U.S. DEPARTMENT OF
ENERGY; U.S. ENVIRONMENTAL
PROTECTION AGENCY; JAMES PAYNE, IN HIS
OFFICIAL CAPACITY AS ACTING
ADMINISTRATOR OF THE U.S.
ENVIRONMENTAL PROTECTION AGENCY;
U.S. DEPARTMENT OF HOMELAND
SECURITY; KRISTI NOEM, IN HER CAPACITY
AS SECRETARY OF THE U.S. DEPARTMENT
OF HOMELAND SECURITY; U.S.
DEPARTMENT OF JUSTICE; JAMES R.
McHENRY III, IN HIS OFFICIAL CAPACITY AS
ACTING ATTORNEY GENERAL OF THE U.S.
DEPARTMENT OF JUSTICE; THE NATIONAL
SCIENCE FOUNDATION and DR.
SETHURAMAN PANCHANATHAN, IN HIS
CAPACITY AS DIRECTOR OF THE NATIONAL
SCIENCE FOUNDATION,

    Defendants.

## [PROPOSED] TEMPORARY RESTRAINING ORDER

To maintain the status quo until the Court may rule on Plaintiffs' forthcoming motion for

preliminary injunction, it is hereby ORDERED that a TEMPORARY RESTRAINING ORDER

is entered in this case until this Court rules upon Plaintiffs' motion for a preliminary injunction,

which shall be filed on a date ordered by the Court.

During the pendency of the Temporary Restraining Order, Defendants shall refrain from

pausing, freezing, impeding, blocking, canceling, or terminating Defendants' compliance with

awards and obligations to provide federal financial assistance, and Defendants shall not impede Plaintiffs' access to such awards and obligations, except on the basis of the applicable authorizing statutes, regulations, and terms.

To the extent Defendants engage in the "identif[ication] and review" of federal financial assistance programs, as identified in the OMB Directive as referenced in the Complaint, such exercise shall not effect a pause, freeze, impediment, block, cancellation, or termination of Defendants' compliance with such awards and obligations, except on the basis of the applicable authorizing statutes, regulations, and terms.

Defendants shall also be restrained and prohibited from reissuing, adopting, implementing, or otherwise giving effect to the OMB Directive under any other name or title or through any other Defendants (or agency supervised, administered, or controlled by any Defendant), such as the continued implementation identified by the White House Press Secretary statement of January 29, 2025.

Defendants shall provide written notice of this order to all Defendants and agencies and their employees, contractors, and grantees within two hours of the issuance of this Order.

Defendants shall comply with all notice and procedural requirements set forth in the award, agreement, or other instrument relating to decisions to stop, delay, or otherwise withhold federal financial assistance programs.

The TRO shall be in effect for 14 days from the date of this Order, and may be extended for an additional 14 days for good cause shown.

It is so ordered.

By the Court:

_____                    _____
Dated                                       McConnell, Chief Judge