U.S. DEPARTMENT OF EDUCATION
OFFICE OF HEARINGS AND APPEALS
OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| THE VR SCHOOL,<br>Petitioner,<br>v.<br>CALIFORNIA DEPARTMENT OF EDUCATION,<br>Respondents. | )<br>)<br>)<br>)   Docket No.: 23-39-O<br>)<br>)<br>)<br>)<br>)<br>) |

**STATEMENT OF INTEREST REGARDING PETITIONER'S REQUEST FOR AN INTERLOCUTORY APPEAL**

**I.   Introduction**

Petitioner, a non-public school in California, filed an appeal with the U.S. Department of Education's (Department's) Office of Hearings and Appeals (OHA) on December 11, 2023, challenging the California Department of Education's (CDE's) decision to stop providing services to Petitioner under the Emergency Assistance to Non-Public Schools (EANS) program to Petitioner following a monitoring review in Spring 2023. On December 12, 2023, OHA issued an Order requiring Petitioner to file, by December 15, 2023, a statement that explained the factual and legal basis that provided OHA with jurisdiction to hear the Appeal and offered CDE and the Department the opportunity to respond by December 19, 2023. Petitioner filed its statement on December 13, 2023, and both CDE and the Department filed statements on December 19, 2023. On January 2, 2024, OHA issued an Order of Dismissal on the grounds that, under section 451(a) of the General Education Provisions Act (GEPA) (20 U.S.C. § 1234(a)), OHA did not have authority to adjudicate the claims that Petitioner has presented. In response,

Petitioner filed on January 2, 2024, a petition to the Secretary requesting interlocutory review of the Order of Dismissal under 34 C.F.R. § 81.20.

**II.   Discussion**

The Department concurs with the conclusion in the Order of Dismissal that OHA does not have jurisdiction over this matter. As noted in the Order, the Office of Administrative Law Judges (OALJ) in OHA has jurisdiction over matters for which (1) Congress has expressly mandated OALJ jurisdiction by clear statutory reference to GEPA or OALJ or (2) the Secretary has exercised their discretion and designated OALJ jurisdiction. *See In re State of California*, Dkt. No. 09-05-R, U.S. Dep't of Educ. (Decision of the Secretary on Interlocutory Review) (Nov. 12, 2010); 20 U.S.C. § 1234(a). The relevant provision of GEPA, 20 U.S.C. § 1234(a), outlines the three areas in which OALJ has jurisdiction, and this matter does not fall under any of them. This is not a matter pertaining to (1) a recovery of funds hearing under 20 U.S.C. § 1234a because the Secretary has not made a determination that a recipient of a grant or cooperative agreement must return funds; (2) a withholding hearing under 20 U.S.C. § 1234d because the Secretary has not withheld from a recipient further payments under an applicable program; or (3) a cease and desist order under 20 U.S.C. § 1234e because the Secretary has not issued such an order to a recipient. Because this matter does not fall under one of the first three categories, OHA does not have jurisdiction unless the Secretary designates this to be adjudicated in accordance with 20 U.S.C. § 1234(a)(4) and 34 C.F.R. § 81.3(b), which has not happened in this case.

Furthermore, even if assuming arguendo that OHA has jurisdiction in this matter, it is our position that the Department should not review an appeal from Petitioner on this matter until a final decision has been made by the State. Assuming that Petitioner was found to have standing to file an appeal under GEPA, Petitioner would first need to exhaust State administrative hearing

procedures under 34 C.F.R. § 76.401(d) before filing an appeal with the Secretary. Petitioner filed an appeal with the California Office of Administrative Hearings, and a hearing had been scheduled for January 8, 2024, but was postponed due to Petitioner's appeal to the Department's OHA on December 11, 2023. Because the State administrative hearings case is still pending, and no final decision issued, we do not believe that this matter is ripe for review by the Department.

### III.    Conclusion

For the reasons stated above, the Department supports affirming the Order of Dismissal issued on January 2, 2024, or, in the alternative, taking no action on this request such that the request is deemed to be denied per 34 C.F.R. § 81.20(h).

*Jocelyn Skinner*
Jocelyn (Josie) Skinner
Office of the General Counsel
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202-2110
202-987-0472 – telephone
josie.skinner@ed.gov -- e-mail

Evan Curdts
Office of the General Counsel
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202-2110
444-812 1494 – telephone
evan.curdts@ed.gov -- e-mail

DATE:        January 10, 2024

**CERTIFICATE OF SERVICE**

On January 10, 2024, a copy of this NOTICE OF APPEARANCE was submitted via electronic filing to OES, which shall notify:

Dr. Freedom Cheteni
Superintendent
The VR School
cheteni@gmail.com

Peter J. Stubbs, Esq.
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA 95814
pstubbs@cde.ca.gov


_Jocelyn Skinner_
Jocelyn (Josie) Skinner
Attorney, U.S. Department of Education