

# UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF HEARINGS AND APPEALS
OFFICE OF ADMINISTRATIVE LAW JUDGES
400 MARYLAND AVENUE, S.W.
WASHINGTON, D.C. 20202-4615
TELEPHONE (202) 245-8300

The VR School,

                Petitioner

v.                              **Docket No.: 23-39-O**

California Department of Education,

                Respondent.

## ORDER OF DISMISSAL

      This Order, among other things, dismisses Petitioner's Appeal and this case for lack of jurisdiction and denies Petitioner's motion for stay of the California Department of Education's (CDE) action.

      On December 11, 2023, Petitioner filed an appeal with the United States Department of Education's Office of Hearings and Appeals (OHA) entitled "Appeal to the Secretary," in which Petitioner states that the Office of Administrative Law Judges (OALJ), which is situated in OHA, has jurisdiction to hear its appeal pursuant to the General Education Provision Act (GEPA), the Administrative Procedure Act, 34 C.F.R. § 81.20, and various sections of the California Code of Civil Procedure.

      By its appeal, Petitioner seeks to challenge action taken by the CDE against it concerning Petitioner's administration of the Emergency Assistance to Non-Public Schools (EANS) Program. The challenged action appears to involve suspension of EANS services to Petitioner in May 2023, following CDE's monitoring review for compliance with state and federal requirements.

      This tribunal issued an Order Requiring Response, requiring Petitioner to file a statement that explains the factual and legal basis that provides OHA or OALJ jurisdiction to hear

OHA Dkt. No.:  23-39-O

Petitioner's appeal.  The Order Requiring Response also allowed CDE and the United States Department of Education to file responses to Petitioner's statement on jurisdiction in its appeal and any statement regarding jurisdiction Petitioner filed in response to the Order Requiring Response.

Petitioner, CDE, and the United States Department of Education filed timely responses to the Order Requiring Response.

With its response, Petitioner included exhibits involving its pending appeal before the State of California Office of Administrative Hearings concerning the same action by CDE that Petitioner challenges here. Since filing its response, Petitioner has filed numerous pleadings and other documents in this matter, including a Section 427 Statement and November 22, 2022 Audit Findings; a motion for fees and costs pursuant to the Equal Access to Justice Act; a Brief of Amicus Curiae Victory XR; a Supplement to Jurisdiction Statement; a Stipulation of Facts; a Brief of Student Body Government of the VR School in Response to California Department of Education Jurisdiction Statement; a Motion for Stay of CDE Action denying The VRE School participation in requesting New APR EANS services Pending OHA ALJ Initial Decision; a Reply to U.S. Government's Jurisdictional Statement; Memorandum:  California Governor Acknowledges and Agrees that failure to comply with All Assurances and All relevant statutory and regulatory requirements in ARP EANS application may result in liability; CDE's December 29, 2023 letter to the California Office of Administrative Hearings requesting a stay of the proceeding there; Respondent's untitled December 29, 2023 filing; and, Respondent's Status Update filed on December 29, 2023, in which Respondent states the January 8th scheduled hearing will not proceed based on CDE's request for a stay.[1]  Much of what Petitioner has filed, including the brief of amicus curiae, is not relevant to the issue of whether this tribunal has the authority to hear Petitioner's appeal.

In its response, CDE argues that this tribunal does not have subject matter jurisdiction, that Petitioner's appeal is not ripe because Petitioner has not exhausted its state level administrative remedies, and that Petitioner's appeal is barred by the Eleventh Amendment because the California Department of Education enjoys or qualifies for sovereign immunity.

In its response, the United States Department of Education argues that Petitioner lacks standing to file an appeal under GEPA because it is not an applicant or recipient aggrieved by the final action of a state educational agency, that Petitioner has not exhausted state administrative hearing procedures, and that an appeal process to OHA is not available to Petitioner.  In its response, the United States Department of Education requested the right to amend its response, if necessary, to clarify the CDE's submission.

Upon consideration of Petitioner's appeal, its response to my Order Requiring Response, and the various other filings by Petitioner, as well as CDE and the United States Department of

---

[1] Petitioner also filed a response to the CDE's motion to strike research report. The record does not contain a motion to strike research report filed by CDE.

OHA Dkt. No.: 23-39-O

Education's responses to Petitioner's statements on jurisdiction, Petitioner's Appeal and this case are hereby dismissed for lack of jurisdiction.

