Case 1:25-cv-00039-JJM-PAS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF RHODE ISLAND; STATE OF NEW JERSEY; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NORTH CAROLINA; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; and STATE OF WISCONSIN,<br><br>               Plaintiffs,<br><br>               v.<br><br>DONALD TRUMP, in his Official Capacity as President of the United States; U.S. OFFICE OF MANAGEMENT AND BUDGET; MATTHEW J. VAETH, in his Official Capacity as Acting Director of the U.S. Office of Management and Budget; U.S. DEPARTMENT OF THE | **1:25-cv-00039-JJM-PAS**<br><br>**WEST'S MOTION FOR LEAVE TO INTERVENE** |

| | |
|---|---|
| TREASURY; SCOTT BESSENT, in his Official Capacity as Secretary of the Treasury; PATRICIA COLLINS, in her Official Capacity as Treasurer of the U.S.; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOROTHY A. FINK, M.D., in her Official Capacity As Acting Secretary Of Health And Human Services; U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, in her Official Capacity as Acting Secretary of Education; U.S. FEDERAL EMERGENCY MANAGEMENT AGENCY; CAMERON HAMILTON, in his Official Capacity as Acting Administrator of the U.S. Federal Emergency Management Agency; U.S. DEPARTMENT OF TRANSPORTATION; JUDITH KALETA, in her Official Capacity as Acting Secretary of Transportation; U.S. DEPARTMENT OF LABOR; VINCE MICONE, in his Official Capacity as Acting Secretary of Labor; U.S. DEPARTMENT OF ENERGY; INGRID KOLB, in her Official Capacity as Acting Secretary of the U.S. Department of Energy; U.S. ENVIRONMENTAL PROTECTION AGENCY; JAMES PAYNE, in his Official Capacity as Acting Administrator of the U.S. Environmental Protection Agency; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her Capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF JUSTICE; JAMES R. McHENRY III, in his Official Capacity as Acting Attorney General of the U.S. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| **Department of Justice; THE NATIONAL SCIENCE FOUNDATION; and DR. SETHURAMAN PANCHANATHAN, in his Capacity as Director of the National Science Foundation,** | ) ) ) ) ) ) ) ) ) |
| Defendants. | |

Comes now the proposed intervener, Arthur West, and respectfully moves the Court for the following relief:

> **1.** That the Court find, pursuant to FRCP 19(a), that West be joined as a necessary party to this action due to the previously filed action in the District of Columbia under cause No. 1:24-cv-03143 CRC seeking to eliminate federal grant funding for a Major Federal Action in the State of Washington.

### BASIS

This Motion is based upon FRCP 19, the files and records of this case, the previously filed action in the District of Columbia under cause No. 1:24-cv-03143 CRC, the Order of the Washington State Supreme Court in West v. Reed, and the Declaration and argument below.

### DECLARATION AND ARGUMENT

I, Arthur West, certify the following to be correct and true.

I am interested in the subject matter of this case as I have a pre-existing case filed in the federal District Court for the District of Columbia seeking to enjoin
| | | |
|---|---|---|
| 3 | WEST'S MOTION FOR LEAVE TO INTERVENE    1:25-cv-00039-JJM-PAS | Arthur West 120 State Ave. NE #1497 Olympia, Washington 98501 |

federal funding for a Major Federal Action in the State of Washington, the Deschutes Estuary Restoration Project.

Seven point Four (7.4) Million Dollars in federal grants have been awarded for this project, and an additional 40 Million Dollars of federal grants are pending. (See Attached Exhibit 1, the 1st Amended Complaint in case No. 1:24-cv-03143 CRC , and Exhibit 2, NFWF Grant Information Sheet.)

The federal grants that West challenges are identified on page 26-27 at Section 90 (a) and (k) in the Request for (an) Emergency Temporary Restraining Order filed by the plaintiffs in this case on January 28, 2025.

West's previously filed Complaint in the federal District Court for the District of Columbia, in sections 6.2-6.4, seeks the following relief:

> 6.2 That an actual and/or Declaratory Judgment issue declaring that the award of 6.4 Million Dollars to the Squaxin Tribe without NEPA review violated NEPA, declaring the Grant in violation of NEPA and void, and prohibiting further awards to, or expenditure of federal funds by, the State defendants pending a full NEPA EIS of the Deschutes Estuary Restoration Project in conjunction with NEPA review of the Budd Inlet Remediation, or in the alternate, at the very least, a full NEPA analysis of the cumulative impacts of restoration project on the Dioxin Remediation in Budd Inlet.
>
> **6.3.** That the State and Federal defendants be compelled to comply with the requirements of NEPA in regard to assessment of appropriate environmental impacts of the Deschutes Estuary Restoration Project, including the

> interrelated Budd Inlet Toxic Sediment Remediation project in a NEPA EIS and/or prior to any further grant of or expenditure of federal funds.
>
> **6.4.** That the Court grant an injunction pendente lite and/or a permanent injunction barring the defendants from proceeding with, or receiving or expending any further federal funds in relation to, the Deschutes Estuary Restoration Project until such point as a full and adequate NEPA EIS is completed.

