## WEST v. REED (2010)

### Supreme Court of Washington,En Banc.

### Arthur WEST, Appellant, v. Sam REED,

### Secretary of State, et al., Respondent.

### No. 83612-4. Decided: December 09, 2010

### Jeffrey Todd Even, OUce of The Attorney General, Olympia, WA, for Respondent(s).

¶ 1 Arthur West appeals directly to this court from a Thurston County Superior Court order dismissing his complaint challenging the secretary of state's certi;cation of Referendum 71. We retain the appeal and dismiss it as moot.

¶ 2 Secretary of State Sam Reed determined on September 2, 2009, that Referendum 71 had su^cient signatures to place it on the fall general election ballot. On September 3, 2009, West ;led a complaint for judicial examination of the referendum petition under RCW 29A.72.240 and also alleged a violation of the Public Records Act, chapter 42.56 RCW. Under RCW 29A.72.240, anyone dissatis;ed with the secretary of state's determination that an initiative or referendum petition contains the requisite number of signatures of legal voters may apply to the Thurston County Superior Court for an order requiring the secretary to submit the petition to the court for examination and for an injunction preventing certi;cation.

¶ 3 The previous July the United States District Court for the Western District of Washington had issued a preliminary injunction in an unrelated case prohibiting the secretary, on First Amendment grounds, from releasing the names of individuals who had signed Referendum 71. The federal court amended the injunction in early September, seemingly in response to the secretary's certi;cation, expressly providing that "[t]his restraint shall not interfere with Washington's referendum process or the provisions of RCW 29A.72.240."

¶ 4 Despite the express language in the injunction, the secretary argued to the superior court that the injunction prevented him from submitting the referendum to the court for examination. The trial court agreed and dismissed West's complaint without prejudice. West appealed directly to this court. Meanwhile, the voters rejected Referendum 71 in the 2009 general election.

¶ 5 This case is moot because the court can no longer provide effective relief. State v. Ross, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). Since the election sought to be

enjoined has been held, and the referendum was defeated, no effective relief can be granted in reviewing the superior court's decision and reversing it. Swan v. Anderson, 40 Wn.2d 73, 74, 240 P.2d 559 (1952).[1] The court will not address a moot issue unless the issue involves a matter of continuing and substantial public interest. Ross, 152 Wn.2d at 228. Under the unusual circumstances of this case, which are unlikely to recur, no matter of continuing and substantial public interest is involved justifying review.

¶ 6 Accordingly, the appeal is dismissed.


FOOTNOTES

[1]. In the federal action, the United States Supreme Court ultimately held that public disclosure of referendum petitions generally does not violate the First Amendment. John Doe No. 1 v. Reed, ---U.S. ----, 130 S.Ct. 2811, 177 L.Ed.2d 493 (2010).