# Exhibit C

| | |
|---|---|
| **From:** | Schwei, Daniel S. (CIV) |
| **To:** | Kate Sabatini |
| **Cc:** | Sarah Rice; [redacted] [redacted]; Freidah, Andrew F. (CIV); Sirkovich, Eitan R (CIV) |
| **Subject:** | RE: CA25-39JJM State of NY, et al. v. Trump, et al. : Status of Compliance |
| **Date:** | Thursday, February 6, 2025 9:15:21 AM |
| **Attachments:** | image001.png |

**[External email: Use caution with links and attachments]**

Kate,

Further to my email last night, the preliminary information I've received this morning is that at least some of these issues are very likely related to the Payment Management System's ongoing process of working through the unusually large number of payment requests they received. There are still some HHS Administration for Children & Families payment requests that are being addressed. And my understanding is that FEMA grants (which I assume is what you intend by the reference to "Disaster grants" under DHS below) are likewise processed through PMS. Again, these are operational and administrative reasons for payments taking longer than normal – not any continued implementation of OMB Memo M-25-13. (I am also told that HHS is currently experiencing some network outages, which may make the Payment Management System appear offline, but again that is for unrelated reasons.)

With respect to your reference to DOT "Airport Improvement Program and Railway Grants," given the limited information provided and the limited time for review, my contacts at DOT do not know what that is referring to as it appears to refer to multiple different types of grants. But my understanding is that the Federal Aviation Administration and Federal Railroad Administration—both DOT components—have not paused any Federal financial assistance because of M-25-13, and have continued making disbursements on obligated grants.

Particularly in light of the above, I do not believe these last-minute allegations of noncompliance would be productive or appropriate to raise with the Court. To the extent you choose to raise them, however, I will provide the same information to the Court later this morning.

--Daniel

**From:** Schwei, Daniel S. (CIV)
**Sent:** Wednesday, February 05, 2025 9:42 PM
**To:** Kate Sabatini <[redacted]>
**Cc:** Sarah Rice <[redacted]> [redacted] [redacted]; Freidah, Andrew F. (CIV) <[redacted]>; Sirkovich, Eitan R (CIV) <[redacted]>
**Subject:** RE: CA25-39JJM State of NY, et al. v. Trump, et al. : Status of Compliance

Kate,

I received your e-mail at 8:41 p.m., well after "close of business" and less than thirteen hours before the status conference set with the Court for tomorrow at 9:30 a.m. I was not previously aware of any compliance issues (aside from the ones raised by your co-counsel in Oregon), and it is obviously not possible for us to gather the factual information necessary to provide a detailed response to your e-mail prior to tomorrow morning.

Last night, your co-counsel in Oregon raised several discrete funding issues, which I then spent much of today seeking to address. To my knowledge, many of those issues have now been fully resolved, and I am still waiting on more information with respect to the others. I am not aware of any noncompliance with the Court's Order, including with respect to the issues identified by your Oregon co-counsel. Instead, my understanding is that delayed or inaccessible funding resulted from distinct actions that have not been challenged in this case, or operational/administrative burdens associated with processing a backlog of payment requests and "unsuspending" grants. Given the dialogue with your co-counsel in Oregon who raised their issues last night, I am surprised to learn at 8:41 p.m. tonight that Plaintiffs now have much broader compliance concerns and that they intend to raise them with the Court first-thing tomorrow morning.

With respect to your list of agencies below, I will note that four of them (USAID, NIH, NASA, and Commerce) are not defendants in this case. As we stated in our Notice filed with the Court, *see* ECF No. 51 at 2, Defendants do not read the Court's Order as imposing compliance obligations on federal agencies that are not defendants in this case. Moreover, as we also described in our Notice and accompanying written "Notice of Court Order," the mere fact of a pause in funding does not inherently violate the Court's Order – *i.e.*, agencies retain their own discretion to act, provided they do not rely on the OMB Memo or the President's Executive Orders, and provided they comply with all notice and procedural requirements. Finally, I would note that, on my understanding, several of the agencies listed below (HHS, DHS, NASA, and USAID) use HHS's Payment Management System (PMS) for disbursements, and that is one of the systems that is still working through a backlog of payment requests. Similarly, as I relayed to your co-counsel in Oregon, EPA is one of the agencies that on my understanding is still working through the administrative process of "unsuspending" grants.

In order to investigate and provide a meaningful response to your inquiry below, we would almost certainly require more information about what exactly you believe is paused, beyond just an agency name. I do not expect to be able to learn any further information prior to the status conference tomorrow morning, but I will let you know if I do.

--Daniel

**From:** Kate Sabatini <
**Sent:** Wednesday, February 05, 2025 8:41 PM
**To:** Schwei, Daniel S. (CIV) <
**Cc:** Sarah Rice <                                                                                          Freidah, Andrew F. (CIV)
<                                      Sirkovich, Eitan R (CIV) <
**Subject:** [EXTERNAL] CA25-39JJM State of NY, et al. v. Trump, et al. : Status of Compliance

Daniel:

We are writing in advance of tomorrow's conference to let you know that, although many agencies appear to be appropriately lifting freezes or pauses of federal financial aid, agencies and entities in our states, in addition to Oregon, are still experiencing disruption in funding from several sources, five days after the entry of the Court's Order of January 31, 2025. The disruptions include abnormal delay and certain funding that remains entirely inaccessible. We wanted to alert you to an illustrative, but not exhaustive, list of agencies and programs that are still involved in delays or denials of funds and ask that you could update on the status of compliance throughout the federal government:

1. Environmental Protection Agency
    a. Solar for All
    b. Climate Pollution Reduction Grant
    c. Direct Air Monitoring Grant Program
    d. Drinking Water State Revolving Fund Grants
2. Department of Energy
    a. Home Electrification and Appliances Rebates Program
3. United States Agency for International Development
4. National Institutes for Health
5. National Aeronautics and Space Administration
6. Department of Homeland Security
    a. Disaster grants
7. Department of Transportation
    a. Airport Improvement Program and Railway Grants
8. Health and Human Services: Administration for Children and Families
    a. Head Start
    b. Mental Health Block Grants
    c. Substance Abuse Block Grants
9. Department of Commerce
    a. Economic Development Administration

We would appreciate a response prior to the conference tomorrow.

Thank you,

Counsel

**Kathryn M. Sabatini** (she/her)
Special Assistant Attorney General
Chief | Civil Division
Office of the Attorney General
150 South Main Street | Providence, RI - 02903
Office: +1
                       | www.riag.ri.gov |



The information contained in this message and any attachments is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL, and exempt from disclosure under applicable law. If you have received this message in error, you are prohibited from copying, distributing, or using the information. Please contact the sender immediately by return e-mail and delete the original message from your system.