UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF RHODE ISLAND; STATE OF NEW JERSEY; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NORTH CAROLINA; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *in his Official Capacity as President of the United States*; U.S. OFFICE OF MANAGEMENT AND BUDGET; MATTHEW J. VAETH, *in his Official Capacity as Acting Director of the U.S. Office of Management and Budget*; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his Official Capacity as Secretary of the Treasury*; PATRICIA COLLINS, *in her Official Capacity as Treasurer of the U.S.*; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOROTHY A. FINK, M.D., *in her Official Capacity As Acting Secretary Of Health And Human Services*; U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, *in her Official Capacity as Acting Secretary of Education*; U.S. FEDERAL EMERGENCY MANAGEMENT AGENCY; CAMERON HAMILTON, *in* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 25-cv-39-JJM-PAS |

| | |
|---|---|
| *his Official Capacity as Acting Administrator of the U.S. Federal Emergency Management Agency*; U.S. DEPARTMENT OF TRANSPORTATION; JUDITH KALETA, *in her Official Capacity as Acting Secretary of Transportation*; U.S. DEPARTMENT OF LABOR; VINCE MICONE, *in his Official Capacity as Acting Secretary of Labor*; U.S. DEPARTMENT OF ENERGY; INGRID KOLB, *in her Official Capacity as Acting Secretary of the U.S. Department of Energy*; U.S. ENVIRONMENTAL PROTECTION AGENCY; JAMES PAYNE, *in his Official Capacity as Acting Administrator of the U.S. Environmental Protection Agency*; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, i*n her Capacity as Secretary of the U.S. Department of Homeland Security*; U.S. DEPARTMENT OF JUSTICE; JAMES R. McHENRY III, *in his Official Capacity as Acting Attorney General of the U.S. Department of Justice*; THE NATIONAL SCIENCE FOUNDATION; and DR. SETHURAMAN PANCHANATHAN, *in his Capacity as Director of the National Science Foundation*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

The Plaintiff States' Motion for Enforcement of the Temporary Restraining Order ("TRO") (ECF No. 66) is GRANTED.

> [It is a] basic proposition that ***all orders and judgments of courts must be complied with promptly***.  * * * Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.  The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter

2

and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.

*Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) (citations and quotations omitted) (emphasis added). The Defendants issued a broad, categorical, all-encompassing directive freezing federal funding. The plain language of the TRO entered in this case prohibits all categorical pauses or freezes in obligations or disbursements based on the OMB Directive or based on the President's 2025 Executive Orders.[1] The Defendants received notice of the TRO, the Order is clear and unambiguous, and there are no impediments to the Defendants' compliance with the Order.

The States have presented evidence in this motion that the Defendants in some cases have continued to improperly freeze federal funds and refused to resume disbursement of appropriated federal funds. *See* Exhibits A-C of the States' motion, (ECF Nos. 66-1, 66-2, and 66-3). The Defendants now plea that they are just trying to root out fraud. *See* ECF No. 70. But the freezes in effect now were a result of the broad categorical order, not a specific finding of possible fraud. The broad categorical and sweeping freeze of federal funds is, as the Court found, likely unconstitutional and has caused and continues to cause irreparable harm to a vast portion of this country. These pauses in funding violate the plain text of the TRO.[2] In response to

---

[1] The Defendants acknowledged that they understood what the TRO required: "Federal agencies cannot pause, freeze, impede, block, cancel, or terminate any awards or obligations on the basis of the OMB Memo, *or on the basis of the President's recently issued Executive Orders*." ECF No. 51-1 at 1 (emphasis added).

[2] The Court disagrees with the Defendants' Notice (ECF No. 51), particularly paragraph 2. The Court's TRO is clear and unambiguous in its scope and effect, which is inconsistent with the Defendant's interpretation contained in the Notice. ECF No. 51 at 2.

3

the Defendants' arguments, they can request targeted relief from the TRO from this Court where they can show a specific instance where they are acting in compliance with this Order but otherwise withholding funds due to specific authority.

Therefore, consistent with the United States Constitution, United States statutes, United States Supreme Court precedent, and the TRO, the Defendants are hereby further **ORDERED** as follows:

1. The Defendants must immediately restore frozen funding during the pendency of the TRO until the Court hears and decides the Preliminary Injunction request.

2. The Defendants must immediately end any federal funding pause during the pendency of the TRO.

3. The Defendants must immediately take every step necessary to effectuate the TRO, including clearing any administrative, operational, or technical hurdles to implementation.

4. The Defendants must comply with the plain text of the TRO not to pause any funds based on pronouncements pausing funding incorporated into the OMB Directive, like Section 7(a) of the *Unleashing* Executive Order, and the OMB *Unleashing* Guidance. The TRO requirements include any pause or freeze included in the *Unleashing* Guidance.

5. The Defendants must immediately restore withheld funds, including those federal funds appropriated in the Inflation Reduction Act and the

4

Infrastructure Improvement and Jobs Act. The directives in OMB M-25-11 are included in the TRO.

  6. The Defendants must resume the funding of institutes and other agencies of the Defendants (for example the National Institute for Health) that are included in the scope of the Court's TRO.

IT IS SO ORDERED.

*/s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court for the District of Rhode Island

February 10, 2025