UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-39 (JJM) |

## DEFENDANTS' MOTION TO STAY TEMPORARY RESTRAINING ORDER AND RELATED ORDERS PENDING APPEAL

This Court entered a temporary restraining order on January 31, 2025. *See* ECF No. 50. The Court subsequently extended that order, *see* Text Order of Feb. 6, 2025, and also entered an order granting Plaintiffs' Motion to Enforce the TRO, *see* ECF No. 96. Defendants have now appealed all three Orders, and are requesting a stay pending appeal from the United States Court of Appeals for the First Circuit.

Prior to entry of the original temporary restraining order, Defendants requested that this Court stay any injunctive relief pending any appeal that is authorized. *See* ECF No. 49 at 6. This Court did not stay its temporary restraining order or its subsequent orders. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully submit this motion to stay the temporary restraining order (and related orders) pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh in favor of a stay.

First, this Court's Orders intrude on Defendants' lawful authorities. Although the Court's initial TRO acknowledged that agencies could implement funding pauses "on the basis of the[ir] applicable authorizing statutes, regulations, and terms," ECF No. 50 at 12, the Order entered earlier today now forecloses agencies from doing so. Thus, agencies are now enjoined from implementing their own statutory authorities and exercising their own discretion wholly apart from the OMB Memorandum challenged in this case. Specifically, the Court's Order earlier today affirmatively directs that "Defendants must immediately restore frozen funding" and "immediately end any federal funding pause," even when a pause or delay in funding stems from an agency's own operations or authorities. ECF No. 96 at 4, ¶¶ 1-2.

Moreover, the Court has provided this broad relief in a lawsuit that is challenging a single memorandum that has now been withdrawn. Although the Court characterizes that memorandum as "a broad, categorical, all-encompassing directive freezing federal funding," ECF No. 96 at 3, the memorandum applied to a far narrower class of funding than Plaintiffs portray, *see* ECF No. 49-1, and at its core the memorandum simply instructed agencies to pause certain funds to the extent

doing so was consistent with their underlying statutory authorities, which is a well-settled exercise of authority. *See Bldg. & Const. Trades Dep't v. Allbaugh*, 295 F.3d 28, 32 (D.C. Cir. 2002). Thus, Defendants have a "strong showing" that they are likely to succeed on appeal.

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). The Court's Orders prohibit agencies from exercising their lawful authorities to ensure that taxpayer funds are being expended in an orderly and proper fashion, and intrude on the President's Article II authority to direct subordinate agencies how to exercise their own authorities. Barring the government from ensuring that, where legally permitted, agency funding decisions are consistent with those policies is a direct affront to the will of the people and an intolerable intrusion on the prerogatives of the Executive Branch. The Orders also present especially stark separation-of-powers problems by extending to the President and requiring agencies to ask the Court's permission before implementing pauses pursuant to their own authorities. ECF No. 96 at 3-4.

Conversely, Plaintiffs have not established that they will suffer irreparable harm if the court's Orders are stayed pending appeal. The purported agency action that they seek to challenge has now been rescinded. And to the extent they believe that any future deprivation of funds is unlawful, they can proceed through the ordinary course to challenge that specific deprivation. But they have not established the need for the type of sweeping relief entered by this Court, effectively turning the

Court into a referee over every single funding decision made by eleven different agencies.

For these reasons and those set forth in Defendants' earlier filings, this Court should grant a stay of its Orders pending appeal.

Dated: February 10, 2025      Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/   Daniel Schwei
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8460
Email:   daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

-5-

## CERTIFICATION OF SERVICE

     I hereby certify that on February 10, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.


                                                   /s/ *Daniel Schwei*
                                                   Daniel Schwei