# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF RHODE ISLAND; STATE OF NEW JERSEY; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NORTH CAROLINA; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, *in his Official Capacity as President of the United States*; U.S. OFFICE OF MANAGEMENT AND BUDGET; Russell Vought, *in his Official Capacity as Director of the U.S. Office of Management and Budget*; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, *in his Official Capacity as Secretary of the Treasury*; PATRICIA COLLINS, *in her Official Capacity as Treasurer of the U.S.*; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOROTHY A. FINK, M.D.*, in her* | C.A. No. 25-cv-39-JJM-PAS |

|  |  |
|---|---|
| *Official Capacity As Acting Secretary Of Health And Human Services*; U.S. DEPARTMENT OF EDUCATION; DENISE CARTER, *in her Official Capacity as Acting Secretary of Education*; U.S. FEDERAL EMERGENCY MANAGEMENT AGENCY; CAMERON HAMILTON, *in his Official Capacity as Acting Administrator of the U.S. Federal Emergency Management Agency*; U.S. DEPARTMENT OF TRANSPORTATION; SEAN P. DUFFY, *in his Official Capacity as Secretary of Transportation*; U.S. DEPARTMENT OF LABOR; VINCE MICONE, *in his Official Capacity as Acting Secretary of Labor*; U.S. DEPARTMENT OF ENERGY; CHRISTOPHER ALLEN WRIGHT, *in his Official Capacity as Secretary of the U.S. Department of Energy*; U.S. ENVIRONMENTAL PROTECTION AGENCY; LEE MICHAEL ZELDIN, *in his Official Capacity as Administrator of the U.S. Environmental Protection Agency*; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, *in her Capacity as Secretary of the U.S. Department of Homeland Security*; U.S. DEPARTMENT OF JUSTICE; JAMES R. McHENRY III, *in his Official Capacity as Acting Attorney General of the U.S. Department of Justice*; THE NATIONAL SCIENCE FOUNDATION; and DR. SETHURAMAN PANCHANATHAN, *in his Capacity as Director of the National Science Foundation*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

First, to be clear and to reaffirm the Court's Orders, the Temporary Restraining Order ("TRO") permits the Defendants to limit access to federal funds "on the basis of the applicable authorizing statutes, regulations, and terms." ECF No. 50 at 12. The February 10, 2025 Order (ECF No. 96) does not "bar[] both the President and much of the Federal Government from exercising their own lawful authorities to withhold funding without the prior approval of the district court." ECF No. 102 at 2. Neither the TRO (ECF No. 50), nor the Court's subsequent Order (ECF No. 96) require the Defendants to seek "preclearance" from the Court before acting to terminate funding when that decision is based on *actual authority in the applicable statutory, regulatory, or grant terms*.

Second, the Court will act with alacrity in issuing an Order on the Defendants' Motion to Stay (ECF No. 100).

Third, the Defendants have filed two additional motions relating to the TRO: the "Emergency Motion Requesting Ruling by 11 a.m. on February 12 for Permission to Continue Withholding [Federal Emergency Management Agency ("FEMA")] and Other Funding" (ECF No. 102) and the "Supplemental Motion Requesting Permission to Continue Payment Review Processes" (ECF No. 103). As to FEMA funds to New York City, the Defendants represent that they intend to provide "notice to New York City regarding the funding pause and will provide the information and process required by regulation and the terms and conditions of the award." ECF No. 102-1 at ¶ 13. Because the Defendants are seeking to terminate *funding "on the basis*

*of the applicable authorizing statutes, regulations, and terms*," ECF No. 50 at 12 (emphasis added), the Court sees no need for further clarification. Finally, nothing in the TRO prevents the Defendants from continuing to use routine processes that the Payment Management Services (PMS) asserts it has used "for decades," ECF No. 103-1 at ¶ 4, before the Defendants imposed the categorical funding freeze that is the subject of the TRO.

Therefore, the Court REAFIRMS the TRO, DENIES the Defendants' "Emergency Motion Requesting Ruling by 11 a.m. on February 12 for Permission to Continue Withholding FEMA and Other Funding" (ECF No. 102) and DENIES as moot the Defendants' "Supplemental Motion Requesting Permission to Continue Payment Review Processes" (ECF No. 103).

IT IS SO ORDERED.

*/s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court for the District of Rhode Island

February 12, 2025