# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

**STATE OF NEW YORK et al.**                    Case No. 25-cv-00039-JJM-PAS

      **Plaintiff**

v.

**DONALD J. TRUMP,**
**in his official capacity as President**
**of the United States**

      **Defendant**

_____/

# AMICUS CURIAE FRIEND OF THE COURT BRIEF IN SUPPORT OF
# PRESIDENTIAL EXECUTIVE AUTHORITY AND SEPARATION OF POWERS

## TABLE OF CONTENTS

1. Introduction & Statement of Interest
2. Executive Authority Under the U.S. Constitution
3. Judicial Overreach and the Limits of Court Intervention in Executive Orders
4. Unconstitutional Actions of Members of Congress: Oath Violations & Insurrection
5. Legal Consequences: Expulsion & Criminal Prosecution Under Federal Law
6. Historical Precedents Against Congressional Overreach & Insurrectionist Acts
7. The Role of Congress & the Judiciary in Relation to Executive Authority
8. Remedies: Removal from Office, Criminal Accountability & Legislative Oversight
9. Conclusion
10. Certificate of Compliance
11. Certificate of Interested Persons
12. Certificate of Service

1

## I.    INTRODUCTION & STATEMENT OF INTEREST

I, **Rubin Young**, Pro Se, submit this Friend of the Court **Amicus Curiae Brief** to affirm the **constitutional authority** of the **President of the United States**, specifically in the exercise of **executive orders**, and to address the unconstitutional actions taken by members of Congress to undermine the President's authority. This brief is submitted in support of **President Donald J. Trump** in the case of **State of New York v. Donald J. Trump**, Case No. 25-cv-39, filed in the **United States District Court for the District of Rhode Island**.

This brief aims to highlight the **historical importance** of maintaining the **separation of powers**, as outlined in the U.S. Constitution. It is critical that the **Executive Branch** retains its authority to execute laws without undue interference from either the **Legislative Branch** or the **Judiciary**. Members of Congress who engage in **oath violations** by **inciting resistance** to presidential actions, or who publicly declare opposition to the President's **executive powers**, must be held **accountable**.

The **presidential power to issue executive orders** is integral to the proper functioning of the **executive branch** and has been consistently recognized by the **Supreme Court** and **historical precedent**. This brief draws upon significant **historical examples** where **executive authority** was vital to maintaining **national security** and **public order**, including the presidencies of **Abraham Lincoln** and **Ulysses S. Grant**.

---

## II. EXECUTIVE AUTHORITY UNDER THE U.S. CONSTITUTION

### A. The Executive Vesting Clause (Article II, Section 1, Clause 1)

The **U.S. Constitution** vests the **executive power exclusively in the President**. According to **Article II, Section 1, Clause 1**:

> "The executive Power shall be vested in a President of the United States of America."

This **Executive Vesting Clause** affirms that **only the President** has the constitutional authority to execute the laws passed by Congress. The President is entrusted with the task of **enforcing** federal law, conducting **foreign relations**, and ensuring that the **laws are faithfully executed**, as required under **Article II, Section 3**. This authority includes the power to issue **executive orders** to carry out the responsibilities of the **Executive Branch**.

It is clear from this clause that the **President's executive power** cannot be interfered with or obstructed by Congress or the judiciary. The **executive branch** is independent and vested with **exclusive authority** over **executive orders**—a cornerstone of **separation of powers**.

### B. The Take Care Clause (Article II, Section 3)

The **Take Care Clause**, located in **Article II, Section 3**, further emphasizes the President's **constitutional obligation** to **faithfully execute the laws**:

> "He shall take Care that the Laws be faithfully executed..."

This clause places an affirmative duty on the President to ensure the **enforcement** of the laws passed by Congress. It is under this duty that the **President issues executive orders**—to **direct federal agencies** and ensure the **proper execution** of federal law. This clause underscores the

imperative for presidential autonomy in enforcing the law and precludes interference from any other branch of government.

