## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, *et al.*,

Plaintiffs,

v.

DONALD TRUMP, IN HIS
OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED
STATES, *et al.*,

Defendants.

Civil Action No. 1:25-cv-39
Chief Judge John J. McConnell, Jr.

## AMERICAN CENTER FOR LAW AND JUSTICE'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF THE DEFENDANTS

Joseph S. Larisa, Jr.
LARISA LAW
50 South Main Street
Suite 311
Providence, RI 02903
401-743-4700
Fax: 401-633-6296
Email: joe@larisalaw.com

Jordan Sekulow*
Donn Parsons*
Stuart J. Roth*
Andrew J. Ekonomou*
Benjamin P. Sisney*
Nathan J. Moelker*
Liam R. Harrell*
AMERICAN CENTER FOR LAW &
  JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Phone: (202) 641-9163
Fax: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Amicus Curiae*
*Not admitted in this jurisdiction.

The American Center for Law and Justice ("ACLJ"), by and through undersigned counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in opposition to the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 67). The ACLJ's proposed *amicus* brief is attached to this motion.

The defendants have consented to this motion. The plaintiffs take no position.

No specific rules govern *amicus* briefs in federal district courts. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991) ("This court is not aware of any rule or statute that prescribes the procedure for obtaining leave to file an amicus brief in the district court."). Instead, federal district courts possess the inherent authority to accept *amicus curiae* briefs that will aid the Court. *In re Bayshore Ford Truck Sales, Inc.*, 471 F. 3d 1233, 1249 n. 34 (11th Cir. 2006) ("District courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."). A court has "discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). The aid of *amici curiae* has "been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)).

1

The ACLJ's Motion for Leave to File an *Amicus* Brief is timely. Mindful of how this matter is proceeding expeditiously, the ACLJ filed its brief according to the deadline applicable to the party it is supporting, the federal government defendants.

*Amicus* briefs are permitted in district court cases where the *amicus* possesses "a special interest in the subject matter of the suit." *Bryan*, 923 F. Supp. At 728. Courts have emphasized that allowing parties to appear as *amicus curiae* "may be advisable where third parties can contribute to the court's understanding" of the issues in a case. *Id.*; *see Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987).

Proposed *amicus* the ACLJ has "a special interest in the subject matter of the suit." *Tafas*, 511 F. Supp. at 659. The ACLJ is an organization dedicated to the defense of constitutional liberties secured by law, including the defense of the right to life. Counsel for the ACLJ have presented oral argument, represented parties, and submitted *amicus curiae* briefs before the Supreme Court of the United States and numerous state and federal courts in cases involving a variety of issues. ACLJ attorneys have appeared often before the Supreme Court as counsel for parties, e.g., *McConnell v. FEC*, 540 U.S. 93 (2003) (unanimously holding that minors enjoy the protection of the First Amendment); *Lamb's Chapel v. Center Moriches Sch. Dist.*, 508 U.S. 384 (1993) (unanimously holding that denying a church access to public school premises to show a film series on parenting violated the First Amendment); *Bd. of Airport Comm'rs v. Jews for Jesus*, 482 U.S. 569 (1987) (unanimously

striking down a public airport's ban on First Amendment activities), or for amici, e.g., *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022); *McDonnell v. United States*, 579 U.S. 550 (2016); and *Bush v. Gore*, 531 U.S. 98 (2000).

The ACLJ is committed to supporting the sanctity of human life. The ACLJ files this amicus brief in particular support of President Trump's January 24, 2025, executive order entitled Enforcing the Hyde Amendment, Exec. Order 14182, 90 Fed. Reg. 8751 (Jan. 24, 2025). This executive order requires the government "to end the forced use of taxpayer dollars to fund or promote elective abortion." *Id.* The enforcement of this executive order, along with all others that may affect the implementation of funding, is at issue in this litigation. The ACLJ is filing this brief to support the enforcement of that executive order and President Trump's commitment to end federal funding for abortion.

For the foregoing reasons, *amicus* respectfully asks this Court to grant leave to file an *amicus curiae* brief in opposition to the Plaintiffs' Motion for a Preliminary Injunction. *Amicus'* brief argues that this case has been made moot by the rescission of the challenged OMB Memorandum.

February 12, 2025

_(signature)_

Joseph S. Larisa, Jr.
LARISA LAW
50 South Main Street
Suite 311
Providence, RI 02903
401-743-4700
Fax: 401-633-6296
Email: joe@larisalaw.com

Respectfully Submitted,

_/s/ Jordan Sekulow_

Jordan Sekulow*
Donn Parsons*
Stuart J. Roth*
Andrew J. Ekonomou*
Benjamin P. Sisney*
Nathan J. Moelker*
Liam R. Harrell*
AMERICAN CENTER FOR LAW &
    JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Phone: (202) 641-9163
Fax: (202) 546-9309
Email: bsisney@aclj.org

_Counsel for Amicus Curiae_
*Not admitted in this jurisdiction.

4

## CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. The Plaintiffs have indicated that they take no position on this motion.

Dated: February 12, 2025

/s/ Joseph S. Larisa, Jr.
Joseph S. Larisa, Jr.
*for Amicus Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, I electronically filed a copy of the foregoing Motion for Leave to File an *Amicus Curiae* Brief using the ECF System which will send notification of that filing to all counsel of record in this litigation.

Dated: February 12, 2025

/s/ Joseph S. Larisa, Jr.
Joseph S. Larisa, Jr.
*Counsel for Amicus Curiae*

6