UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, et al.,

           Plaintiffs,

v.

DONALD TRUMP, et al.,

           Defendants..

CASE NO: 25-cv-00039-JJM-PAS

[PROPOSED] BRIEF OF AMICI CURIAE
"The people" Cody R. Hart and Derrill J. Fussell
IN OPPOSITION TO PLAINTIFF STATE OF WASHINGTON
APPEARANCE AND MOTIONING

# TABLE OF CONTENTS

STATEMENT OF INTEREST..................................................................................1

ARGUMENT...........................................................................................................2

    I.    STATE OF WASHINGTON APPEARANCE AND MOTIONING IN THIS CASE VIOLATES STATE LAW............................................2

    II.   STATE OF WASHINGTON IS IN A CONSTITUTIONAL CRISIS............4

    III.  THE COURT HAS A DUTY TO CONFRONT ATTORNEY MISCONDUCT..................................................................7

CONCLUSION........................................................................................................8

BRIEF OF *AMICI CURIAE*      ii  
"The people" Cody Hart and Derrill Fussell  
25-cv-00039-JJM-PAS

## TABLE OF AUTHORITIES

**Cases**

Bond v. United States, 564 U.S. 211, 220 (2011)..................................................1

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998 ..............1

Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992..............................1

State ex rel. McAulay v. Reeves, 196 Wash. 1, 10 (1938)..................................2

Norton v. Shelby County, 118 U.S. 425, 442 (1886)..........................................2

City of DuPont v. Washington State Patrol, 196 Wash. App. 486, 493 (2016)..........2

State v. Miller, 32 Wn.2d 149, 201 P.2d 136 (1948)..........................................5

State ex rel. Zempel v. Twitchell, 367 P.2d 985 (Wash. 1962)............................6

Tacoma v. O'Brien, 85 Wn.2d 266 (1975)..........................................................6

Lone Wolf v. Hitchcock, 187 U.S. 553 (1903)....................................................7

Marbury v. Madison, 5 U.S. 137 (1803),..........................................................7

Kevlik v. Goldstein, 724 F.2d 844, 847 (1st Cir. 1984).......................................7

Bushkin Associates, Inc., 864 F.2d 241, 246 (1st Cir. 1989)...............................7

**Statutes**

RCW 42.04.020..................................................................................................1

RCW 42.20.080..................................................................................................5

RCW 43.10.060..................................................................................................3

RCW 43.10.115..................................................................................................3

RCW 43.10.020..................................................................................................3

22 U.S.C. § 611..................................................................................................3

22 U.S.C. § 612..................................................................................................3

**Constitutional Provisions**

Const. State of Washington Article I Section 1..................................................1

U.S. Const. amend. XIV, § 1 ............................................................................4

Const. of the State of Washington Article V, Section 2......................................6

Const. of the State of Washington Article V, Section 1......................................7

BRIEF OF *AMICI CURIAE*                                                                iii
"The people" Cody Hart and Derrill Fussell
25-cv-00039-JJM-PAS

## INTEREST AND IDENTITY OF AMICI CURIAE

Amici, the people Cody R. Hart and Derrill J. Fussell, are Americans who reside in the County of Skagit, State of Washington, and have rights protected by laws of the State of Washington and United States, the Constitution of the State of Washington, and Constitution of the United States. Amici write in strong opposition to the Plaintiff State of Washington appearance and motioning in this case because Amici believe State of Washington purported public officials who have appeared in this case and claim to be representing the people, are not duly qualified, lack authority, and as a result, this Court lacks jurisdiction.

The Supreme Court has established that private citizens, such as Amici, have standing to challenge government actions that exceed constitutional authority, particularly when those actions affect state sovereignty. Bond v. United States, 564 U.S. 211, 220 (2011). Before proceeding to any substantive matters, this Court must first satisfy itself that proper jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). As the Supreme Court articulated in Lujan v. Defenders of Wildlife, federal courts must rigorously enforce the jurisdictional requirements that limit their power. 504 U.S. 555, 559-60 (1992).

