# EXHIBIT 4

☐ EXPEDITE
☐ No hearing set
☒ Hearing is set
Date: September 17, 2021
Time: 9:30 a.m.
Judge/Calendar: Honorable Sharonda D. Amamilo

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

| | |
|---|---|
| FISHERIES ENGINEERS, INC., a Washington Corporation, PAUL TAPPEL, an individual and professional engineer,<br><br>Petitioners,<br><br>v.<br><br>THE STATE OF WASHINGTON, GOVERNOR JAY INSLEE, in his official capacity, ATTORNEY GENERAL BOB FERGUSON, in his official capacity, and BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS & LAND SURVEYORS, an agency of the State of Washington,<br><br>Respondents. | NO. 18-2-04658-34<br><br>[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT AND DENYING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT |

THIS MATTER having come before the Court on Petitioners' Motion for Summary Judgment, and the Court having considered the following:

1. Petitioners' Motion for Summary Judgment;

2. Declaration of Paul Tappel in Support of Petitioners' Motion for Summary Judgment, with exhibits thereto;

3. Declaration of Alan Schuchman in Support of Petitioners' Motion for Summary Judgment, with exhibits thereto;

ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

4. Respondents' Response in Opposition to Petitioners' Motion for Summary Judgment;

5. Petitioners' Reply in Support of Their Motion for Summary Judgment;

6. Declaration of Alan Schuchman in Support of Petitioners' Reply in Support of Their Motion for Summary Judgment, with the exhibit thereto;

7. Respondents' Motion for Summary Judgment, with appendices thereto;

8. Petitioners' Opposition to Respondents' Motion for Summary Judgment;

9. Respondents' Reply in Support of their Motion for Summary Judgment;

10. Declaration of I. Vandewege in Support of Respondents' Reply in Support of Motion for Summary Judgment;

11. Declaration of S. Nicholson in Support of Respondents' Reply in Support of Motion for Summary Judgment;

12. Petitioners' Surreply and Motion to Strike Respondents' Reply in Support of Motion for Summary Judgment and Related Declarations in Whole or Part;

13. Respondents' Amended Reply in Support of Respondents' Motion for Summary Judgment;

14. Respondents' Response to Petitioners' Surreply and Motion to Strike;

15. Petitioners' Supplemental Brief in Support of Motion for Summary Judgment;

16. Respondents' Supplemental Briefing on Statutory Immunity under RCW 18.235.190;

17. Petitioners' Response to Respondents' Supplemental Briefing on Statutory Immunity under RCW 18.235.190;

18. Respondents' Response to Petitioners' Supplemental Brief in Support of Motion for Summary Judgment;

19. The pleadings filed in this action;

20. The files and records herein; and

ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

21. Oral argument by all parties.

## I. FINDINGS OF FACT & CONCLUSIONS OF LAW

The Court, being fully advised, and based on the undisputed material facts submitted, hereby enters the following Findings of Fact and Conclusions of Law:

1. Petitioners sought declaratory and injunctive relief against Respondents Board of Professional Engineers & Land Surveyors (the "Board"), the Attorney General, and the State of Washington. (Petitioners no longer seek relief against Respondent Governor Jay Inslee.) Specifically, Petitioners brought claims under common law, the Uniform Declaratory Judgment Act ("UDJA"), and/or the Administrative Procedures Act ("APA") for declaratory and injunctive relief against the Board and the State of Washington. Petitioners sought declaratory relief against the Attorney General under common law and the UDJA.

2. As a licensed professional engineer, Petitioners Paul Tappel and his engineering firm Fisheries Engineers, Inc. have a recognized interest in ensuring that others in their profession abide by the same rules and requirements. *See Day v. Inland Empire Optical, Inc.*, 76 Wn.2d 407, 416–17 (1969). Petitioners fall within the zone of interest contemplated by Chapter 18.43 RCW (the "Act") which governs their profession. Petitioners have also sustained an injury-in-fact as a result of Respondents' undisputed actions as set forth herein. Accordingly, this Court finds that Petitioners have standing under common law, the APA, and the UDJA to bring this challenge against the Board and the State of Washington, and Petitioners have standing under common law and the UDJA to bring this challenge against the Attorney General.

3. RCW 18.235.190 does not confer immunity upon the Board, or any of the other Respondents, in this dispute. Per its plain terms, RCW 18.235.190 provides immunity to individual board members related to disciplinary actions and other officials acts; it does not apply to the Board, the State of Washington, or Attorney General for this type of challenge under the common law, APA, and UDJA.

