**COURT OF COMMON PLEAS**
**CIVIL DIVISION**
**ADAMS COUNTY, OHIO**

FILED
ADAMS COUNTY
CLERK OF COURTS
2023 MAY 18 PM 2: 35

*Larry Heller*
CLERK

| | | |
|---|---|---|
| SHAWN D. COOLEY, ET. AL. | : | |
| Plaintiffs | : | CASE NO. CVH 2023 0069 |
| vs. | : | |
| JOSEPH EDGAR FOREMAN, AKA AFROMAN, ET. AL | : | **DECISION/ENTRY DENYING ARTHUR WEST'S MOTION TO INTERVENE, AND GRANTING ARTHUR WEST, AMERICAN CIVIL LIBERTIES UNION, AND AMERICAN CIVIL LIBERTIES UNION OF OHIO FOUNDATION LEAVE TO FILE AMICUS CURIAE BRIEFS** |
| Defendants | : | |

Robert A. Klingler Co., L.P.A., Robert A. Klingler, attorney for the plaintiffs Shawn D. Cooley, Justin Cooley, Michael D. Estep, Shawn D. Grooms, Brian Newland, Lisa Phillips, and Randolph L. Walters, Jr., 895 Central Avenue, Suite 300, Cincinnati, Ohio 45202

Young & Caldwell, LLC, Tyler Cantrell, attorney for the defendants Joseph Edgar Foreman and Hungry Hustler Records, 225 N. Cross Street, West Union, Ohio 45693, and Rivers Law Firm, P.A., Bruce Rivers, attorney appearing pro hac vice for the defendant Joseph Edgar Foreman, PHV-26714, 701 Fourth Avenue South, Minneapolis, Minnesota 55415.

Arthur S. West, proposed intervenor, and amicus curiae, 120 State Ave., NE #1497, Olympia, Washington, 98501.

American Civil Liberties Union of Ohio Foundation, amicus curiae, David J. Carey, 1108 City Park Avenue, Suite 203, Columbus, Ohio 43206, and Amy R. Gilbert and Freda J. Levenson, 4506 Chester Avenue, Cleveland, Ohio 44102, and Vera Eidelman, amicus curiae, appearing pro hac vice, PHV 25390-2023, American Civil Liberties Union, 125 Broad Street, 17th Floor, New York, New York 10004.

Media Access, named defendant, no address information.

This cause is before the court on the following motions- 1) motion to intervene filed by Arthur West on March 27, 2023, and 2) motions for leave to file amicus curiae briefs of American Civil Liberties Union and American Civil Liberties Union of Ohio Foundation filed on April 19, 2023.

MAY 19 2023

J520 P49

It appears that all of these motions have been fully briefed. Upon consideration of the respective motions, the court now renders this written decision.

## MOTION TO INTERVENE

Arthur West is seeking to intervene in this case pursuant to Civ.R. 24.

Civ.R. 24 states:

> **(A) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> **(B) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> **(C) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."

Additionally, R.C. 733.581 states, in part:

> "In any civil action or proceeding involving the public interest the court shall grant the application of any person to intervene if the

J520 P 50

> court believes that the public interest will be better protected or justice will be furthered."

The movant West has not persuaded the court that he is entitled to intervene of right.

West argues that his interest as a consumer of free speech and as a consumer in the marketplace of ideas/products is different than the defendant Foreman's right of free speech and expression, but this seems to be a real stretch. In any event, the court is persuaded that the movant's interest is adequately represented by the defendant Foreman and his counsel. The court is not persuaded that the public interest would be better protected or justice furthered as a result of West's intervention as a party.

Similarly, the court is not persuaded that permissive joinder in this case is either proper or appropriate.

Based on this analysis, the court finds that the motion to intervene filed by Arthur West is not well-taken and shall be denied.

## MOTIONS FOR LEAVE TO FILE AMICUS CURIAE BRIEFS

The American Civil Liberties Union and the American Civil Liberties Union of Ohio Foundation have moved for leave to file amicus curiae briefs in this case.

For good cause shown, leave is granted to both the American Civil Liberties Union and the American Civil Liberties Union of Ohio Foundation, and to Arthur West without application, to file amicus curiae briefs on issues that arise in the case. Counsel for the parties to the case may file briefs in response thereto. All such briefs may be filed without any further request to the court.

J 520 P 51

## SUMMARY

For reasons set forth herein, the court finds that the motion to intervene filed by Arthur West is not well-taken and shall be denied.

For good cause shown, leave is granted to both the American Civil Liberties Union and the American Civil Liberties Union of Ohio Foundation, and to Arthur West without application, to file amicus curiae briefs on issues that arise in the case. Counsel for the parties to the case may file briefs in response thereto. All such briefs may be filed without any further request to the court.

This Decision/Entry shall be entered upon the journal.

The clerk is directed to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal.

Copies of the within Decision/Entry shall be served upon all counsel of record and unrepresented parties in the manner required by law.

**IT IS SO ORDERED.**

DATED: 5-18-23

RETIRED JUDGE JERRY R. MCBRIDE

J520 P52