# SENATE BILL REPORT
# SB 5436

As Reported by Senate Committee On:
Law & Justice, February 13, 2025

**Title:**  An act relating to interfering with access to a place of religious worship.

**Brief Description:**  Interfering with access to a place of religious worship.

**Sponsors:**  Senators Salomon, Valdez, Wellman, Braun, Chapman, Cortes, Dhingra, Hasegawa, Orwall, Saldaña and Schoesler.

**Brief History:**
**Committee Activity:**  Law & Justice: 2/04/25, 2/13/25 [DPS].

---

### Brief Summary of First Substitute Bill

- Creates crimes related to interference with places of worship.

- Provides civil remedies for persons aggrieved by acts which interfere with places of worship.

---

## SENATE COMMITTEE ON LAW & JUSTICE

**Majority Report:**  That Substitute Senate Bill No. 5436 be substituted therefor, and the substitute bill do pass.
    Signed by Senators Dhingra, Chair; Trudeau, Vice Chair; Holy, Ranking Member; Fortunato, Lovick, Salomon, Torres, Valdez and Wagoner.

**Staff:**  Joe McKittrick (786-7287)

**Background:**  Both the First Amendment to the United States Constitution and Article 1, Section 11 of the Washington State Constitution protect religious freedoms. While the First Amendment prohibits Congress from making laws respecting an establishment of religion or prohibiting the free exercise of religion, Article 1, Section 11 guarantees absolute

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not part of the legislation nor does it constitute a statement of legislative intent.*

freedom of conscience in all matters of religious sentiment belief and worship.

To protect the ability of the people to practice their respective religions, the Freedom of Access to Clinic Entrances (FACE) Act makes it a crime for anyone, by force or threat of force or by physical obstruction or intentional injury, from intimidating or interfering with, or attempting to injure, intimidate, or interfere with any person seeking reproductive health services or lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship. The FACE Act also prohibits intentionally damaging or destroying a facility that provides reproductive health services or the property of a place of worship.

Beyond the criminal sanctions, the FACE Act also provides civil remedies for individuals aggrieved by the conduct prohibited by the criminal sections of the act. Such an aggrieved person may commence a civil action seeking temporary, preliminary, or permanent injunctive relief and compensatory and punitive damages as well as costs and attorney's fees.

While Washington has no state analogue to the FACE Act as it relates to places of worship, state law does prohibit interference with health care facilities or providers. It is unlawful for a person, alone or in concert with others, to willfully or recklessly interfere with access to or from a health care facility or willfully or recklessly disrupt the normal functioning of such facility by:
- physically obstructing or impeding the free passage of a person seeking to enter or depart from the facility or from the common area of the real property upon which the facility is located;
- making noise that unreasonably disturbs the peace within the facility;
- trespassing on the facility or the common areas of the real property upon which the facility is located;
- telephoning the facility repeatedly, or knowingly permitting any telephone under the person's control to be used for such purpose; or
- threatening to inflict injury on the owners, agents, patients, employees, or property of the facility or knowingly permitting any telephone under the person's control to be used for such purpose.

A violation of the state law is classified as a gross misdemeanor which carries with it mandatory minimum sentences as follows:
- for a first offense, a $250 fine and one day in jail;
- for a second offense, a $500 fine and seven consecutive days in jail; and
- for a third or subsequent offense, $1,000 fine and 30 consecutive days in jail.

A person aggrieved by these criminal actions may bring a civil suit seeking actual damages, and up to $500 for each day that the actions occurred, or up to $5,000 for each day if the aggrieved plaintiff is a health care facility. The state law also permits the superior court to grant temporary, preliminary, and permanent injunctive relief. In appropriate circumstances,

any superior court having personal jurisdiction over one or more defendants may issue injunctive relief that has binding effect on the original defendants and persons acting in concert with the original defendants, in any county in the state.