Petitioner is a non-public school located in California. Its complaint against CDE involves its application to CDE for funds under the EANS Program, which program was first authorized by the Coronavirus Response and Relief Supplemental Appropriations Act, 2021 (CRRSA Act), Pub. L. No. 116-260 (Dec. 27, 2020), 134 Stat. 1182, later extended by the American Rescue Plan Act of 2021 (ARP Act), Pub. L. 117-2 (Mar. 11, 2021), 135 Stat. 4, 20 U.S.C. § 3401 note.

The EANS Program was established to provide services and assistance to non-public schools to address educational disruptions resulting from the COVID-19 pandemic. CRRSA Act § 312(d)(4) and ARP Act § 2002. Under § 312(d) of the CRRSA, the United States Department of Education awards EANS funds to the Governor of each state, to be administered by the State Education Agency. The United States Department of Education awarded CRRSA EANS and ARP EANS funds to the Governor of California, and CDE is the fiscal agent charged with administering the EANS program in California. CRRSA Act §§ 312(d)(5) and (7).

Based on information provided with its appeal, Petitioner applied to CDE to receive services and indeed did receive services under the EANS program until approximately May 2023. At that time, CDE suspended EANS services to Petitioner following a monitoring review it conducted. Petitioner has appealed that suspension to the State of California's Office of Administrative Hearings. Also based on information provided with its appeal, Petitioner's appeal to the California Office of Administrative Hearings is scheduled for a hearing on January 8, 2024.

In its appeal, Petitioner asserts that OALJ's authority to adjudicate Petitioner's appeal is based on the GEPA, the Administrative Procedure Act, 34 C.F.R. § 81.20, and various sections of the California Code of Civil Procedure.

This tribunal does not have authority to adjudicate the claims that Petitioner has presented. There are only two ways that the Office of Administrative Law Judges (OALJ) within the Department of Education's Office of Hearings and Appeals is vested with jurisdiction to hear cases brought under GEPA, 20 U.S.C. § 1234 *et seq.*: Congress may expressly mandate jurisdiction by clear statutory authority reference to GEPA or OALJ, or the Secretary may exercise discretion to designate OALJ jurisdiction. *See In re State of California*, Dkt. No. 09-05-R, U.S. Dep't of Educ. (Decision of the Secretary on Interlocutory Review) (Nov. 12, 2010); 20 U.S.C. § 1234(a). Here, Congress did not confer jurisdiction on OALJ to hear challenges involving the EANS Program, the CRRSA Act, or the ARP Act, and the Secretary has not designated jurisdiction to OHA or OALJ. None of the other authorities cited by Petitioner, including the Administrative Procedure Act, 34 C.F.R. § 81.20, and the California Code of Civil Procedure, confer subject matter jurisdiction on OHA or OALJ to adjudicate the claims presented by Petitioner.

OHA Dkt. No.: 23-39-O

"It is a long-standing fundamental principle of American law that without jurisdiction, a tribunal 'cannot proceed at all in any cause; when jurisdiction ceases to exist the only function remaining …is that of announcing the fact and dismissing the cause.'" *In re State of California*, *supra* at 4 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Accordingly, because OHA does not have jurisdiction to adjudicate the claims Petitioner has presented, Petitioner's appeal and this case are hereby **DISMISSED**. Additionally, Petitioner's Motion for Stay of CDE action denying The VRE School participation in requesting New ARP EANS services pending OHA ALJ Initial Decision is **DENIED** because OHA does not have authority to stay CDE's action and the motion otherwise appears to be moot based on representations in Petitioner's December 29, 2023 Status Update. In the absence of any authority to adjudicate this matter, Petitioner's request for attorney's fees and expenses cannot and need not be addressed.

Because this matter is dismissed for lack of jurisdiction, I need not address the standing or ripeness challenges raised by the California Department of Education and the United States Department of Education, or the sovereign immunity claim made by the California Department of Education.

The United States Department of Education's request to file a supplement to its response is **DENIED** as moot.

**SO ORDERED**, this 2nd day of January 2024.

*Elizabeth Figueroa*
Elizabeth Figueroa
Chief Administrative Law Judge

OHA Dkt. No.: 23-39-O

SERVICE LIST

A copy of this Order was sent by notice automatically generated by the Office of Hearings and Appeals electronic filing system (OES) to the following:

Dr. Freedom Cheteni
Superintendent
The VR School

Peter J. Stubbs, Esq.
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA  95814

Jocelyn Skinner, Esq.
Assistant General Counsel
Office of the General Counsel
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, DC 20202-2110

Evan Curdts, Esq.
Assistant General Counsel
Office of the General Counsel
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, DC 20202-2110

Courtesy copy to:

Charles Yordy, Esq.
Liaison to the Secretary
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, DC 20202-2110