Washington State Attorney General Nicholas Brown was well aware of this action as the State has appeared in that case, and since West has previously communicated to him directly on January 17 concerning the illegal nature of this funding as well as the less than fully ethical conduct of the Pacifca Law Group[1] of which he is a senior partner, and his errant junior attorney Jessica Skelton.

West has carefully reviewed the application for a TRO in this case and the Order issued on January 31st, which states, in pertinent part:

> During the pendency of the Temporary Restraining Order, Defendants shall not pause, freeze, impede, block, cancel, or terminate Defendants' compliance with awards and obligations to provide federal financial assistance to the States,...

---

[1] The material below is offered to establish that AG Brown, as a partner in the Pacifica Law firm, can not be expected to adequately represent West's interests  See::
https://www.scribd.com/document/823786569/Burien-Declaration-New-Evid
https://www.scribd.com/document/823782941/Declaration-Schilling-ISO-Defs-MSJ
https://www.scribd.com/document/812480153/Declaration-of-Linda-Akey-Demonstrating-Perjury-in-the-1st-Degree-See-Related-Burien-Motion-re-Perjury
https://www.scribd.com/document/812477925/Burien-Motion-Re-Perjured-
https://www.scribd.com/document/823843580/Burien-Supplemental-Authority-Filed-Stamped

The language of the TRO appears to implicate West's interest in preventing unlawful federal grant funding.

This is all the more serious as the Attorney General of the State of Washington has a judicially recognized history of materially misrepresenting the terms of federal injunctions in order to impinge upon West's interests and deny him due process of law in high profile cases.

Appended as Exhibit 3 is an en Bank Order of the State Supreme Court in West v. Reed. This Opinion reads in relevant portion:

> The previous July the United States District Court for the Western District of Washington had issued a preliminary injunction in an unrelated case prohibiting the secretary, on First Amendment grounds, from releasing the names of individuals who had signed Referendum 71. The federal court amended the injunction in early September, seemingly in response to the secretary's certi;cation, expressly providing that "[t]his restraint shall not interfere with Washington's referendum process or the provisions of RCW 29A.72.240."
> Despite the express language in the injunction, the secretary argued to the superior court that the injunction prevented him from submitting the referendum to the court for examination. The trial court agreed and dismissed West's complaint without prejudice. West appealed directly to this court. Meanwhile, the voters rejected Referendum 71 in the 2009 general election.

Based upon this history, West has a well grounded fear that any ambiguous terms in the TRO and the pending Preliminary injunction to be issued by this court may be similarly misrepresented to his detriment, as was the case in West v. Reed.

> FRCP 19(a) provides:
> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

West has an interest relating to the subject of this action, in that, like the defendants, he seeks to forestall unlawful federal grant funding, albeit on a lesser scale. None of the counsel for the present parties, to the action, especially Washington AG Brown, can adequately protect West's interests.

West certainly does not support the wholesale financial monkey wrenching that is apparently the intent of the Executive Orders at issue in this case, but he is legitimately concerned that his due process rights to seek to forestall illegal federal funding under NEPA in regard to the Deschutes Estuary Restoration Project do not

get lost in the shuffle via an overbroad preliminary injunction that might be misrepresented by the State of Washington as has been his previous experience.

Especially in light of the documented history of the State of Washington's previous material misrepresentation of the terms of a federal injunction to deny due process of law, as evidenced in West v. Reed, the disposition of the action in West's absence may, as a practical matter, impair or impede his ability to protect his interests and may leave the present parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In numerous previous cases over the last decades, ex parte injunctions have substantially prejudiced West's interests, including the ex parte injunction referenced above, an ex parte injunction obtained by Republican Legislative Staff Member Dave Mortenson regarding records of the Legislative Caucus Campaign Scandal, an ex parte injunction obtained by conservative Activist Tim Eyeman prohibiting disclosure of Doe v. Reed Initiative signature sheets, and, more recently, an ex parte injunction issued to Puget Sound Energy preventing disclosure of threat, fire and hazard evaluations appended to a SEPA review concerning the 8 million Gallon LNG facility at the Port of Tacoma, and an ex parte injunction obtained by Thurston County to suppress disclosure of the records

concerning the death of Michael Reinoehl who was gunned down by a multi-jurisdictional federal task force in 2021.

All of these previous ex parte injunctions adjudicated West's interests in absentia, and he was prejudiced thereby. There is no reasonable basis to conclude that a similar ex parte injunction entered in this case will not similarly prejudice West's rights, as written or as applied in a prejudicial manner by the State of Washington.

I certify the forgoing to be correct and true under penalty of perjury of the Laws of the State of Washington.

Done February 4th, 2025, in Olympia, Washington.

S/ *Arthur West*
ARTHUR WEST

# CERTIFICATE OF SERVICE

I, Arthur West, certify that I personally served this Motion and exhibits upon the Office of the Attorney General of the State of Washington on February 4, 2025.

In addition, on or about February 4, 2025, I served this Motion and Exhibits ekectronically upon all of the attorneys of record at their email addresses apearing on their January 28 filing.

For the future, I respectfully request leave to use this Court's ecf system to allow for more expeditious filing.

Done February 4, 2025, in Olympia, Washington.

S/ *Arthur West*
ARTHUR WEST