## C. Judicial Precedent on Executive Authority

1. **Mississippi v. Johnson, 71 U.S. 475 (1867)**

   o In **Mississippi v. Johnson**, the Supreme Court **affirmed** that **federal courts have no jurisdiction** to **enjoin a President** from executing **his constitutional duties**. This case involved an attempt to prevent **President Andrew Johnson** from carrying out his **Reconstruction policies**. The Court held that **courts do not have the authority** to interfere with the **executive's constitutional functions**.

2. **Franklin v. Massachusetts, 505 U.S. 788 (1992)**

   o The Supreme Court reaffirmed that the **President** is not an **"agency"** subject to the **Administrative Procedure Act (APA)**. **Executive orders**, as issued by the President, are **not subject to judicial review** in the same manner as **administrative regulations**. This reinforces the notion that the **executive branch** is distinct and independent from the judiciary.

3. **Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952)**

   o In **Youngstown Sheet & Tube Co. v. Sawyer**, the Court ruled that the **President** has the **authority to act independently in his executive role** when executing the law, particularly in matters of **national security**. The case affirmed the principle that the **President's power in executing the law** should not be hampered by judicial or legislative obstruction.

---

## III. JUDICIAL OVERREACH AND THE LIMITS OF COURT INTERVENTION IN EXECUTIVE ORDERS

### A. The Political Question Doctrine

The **Political Question Doctrine**, articulated in **Baker v. Carr (1962)**, asserts that courts should **refrain from intervening** in matters that are **constitutionally committed to another branch** of government. This includes issues of **national security**, **foreign policy**, and **executive action**—all areas that fall within the **exclusive domain of the President**.

The **judiciary must avoid** involvement in cases where the **Executive Branch** is exercising its constitutional discretion. In instances where executive orders are issued, **courts cannot interfere** with the **execution of federal law** unless there is a **clear constitutional violation**.

### B. Judicial Review and the Separation of Powers

While the judiciary plays an important role in interpreting the law, **it must not overstep** its authority by **obstructing the executive branch**. In **Marbury v. Madison (1803)**, the Supreme Court **established judicial review**, but the Court has also emphasized that **courts must exercise restraint** in matters of **executive discretion**, particularly when those matters concern **national defense** or **foreign relations**.

The **Supreme Court in Mississippi v. Johnson** reaffirmed the concept that the **executive branch cannot be compelled** by lower courts to **abandon its duty to execute federal law**. This **doctrine** ensures that the **President retains full authority** to **enforce laws** without judicial interference.

---

## IV. UNCONSTITUTIONAL ACTIONS OF MEMBERS OF CONGRESS: OATH VIOLATIONS & INSURRECTION

### A. Violations of the Oath of Office

According to **Article VI, Clause 3** of the U.S. Constitution, members of Congress swear an oath to:

"support and defend the Constitution of the United States against all enemies, foreign and domestic..."

When members of Congress publicly challenge the **President's authority to execute his constitutional duties**, they are not merely exercising **political disagreement**; they are **violating their constitutional oaths**. Their conduct, in which they openly **incite resistance** or **oppose the lawful execution of federal laws**, amounts to **insurrection**—an unconstitutional effort to undermine the **executive branch** and **disrupt the balance of powers**.

### B. Historical Examples of Congressional Overreach and Insurrection

1. **President Abraham Lincoln**

   o During the **Civil War**, President **Abraham Lincoln** exercised executive authority through **emergency powers** to preserve the Union. The **Emancipation Proclamation**, an executive order issued by Lincoln, was crucial in ending slavery and preserving the nation. However, his actions were met with resistance from certain members of Congress who sought to **limit his power**.

   o Lincoln's **executive authority** was **vital** for keeping the nation intact, despite congressional opposition. His ability to issue **executive orders** and **take military action** without legislative interference was essential in maintaining national unity.

This example shows how **executive orders can be necessary** to **uphold constitutional integrity** in times of national crisis.