Amici's experience in confronting unqualified Public Officials, and as a result unauthorized officials, in the State of Washington has been pivotal in defending the rights of Americans who reside in Washington State, has exposed hundreds of millions of dollars of misuse of local, state, and federal funds, and has, likely as in this matter, exposed intruders into public office who attack Americans by attempting to use political Powers they are not granted to perverse and mock the Rule of Law, against the will of the people.

Since the enactment of the Constitution of the State of Washington, it has been well understood that "All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." (Const. State of Washington Article I Section 1). Unfortunately, likely in this matter, as in many others the Amici have identified, there are those who appear to be ignoring the prerequisites to gain the consent of the governed and act without Authority.

BRIEF OF AMICI CURIAE                                                    1
"The people" Cody Hart and Derrill Fussell
25-cv-00039-JJM-PAS

While there are many interests in this dispute, the Amici have an interest as two of "the people" who reside in the State of Washington, in Justice, protecting tax funds, and for the Court to consider that State of Washington Public officials who have appeared in this case are alleged not to be qualified, lack lawful authority, the Court likely lacks jurisdiction, that actions taken without proper authority are void from the beginning and cannot be legitimized, and if this case proceeds without addressing these concerns, a great injustice will occur.

## ARGUMENT

### I. STATE OF WASHINGTON APPEARANCE AND MOTIONING IN THIS CASE VIOLATES STATE LAW AND LACKS AUTHORITY

On or about, January 28, 2025 a Complaint was filed by Plaintiffs' against Defendants' with the Court allegedly on behalf of the State of Washington by Assistant Attorney General ANDREW HUGHES that also identified LEAH BROWN in the controversy before the Court as State of Washington Assistant Attorneys General.

Washington law establishes strict requirements for public official qualification. RCW 42.04.020 mandates that "[e]very office, position or employment where the state's or county's business is transacted shall be filled by a citizen of the United States, who is duly qualified." The Washington Supreme Court has consistently interpreted these requirements strictly, holding that official authority cannot be exercised without proper qualification. State ex rel. McAulay v. Reeves, 196 Wash. 1, 10 (1938). Importantly, the Supreme Court has established that acts of officials without proper authority are void ab initio - void from the beginning - and cannot be legitimized through subsequent ratification. Norton v. Shelby County, 118 U.S. 425, 442 (1886). The Washington Court of Appeals has further emphasized that delegated authority must strictly comply with statutory requirements. City of DuPont v. Washington State Patrol, 196 Wash. App. 486, 493 (2016).

According to Washington State Secretary of State public records found in Exhibits 1 and 2, indicate that on January 14, 2021 and again on January 14, 2025 the current Official Bond and Official Position Schedule for State of Washington Public officials, referenced in public records

as Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 was certified by the surety. Notably, Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 clearly indicates that the "Employer" is the "State of Washington" and that: *"The Employer undertakes and agrees to furnish the Surety on each Premium anniversary date hereof a statement specifying the number of positions to be covered, the number of persons occupying each position, and the amount of coverage required for each position".*

Also, according to Hartford Fire Insurance Company Policy# 52BSBDH7388 and Bond No. 5060380 indicates that; *"The Employer shall keep, or cause to be kept, an accurate record of any and all new positions created and of any and all additional positions added to said schedule bearing the same designation of any named herein, showing the name of the occupant, the date of employment in said position and the period of incumbency,....".*

According to RCW 43.10.060; *"The attorney general may appoint necessary assistants who shall have the power to perform any act which the attorney general is authorized by law to perform...."*

According to Washington State law RCW 43.10.010; *"...Before entering upon the duties of his or her office, any person elected or appointed attorney general shall take, subscribe, and file the oath of office as required by law; take, subscribe, and file with the secretary of state an oath to comply with the provisions of RCW 43.10.115; and execute and file with the secretary of state, a bond to the state, in the sum of five thousand dollars, with sureties to be approved by the governor, conditioned for the faithful performance of his or her duties and the paying over of all moneys, as provided by law."*

According to Washington State Law RCW 43.10.020; *"...The oath or affirmation shall be administered by one of the justices of the Supreme Court at the capitol. A certificate shall be affixed thereto by the person administering the oath, and the oath or affirmation so certified shall be filed in the office of the secretary of state before the officer shall be qualified to discharge any official duties.".*

Understandably concerning to the Amici, according to public records personally examined by the Amici there cannot been found a public record of an Official Bond on file or any position of Assistant Attorney General with the Office of Secretary of State for Assistant Attorneys General who have filed documents in this case as Assistant Attorney General or for any other position of trust for State of Washington.