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

4. RCW Chapter 18.43 (the "Act") sets forth the law upon which the qualifications, testing, licensure, and regulation of professional engineers and land surveyors in the State is based.

5. The Act delegates authority to the Board and Attorney General of Washington (the "Attorney General") to interpret and enforce the Act.

6. The Act provides in relevant part that "In order to safeguard life, health, and property, and to promote the public welfare . . . it shall be unlawful for any person . . . to use in connection with his or her name or otherwise assume, use, or advertise any title or description tending to convey the impression that he or she is a professional engineer or a land surveyor, unless such person has been duly registered under the provisions of this act." RCW 18.43.010.

7. The Act also defines the Practice of Engineering as including representing "himself or herself to be a professional engineer, or through the use of some other title implies that he or she is a professional engineer." RCW 18.43.020 (8)(b). Unlicensed individuals are not permitted under the Act to engage in the Practice of Engineering as defined. RCW 18.43.010 and .120.

8. The Act also defines the term "engineer" to mean a "professional engineer" as thereinafter defined by the Act. RCW 18.43.020(3). The terms "professional engineer" and "engineer" are used interchangeably in the Act itself, in other legislation, in the Washington Administrative Code, and by the Respondents and advertisements with the public.

9. Accordingly, per the plain language of the statute, it is unlawful for an unlicensed person to use the title "Engineer" when doing so "tend[s] to convey the impression" or "implies" that he or she is a professional engineer. *See* RCW 18.43.010, .020.

10. While the use of the title "Engineer" may not tend to convey the impression of licensure in every context, this Court finds that the use of the title "Engineer," or any variation thereof, necessarily tends to convey the impression of licensure when it is used by someone who either engages in the practice of engineering (as it is defined under RCW 18.43.020(8)(a)), or who works within an agency, organization, or business that engages in or offers engineering services and is not a registered professional engineer. Under those circumstances, there is no meaningful

ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

way to distinguish between the licensed engineers and the unlicensed individuals who work under them, if both are permitted to use the professional title "Engineer."

11. The Court finds that at one point both the Board and Attorney General properly interpreted the Act.

12. The Court finds that the Board's and Attorney General's current adopted interpretation and enforcement policy violates the Act.

13. The Court further finds that Respondent State of Washington has violated the Act by advertising and providing Engineer titles to its employees who are not duly licensed under the Act.

## II. ORDER & JUDGMENT

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. Respondents' Motion for Summary Judgment is DENIED.

2. Petitioners' Motion for Summary Judgment is GRANTED as follows:

    a. Respondents' affirmative defenses, asserted on the grounds of mootness, standing, common law immunity and/or immunity under RCW 18.235.190, and lack of jurisdiction under the APA, are hereby DISMISSED with prejudice;

    b. Declaratory Judgment is hereby entered against Respondents Board of Professional Engineers and Land Surveyors and the Attorney General of Washington, adjudging that: (i) the Board's and Attorney General's enforcement policy and de facto rule regarding the unlicensed use of the title "Engineer" is unlawful and inconsistent with the plain text of the Act, and (ii) that the use of the title "Engineer," or any variation thereof, is unlawful when used by someone who engages in the practice of engineering (as it is defined under RCW 18.43.020(8)(a)) or who works within an agency, organization, or business that engages in or offers engineering services if that person is not a registered professional engineer, because under such circumstances, the title necessarily tends to convey the impression of licensure, which is prohibited under the Act; and

ORDER GRANTING PETITIONERS' MOTION FOR
SUMMARY JUDGMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }

c. Judgment for Injunctive Relief is hereby entered against the State of Washington, enjoining the State from allowing its employees to use the title "Engineer" in a manner that violates the Act's requirements as set forth herein.

3. Petitioners shall submit a separate post-judgment motion related to their entitlement to costs under RCW 7.24.100 within 30 days of this Order and Judgment.

4. This matter is otherwise hereby CLOSED, and all remaining trial dates shall be stricken.

ORDERED this 29th day of September, 2021.

_____
HONORABLE SHARONDA D. AMAMILO

Prepared and Presented By:

CAIRNCROSS & HEMPELMANN, P.S.

_____
Alan D. Schuchman, WSBA No. 45979
E-mail: aschuchman@cairncross.com
Rochelle Y. Doyea, WSBA No. 48175
E-mail: rdoyea@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Petitioners Fisheries Engineers, Inc. and Paul Tappel

ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{04200903.DOCX;5 }