**Summary of Bill (First Substitute):**  Persons, either alone or in concert with others, are prohibited from willfully or recklessly interfering with access to or from a palce of worship immediately prior to, during, or immediately after religious services, or willfully or recklessly disrupting the normal functioning of the religious services of a place of worship by:

- physically obstructing or impeding the free passage of a person seeking to enter or depart from a place of worship or from the common areas of the real property upon which the place of worship is located;
- trespassing on the place of worship or the common areas of the real property upon which the facility is located;
- telephoning the place of worship repeatedly or causing electronic communications to be sent to the place of worship repeatedly, or knowingly permitting any telephone or electronic communications device under his or her control to be used for such purposes; or
- threatening to inflict injury on the owners, agents, attendees, employees, or property of the place of worship or knowingly permitting any telephone or electronic communication devices under his or her control to be used for such pruposes.

Interfering with a place of worship is classified as a gross misdemeanor crime.
As used in this act "place of worship" means a location wherein persons regularly assemble for religious worship and which is maintained or controlled by a religious organization, and "aggrieved person" means any of the following:

- a person, physically present at the premises of a place of worship when the prohibited actions occur, whose access to the premises is or is about to be obstructed or impeded;
- a person, physically present at the premises of a place of worship when the prohibited actions occur, whose exercise of their freedom of religion is or is about to be disrupted;
- the religious organization or its employees or agents who control or maintain the place of worship where the prohibited actions occur; or
- the owner of the premises of the place of worship where the prohibited actions occur.

"Religious service" means a gathering of people organized by a religious organization for the purpose of worship, religious teaching, or other religious activities.

"Prohibited actions" means any conduct described in the newly created crimes under this act.

An aggrieved person may seek civil damages from those who commit prohibited actions as well as from those who act in concert with them. A person does not have to be convicted of

violating the newly created crimes under this act to be held civilly liable. In addition to actual damages, an aggrieved person may recover costs, attorneys' fees, and up to $500 per each day the prohibited actions occurred or $5,000 if the aggrieved party is a place of worship. When appropriate, a superior court that has personal jurisdiction over one or more defendants may enjoin the original defendants and persons acting in concert with them.

Both criminal and civil courts must take all steps reasonably necessary to safeguard the individual privacy and prevent harassment of the agents or employees of a religious organization who is a part or witness in the civil or criminal action.

**EFFECT OF CHANGES MADE BY LAW & JUSTICE COMMITTEE (First Substitute):**

- Adds gurudwara to the definition of religious organizations.
- Defines religious services.
- Amends the criminal provisions by prohibiting persons, alone or in concert with others, from willfully or recklessly interfering with access to or from a place of worship immediately prior to, during, or immediately after religious services or willfully or recklessly disrupting the normal functioning of the religious services of a place of worship.
- Provides specific actions that are prohibited under the criminal provision.
- Removes the mandatory minimum fines and jail time associated with the crime of interfering with a place of worship.
- Permits an aggrieved party in a civil lawsuit, who is a place of worship, to receive up to $5,000 per day the prohibited actions occur.

**Appropriation:**  None.

**Fiscal Note:**  Available.

**Creates Committee/Commission/Task Force that includes Legislative members:**  No.

**Effective Date:**  Ninety days after adjournment of session in which bill is passed.

**Staff Summary of Public Testimony on Original Bill:**  *The committee recommended a different version of the bill than what was heard.* PRO: Hate crimes targeting vulnerable communities are rising, and we need stronger laws to protect places of worship. In 2023, there were 623 hate crimes in Washington. There is a line between lawful expression and harassment, and this bill makes that line clear. Due to targeting, places of worship should have the same protections under the law as health care facilities. This bill would make our communities safer. Extremist groups harass with the intent to instill fear. Faith is a cornerstone of our democracy; however, threats and harassment undermine this fundamental right. This bill ensures all faiths may practice their religion without fear. Threats against faith communities stand as a barrier between the community members and

their faith organizations. This bill is an added layer of protection that will help these communities stay safe. With recent federal rollbacks that used to protect faith communities, these communities are more vulnerable to intimidation and harassment. This bill will help prevent the invidious persecution that characterizes totalitarian regimes.

**Persons Testifying:** PRO: Senator Jesse Salomon, Prime Sponsor; Arthur West; Puneet Kaur; Miri Cypers, ADL Pacific Northwest; Kristin Ang, Faith Action Network; Kelsi Adams, Temple Beth Shalom, Spokane.

**Persons Signed In To Testify But Not Testifying:** No one.