2. **President Ulysses S. Grant**

   o   President **Ulysses S. Grant** also faced significant **resistance** from Congress during **Reconstruction**. His efforts to **enforce civil rights** through **military intervention** and the **Ku Klux Klan Act of 1871** were opposed by members of Congress who sought to limit **executive action**.

   o   Despite this resistance, Grant's actions were essential in ensuring the **protection of African American rights** and **reinforcing the Constitution**. His administration demonstrates the importance of **executive action** in enforcing **constitutional amendments** and protecting the **freedmen** in the South.

---

## V. LEGAL CONSEQUENCES: EXPULSION & CRIMINAL PROSECUTION UNDER FEDERAL LAW

### A. Expulsion Under Article I, Section 5

Under **Article I, Section 5, Clause 2**, Congress has the authority to **expel members** who engage in **disorderly conduct**. Members who publicly **resist the lawful execution** of the President's constitutional duties are engaging in actions that undermine the **separation of powers** and threaten the **constitutional structure**. This conduct constitutes **disorderly behavior** and justifies **expulsion** under the Constitution.

When lawmakers **incite resistance** or **declare opposition to the President's lawful actions**, they must face the **consequences** of their **insurrectionist conduct**. Congress has the

constitutional duty to **expel any member** who actively seeks to **subvert the lawful functioning of the executive branch**. These lawmakers' behavior is **detrimental to national security** and **public order** and represents a **grave violation** of the **oath of office** they took when assuming their position.

### B. Criminal Prosecution Under Federal Law

In addition to **expulsion**, members of Congress who have engaged in **insurrectionist conduct** must be **criminally prosecuted** for their actions. Under the **U.S. Code**, specifically **18 U.S.C. § 2383** (Rebellion or Insurrection), **18 U.S.C. § 2384** (Seditious Conspiracy), and **18 U.S.C. § 2385** (Advocating Overthrow of Government), these actions are considered **criminal offenses**.

1. **18 U.S.C. § 2383 – Rebellion or Insurrection**

   o This statute criminalizes **rebellion or insurrection** against the U.S. government. Lawmakers who actively resist the lawful execution of **executive orders** and encourage **subversion** of the **constitutional authority** of the President are in **direct violation** of this statute. The penalty includes **up to 10 years in prison** and **permanent disqualification** from holding future office.

2. **18 U.S.C. § 2384 – Seditious Conspiracy**

   o This law criminalizes **conspiring to overthrow** the U.S. government or **oppose** the authority of the President. Lawmakers who **incite violence** or **encourage subversion of executive orders** are guilty of **seditious conspiracy**. This offense carries a **penalty of up to 20 years in prison**.

3. **18 U.S.C. § 2385 – Advocating Overthrow of Government**

   o This statute prohibits **advocating for the overthrow** of the U.S. government or **inciting resistance** against the lawful authority of the Executive Branch.

Lawmakers publicly **opposing the President's lawful actions** are in **violation** of this statute, and they must face **criminal penalties** under the law.

These criminal offenses are **not just minor violations**; they represent an **attack on the very structure of our government** and should be treated with the **severity they deserve**. **Congress must act to remove these individuals from office** and hold them **criminally accountable** for their actions.

---

## VI. HISTORICAL PRECEDENTS AGAINST CONGRESSIONAL OVERREACH & INSURRECTIONIST ACTS

### A. The Framers' Vision: Separation of Powers and Preventing Overreach

The **Framers of the Constitution** were keenly aware of the dangers of **concentrating power** in any one branch of government. The **separation of powers** was designed to prevent **one branch from infringing upon the authority** of another. As **James Madison** famously wrote in **Federalist No. 47**:

> "The accumulation of all powers, legislative, executive, and judiciary, in the same hands… may justly be pronounced the very definition of tyranny."