Additionally concerning, according to public records personally examined by the Amici there there cannot be found a public record of an Oath of Office on file with the Office of Secretary of State for Assistant Attorneys Generals (see Exhibit 3) who have filed documents in this case as Assistant Attorney General or for any other position of trust for State of Washington

Furthermore, Amici have been unable to find public record evidence of FARA compliance for these same Assistant Attorneys as required by 22 U.S.C. § 611 and 22 U.S.C. § 612.

Despite lacking prima facia evidence of lawful authority, Assistant Attorneys General who have acted in an official capacity for the State of Washington in this dispute, including stating to be a state official, using tax funds, likely in violation of the due process rights of Defendants'.

## II.    STATE OF WASHINGTON IS IN A CONSTITUTIONAL CRISIS

On or about, January 28, 2025 a Complaint was filed by Plaintiffs' against Defendants' with the U.S. District Court Western District of Washington in the controversy before the Court stating the party, State of Washington, "….is a sovereign state in the United States of America. Washington is represented by Attorney General Nicholas W. Brown.",

Amici bring to the Court attention that as of January 2025, and likely before, as a result of the State of Washington House of Representatives abandoning mandated State of Washington Constitutional duties, there is an ongoing Constitutional Crisis in Washington State concealed from the United States of America and that Amici, along with millions of Americans who reside in the State of Washington, are of same belief. As a result of this loss of authority, Amici believe it is likely the Court has no jurisdiction to rule on any complaints brought on behalf of the State of Washington against Defendants', such as the dispute now before the Court, and provides the facts described herein to better understand the Constitutional Crisis and lack of Jurisdiction.

On September 21, 2021, Robert Watson Ferguson, Attorney General of the State of Washington was adjudged by the Thurston County Superior Court to have committed Malfeasance in Office through violations of his statutory duties, (See Exhibit 4), that has resulted in the loss or misuse of federal funds likely in great excess of one hundred millions dollars.

As the Court is likely aware, Malfeasance in office, as defined by Black's Law Dictionary (11th ed. 2019), constitutes "a wrongful, unlawful, or corrupt act, especially wrongdoing or misconduct by a public official; esp., the doing of an act that is wholly wrongful and unlawful." See also State v. Miller, 32 Wn.2d 149, 201 P.2d 136 (1948) (defining malfeasance as "evil doing, ill conduct, the commission of some act which is positively unlawful").

The Washington State Legislature codified in RCW 42.20.080 that "willful and corrupt misconduct in office" constitutes official malfeasance, which occurs when a public officer knowingly commits an act in their official capacity which by law they are forbidden to perform. Specifically, as adjudged by the Thurston County Superior Court on September 21, 2021, As a result, Ferguson committed malfeasance by violating his statutory duties through unlawful interpretation and enforcement of RCW Chapter 18.43. Notably, the Court entered judgement that "the Board's and **Attorney General's** enforcement policy and de facto rule regarding the unlicensed use of the title "Engineer" is **unlawful** and inconsistent with the plain text of the Act,…". This deliberate departure from proper statutory interpretation to an unlawful one constitutes the precise type of willful misconduct contemplated by the malfeasance statutes.

In July 2024 and January 2025, a petition for impeachment inquiry of Ferguson was submitted to the Washington State Legislature (See Exhibit 5). Inexplicably, the Washington State Legislature has failed to conduct the Constitutionally mandated vote on the Ferguson impeachment inquiry petition, likely to conceal the extent of damage resulting from Fergusons misconduct and misuse of federal funds in violation of agreements with the United States of America.

On January 15, 2025, despite the prior judicial finding of malfeasance and in violation of state law, Ferguson allegedly assumed the office of Governor of Washington State.

Notably, RCW 9.92.120 explicitly mandates that a finding of malfeasance in office "shall entail... the forfeiture of his or her office, and shall disqualify him or her from ever afterward holding any public office in this state." The Washington Supreme Court has established in State ex rel. Zempel v. Twitchell, 367 P.2d 985 (Wash. 1962) that when an official is found to have committed malfeasance in office, such a finding carries the force of law and creates an immediate forfeiture of office that is not stayed by appeal.