The **Framers** believed that **Congress** should make laws, the **President** should execute them, and the **Judiciary** should interpret them. Each branch must respect the **independence** of the other. The **President's power to issue executive orders** is essential for the **faithful execution of the law**, and Congress must not **undermine or block** the **Executive Branch** from performing its **constitutional duties**.

9

**B. President Abraham Lincoln and Congressional Resistance Reinstatements**

Again, during **Abraham Lincoln's presidency**, Congress faced intense **opposition to executive action**, particularly regarding the **Emancipation Proclamation**. Though the **Proclamation** was vital to preserving the Union and ending slavery, some members of Congress opposed Lincoln's use of **executive power** to issue it. Despite this opposition, **Lincoln's executive authority** was upheld as necessary to **save the Union** during the **Civil War**.

In this historical context, **executive orders** were not just a matter of **presidential discretion**, but a **vital tool** for **ensuring national survival**. **Congress's resistance** to the **executive branch's authority** would have jeopardized the **nation's future** and delayed critical actions that were central to **Union victory**.

**C. President Ulysses S. Grant and Congressional Overreach**

After the **Civil War**, President **Ulysses S. Grant** was confronted with significant **opposition from Congress** regarding his **Reconstruction policies**. **Congress attempted to block** his **efforts to enforce civil rights** and **protect African Americans** in the South. President Grant took **decisive executive actions** under the **Ku Klux Klan Act of 1871**, which gave him the authority to **combat violence and intimidation** by racist groups.

Despite this congressional opposition, **Grant's executive orders** were critical to enforcing the **14th and 15th Amendments**, which guaranteed **citizenship and voting rights** to **freed slaves**. Grant's use of executive action highlights the **critical role** of the **President** in **protecting the Constitution** during times of **national crisis**, and underscores the danger of **congressional overreach**.

10

## VII. THE ROLE OF CONGRESS & THE JUDICIARY IN RELATION TO EXECUTIVE AUTHORITY

### A. Congress's Role: Legislation, Not Executive Oversight

The **U.S. Constitution** grants Congress the power to **make laws** but does **not give it the power to execute or enforce them**. **Article I** define Congress's role in creating law, while **Article II** grants the President the **exclusive authority** to execute those laws. Congress's role is to **create legislation**, while the President's role is to **enforce** it.

Congress must not use its **legislative power** to obstruct or interfere with the **executive branch's authority** to enforce the law. If Congress disagrees with the President's executive actions, its proper recourse is to **amend laws**, **create new laws**, or **override vetoes**, not to **interfere with executive action**.

### B. The Judiciary's Role: Judicial Review, Not Executive Control

The **judiciary** is responsible for **interpreting laws** and **reviewing the constitutionality of actions**, but it has no **authority to prevent the President from executing the laws**. In **Mississippi v. Johnson**, the Supreme Court affirmed that **courts cannot enjoin the President** from carrying out his constitutional duties. The **judiciary must respect** the **President's exclusive role** in **executing federal law**.

### C. Judicial Overreach and the Separation of Powers

If courts begin to **block executive orders** or **usurp the President's role** in executing laws, it **undermines the separation of powers** and **concentrates too much power in the judiciary**. Courts should avoid getting involved in matters of **executive discretion**, especially when it concerns the **President's duty to enforce laws**.

## VIII. REMEDIES: REMOVAL FROM OFFICE, CRIMINAL ACCOUNTABILITY & LEGISLATIVE OVERSIGHT

### A. Expulsion Under Article I, Section 5

Members of Congress who publicly resist the lawful execution of the President's executive orders must be **expelled** from office under **Article I, Section 5, Clause 2**. This clause allows Congress to **expel members** who engage in **disorderly conduct** that **undermines the constitutional structure**. Expulsion is a **necessary remedy** when lawmakers attempt to **subvert the executive branch** by **interfering with the President's constitutional duties**.