Also, as held in State ex rel. Carroll v. Simmons, 61 Wn.2d 146, 377 P.2d 421 (1962), malfeasance in office represents "such a breach of duty as amounts to misconduct and wrong-doing in the performance of the duties of the office."

Article VI, Clause 3 of the United States Constitution requires all state officers to be bound by oath to support the Constitution, implicitly requiring faithfulness to the law.

The Washington State Constitution represents a contract between the government and the people of Washington State. See Wash. State Farm Bureau Fed'n v. Gregoire, 162 Wn.2d 284, 174 P.3d 1142 (2007) (discussing the constitutional compact between the people and their government).

Pursuant to Constitution of the State of Washington Article V, Section 2, *"The governor and other state and judicial officers, except judges and justices of courts not of record, **shall be liable to impeachment for high crimes or misdemeanors, or malfeasance** in office,..."*.

The Washington Supreme Court in City of Tacoma v. O'Brien, 85 Wn.2d 266 (1975) reinforced that legislative duties mandated by the constitution are not discretionary but absolute requirements that must be fulfilled to maintain proper governmental function.

The Legislature's failure to hold Ferguson liable for impeachment, vote on the impeachment inquiry petition, as constitutionally mandated, constitutes a material breach of this contract and supports the Amici's claims of an ongoing Constitutional crisis.

The Washington State Constitution, Article V, Section 1, establishes the fundamental structure of executive authority, which flows only from proper constitutional succession and legitimate holding of office, supporting Amici's position that there is a current lack of Authority.

The Ninth Circuit in Lone Wolf v. Hitchcock, 187 U.S. 553 (1903) established that when a government entity breaches its fundamental contract with the people, its authority to act under that contract becomes void. Also, the U.S. Supreme Court in Marbury v. Madison, 5 U.S. 137 (1803), established that an act of the legislature repugnant to the constitution is void, and courts, as well as other departments, are bound by that instrument. The Washington Legislature's failure to fulfill its constitutional duty to vote on impeachment renders their inaction void and *creates a constitutional crisis*.

As a result of the foregoing, Amici believe the State of Washington is in a Constitutional Crisis, the State of Washington has lost Authority to bring this matter against the Defendants', and the Court has no jurisdiction.

### III. THE COURT HAS A DUTY TO CONFRONT ATTORNEY MISCONDUCT

It is well-settled that courts have the authority to control the conduct of attorneys appearing in matters before it, including the authority to disqualify attorneys who appear before it when circumstances so warrant. *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984). This authority arises from the courts' responsibility "to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession." *In re Bushkin Associates, Inc.*, 864 F.2d 241, 246 (1st Cir. 1989) (citing *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir.)). *But cf. Adoption of Erica*, 426 Mass. 55, 58 (1997). In exercising this authority, the Court applies state law to motions to disqualify counsel, including the Rules of Professional Conduct (hereinafter the "RPC").

RPC 8.4 Comment 5 is also especially relevant to the Court since the claims involve official acts of an Attorney in a public office in this case and in the presence of the Court.

> *RPC 8.4 [Comment 5] Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director or manager of a corporation or other organization*
> *RPC 8.4 [Comment 5]*

Stated simply, RPC 8.4 provides that an Attorney should not take on a client or an appointment, such as a State of Washington Assistant Attorney General in this case, that damages the integrity of the judicial process or reflects a disregard for the rule of law

## CONCLUSION

For the foregoing reasons, as well as reasons the Defendants' provide, in the interest of Justice the Court should deny any relief or grant any Orders in favor of the Plaintiffs', remove unqualified and unauthorized Assistant Attorneys General from this case, and strike all documents submitted by unqualified and unauthorized Assistant Attorneys General.

Dated this 12 day February, 2025             Respectfully submitted,

_____
Cody R. Hart
901 Metcalf Street #71
Sedro-Woolley, WA [98284]
360-982-0928
info@codyhart.org

_____
Derrill J. Fussell
929 E. College Way
Mount Vernon, WA [98273]
360-707-1815
squareshooter@earthlink.net