### B. Criminal Prosecution Under Federal Law

These actions must also be met with **criminal prosecution** under the relevant statutes: **18 U.S.C. §§ 2383, 2384, and 2385**, which criminalize **rebellion, insurrection, and seditious conspiracy**. Lawmakers who engage in this type of **insurrectionist conduct** must face **criminal penalties** to deter future violations of their **oaths of office**.

## IX. CONCLUSION: THE IMPORTANCE OF PRESERVING EXECUTIVE INDEPENDENCE

The **executive authority** of the President is **essential** for maintaining **constitutional order**, **national security**, and the **proper functioning of the U.S. government**. It is imperative that **Congress and the judiciary** respect the **President's exclusive role** in **executing federal law**.

Members of Congress who engage in **insurrectionist conduct** by **resisting the lawful execution of executive orders** must be **expelled** and **criminally prosecuted**. The **separation of powers** must be upheld, and **executive authority** must be preserved to ensure that the **President can execute the law** without undue interference. The President's executive authority is critical to the proper functioning of the U.S. government, particularly in matters of national security, foreign

policy, and the execution of laws. Judicial overreach that interferes with presidential duties or obstructs the President's executive orders undermines the separation of powers and disrupts constitutional governance. Members of Congress who engage in insurrectionist actions must be held accountable through expulsion and criminal prosecution.

---

## X. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7) and the applicable local rules of the United States District Court for the Western District of Washington, I hereby certify that:

1. This brief complies with the type-volume limitation because it contains 4252 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and formatting requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using [e.g., Microsoft Word in Times New Roman, 12-point font].

Dated: **February 11, 2025**

Respectfully submitted,

**Rubin Young, Pro Se**
**Friend of the Court**
**Amicus Curiae**
14060 SW 258th Street
Homestead, FL 33032
Phone: 786-847-9111
Email: commtrus@yahoo.com

13

## XI. CERTIFICATE OF INTERESTED PERSONS

I certify that the following parties have an interest in this case:

1. **State of New York** (Plaintiff)
2. **Donald J. Trump** (Defendant, President of the United States)
3. **Members of Congress who allegedly participated in the insurrectionist press conference**

## XII. CERTIFICATE OF SERVICE

I, Rubin Young, Pro Se, hereby certify that on **February 11, 2025**, I served a true and correct copy of the **Amicus Curiae Brief** upon the following parties, via **U.S. Mail and/or electronic service** as required by the **Federal Rules of Civil Procedure**:

Plaintiff's Counsel:

State of New York represented by
Kathryn M. Sabatini
Rhode Island Attorney General
150 South Main Street
Providence, RI 02906
401-274-4400
Email: KSabatini@riag.ri.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Leonard Giarrano, IV
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Email: lgiarrano@riag.ri.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Colleen K. Faherty
NYS Office of The Attorney General
Executive Division—Office of Federal Initiatives
28 Liberty St.
18th Floor
New York, NY 10005

14

212-416-6046
Fax: 212-416-6009
Email: colleen.faherty@ag.ny.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Michael Joseph Myers
NYS Attorney General
Env. Prot. Bureau, The Capitol
Albany, NY 12224
(518) 776-2382
Email: Michael.Myers@ag.ny.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Molly Thomas-Jensen
NYS Office of The Attorney General
28 Liberty Street
18th Floor
New York, NY 10005
212-416-8679
Email: molly.thomas-jensen@ag.ny.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Rabia Muqaddam
Office of the New York State Attorney General
28 Liberty St
New York, NY 10005
212-416-8883
Email: rabia.muqaddam@ag.ny.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Zoe Levine
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212-416-8329
Email: zoe.levine@ag.ny.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Sarah Rice
RI Department of Attorney General
150 South Main Street

15

Providence, RI 02903
401-274-4400
Email: srice@riag.ri.gov
ATTORNEY TO BE NOTICED

Carly J. Munson
California Dept. of Justice
1300 L Street
Sacramento, CA 95814
916-210-7845
Email: carly.munson@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Christine Chuang
Office of the Attorney General
California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415-510-3525
Email: christine.chuang@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Christopher J. Kissel
California Dept. of Justice
300 S. Spring Street
Los Angeles, CA 90013
213-269-6388
Fax: 213-269-6250
Email: christopher.kissel@doj.ca.gov

PRO HAC VICE
ATTORNEY TO BE NOTICED

Kenneth J. Sugarman
Office of the Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94110
415-510-3531
Email: kenneth.sugarman@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Lara Haddad
California Dept. of Justice
Los Angeles, CA 90013
213-269-6250
Fax: 916-269-6250
Email: lara.haddad@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Laura Faer
Office of the Attorney General
1515 Clay Street
Ste 20th Floor
Oakland, CA 94612
510-879-3304
Email: laura.faer@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Marie E. Logan
California Dept. of Justice
1515 Clay St
Oakland, CA 94612
510-879-3136
Email: marie.logan@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nicholas R. Green
California Dept. of Justice
San Francisco, CA 94102
415-510-3597
Email: nicholas.green@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Theodore McCombs
California Dept. of Justice
600 W. Broadway
Suite 1800
San Diego, CA 92101
619-738-9003
Fax: 619-645-2012
Email: theodore.mccombs@doj.ca.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Alex Hemmer
Illinois Attorney General's Office
115 S. LaSalle St.
Chicago, IL 60603
312-814-5526
Email: alex.hemmer@ilag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Angela Cai
Office of the NJ Attorney General
25 Market St
PO Box 080
Trenton, NJ 06811
609-414-5954
Email: angela.cai@njoag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Jeremy Feigenbaum
NJ AG's Office
25 Market St
PO Box 080
Trenton, NJ 06811
609-376-2690
Email: jeremy.feigenbaum@njoag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Shankar Duraiswamy
New Jersey Office of Attorney General
33 Washington St
Newark, NJ 07102
609-649-1019
Email: shankar.duraiswamy@njoag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Anna Esther Lumelsky
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
617-963-2334
Email: Anna.Lumelsky@mass.gov
PRO HAC VICE

18

ATTORNEY TO BE NOTICED

Katherine Dirks
Mass. Office of the Attorney General
1 Ashburton Pl.
Boston, MA 02108
617-963-2277
Fax: 617-727-3076
Email: katherine.dirks@mass.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Turner, Helen Smith
MA Office of the Attorney General
One Ashburton Place
Ste 18th Floor
Boston, MA 02108
617-721-9174
Email: Turner.Smith@mass.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Joshua David Rothenberg Bendor
Arizona Attorney General's Office Solicitor General
2005 North Central Avenue
Phoenix, AZ 85004
602-542-8958
Fax: 602-542-8308
Email: joshua.bendor@azag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Nathan T. Arrowsmith
Arizona Attorney General's Office
Solicitor General's Office
2005 North Central Avenue
Phoenix, AZ 85004
602-542-8636
Email: nathan.arrowsmith@azag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Shannon Stevenson
Colorado Department of Law
1300 Broadway
Denver, CO 80203

720-508-6000
Fax: 720-508-6030
Email: shannon.stevenson@coag.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Jill Lacedonia
Office of the Attorney General, State of Connecticut
Environment Department
165 Capitol Avenue
Hartford, CT 06106
860-808-5250
Fax: 860-808-5386
Email: jill.lacedonia@ct.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Michael Kenneth Skold
State of Connecticut Office of the Attorney General
Administration
165 Capitol Avenue
Ste 5000
Hartford, CT 06106
860-808-5316
Fax: 860-808-5387
Email: michael.skold@ct.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Vanessa L. Kassab
Delaware Department of Justice
Division of Fraud and Consumer Protection
Carvel State Building
820 N. French St.
5th Floor
Wilmington, DE 19801
302-577-8413
Email: vanessa.kassab@delaware.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Andrew C. Mendrala
Office of the Attorney General for the District of Columbia
Civil Rights Section
400 Sixth Street N.W.
Washington, DC 20001

202-724-9726
Email: andrew.mendrala@dc.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

David D. Day
State of Hawaii Dept. of the Attorney General
425 Queen Street
Honolulu, HI 96813
808-586-1284
Fax: 808-586-1239
Email: david.d.day@hawaii.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Kalikoonalani D. Fernandes
State of Hawaii Dept. of the Attorney General
425 Queen Street
Honolulu, HI 96813
808-586-1360
Fax: 808-586-8116
Email: kaliko.d.fernandes@hawaii.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Jason David Anton
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
207-626-8412
Email: jason.anton@maine.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Adam Kirschner
Office of the Attorney General—State of Maryland
200 Saint Paul Place
Baltimore, MD 21202
410-576-6424
Email: akirschner@oag.state.md.us
PRO HAC VICE
ATTORNEY TO BE NOTICED

Linus Banghart-Linn
Michigan Dept of Atty General
525 W Ottawa St

Lansing, MI 48933
517-281-6677
Fax: 517-335-7644
Email: banghart-linnl@michigan.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Neil Giovanatti
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517-335-7603
Email: giovanattin@michigan.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Elizabeth Kramer
MN Attorney General Office
445 Minnesota Street
St. Paul, MN 55102
651-757-1010
Email: liz.kramer@ag.state.mn.us
PRO HAC VICE
ATTORNEY TO BE NOTICED

Heidi Parry Stern
Nevada Attorney General's Office
Solicitor General
1 State of Nevada Way
Ste 100
Las Vegas, NV 89119
702-486-3594
Email: hstern@ag.nv.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Daniel P. Mosteller
N.C. Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
Email: dmosteller@ncdoj.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Anjana Samant
NM Department of Justice
408 Galisteo St
Santa Fe, NM 87501
505-270-4332
Email: asamant@nmdoj.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Christina L. Beatty-Walters
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201-5702
971-673-1880
Fax: 971-673-5000
Email: tina.beattywalters@doj.oregon.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Jonathan T. Rose
Office of the Attorney General
Appellate Unit
109 State Street
Montpelier, VT 05609
802-793-1646
Email: jonathan.rose@vermont.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Andrew R.W. Hughes
State of Washington Attorney General's Office
Complex Litigation
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
206-464-7744
Email: andrew.hughes@atg.wa.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Leah Brown
Office of the Washington Attorney General
Environmental Protection Division
800 Fifth Ave
Suite 2000
Seattle, WA 98104

23

206-233-3391
Fax: 206-587-5088
Email: leah.brown@atg.wa.gov
PRO HAC VICE
ATTORNEY TO BE NOTICED

Aaron Bibb
Wisconsin Department of Justice
17 West Main St
PO Box 7857
Madison, WI 53707-7857
608-266-0810
Fax: 608-294-2907
Email: bibbaj@doj.state.wi.us
PRO HAC VICE
ATTORNEY TO BE NOTICED

Defendant
Donald Trump, in his official capacity as
President of the United States, represented by

Daniel Schwei
DOJ-Civ
1100 L St., N.W.
Room 11532
Washington, DC 20530
202-305-8693
Email: daniel.s.schwei@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Andrew Freidah
DOJ-Civ
1100 L Street NW
Ste 12308
Washington, DC 20005
202-305-0879
Email: andrew.f.freidah@usdoj.gov
ATTORNEY TO BE NOTICED

Eitan Sirkovich
DOJ-Civ
1100 L Street NW
Room 12310
Washington, DC 20005
585-694-1124

24

Email: eitan.r.sirkovich@usdoj.gov
ATTORNEY TO BE NOTICED

Dated: **February 11, 2025**

Respectfully submitted,

**Rubin Young, Pro Se**
**Friend of the Court**
**Amicus Curiae**
14060 SW 258th Street
Homestead, FL 33032
Phone: 786-847-9111
Email: commtrus@yahoo.com

25