UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:25-cv-39 (JJM) |
| DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*, | |
| Defendants. | |

**DEFENDANTS' STATUS REPORT REGARDING FEMA'S COMPLIANCE WITH PRELIMINARY INJUNCTION**

In accordance with the Court's Order directing that Federal Emergency Management Agency ("FEMA") file a status report "informing the Court of the status of their compliance" with the Court's preliminary injunction, ECF No. 161 at 45, Defendants respectfully submit this status report. This Court's Order was entered after Plaintiffs filed their Second Motion to Enforce the Court's January 31, 2025 Temporary Restraining Order (ECF No. 160), which the Court has now denied as moot. *Id.* As set forth further below, Defendants respectfully submit that FEMA is in compliance with the Court's preliminary injunction, notwithstanding the issues raised in Plaintiffs' motion and in other correspondence.

**1.** The vast majority of Plaintiffs' motion relates to the manual review process that FEMA is utilizing. Under this manual review process, FEMA reviews grant projects, activities, and source documentation before releasing funds for reimbursement paid to its grant recipients. Hamilton Decl. ¶ 9. This manual review

-1-

process does not violate the Court's orders for multiple reasons.

First, the manual review process is being implemented on the basis of applicable authorizing statutes, regulations, and terms. The Court's orders have made clear that agencies can continue to exercise their own authorities to "mak[e] funding decisions in situations under the Executive's 'actual authority in the applicable statutory, regulatory, or grant terms[.]'" ECF No. 161 at 42-43 (quoting ECF No. 111 at 7); *see also* ECF No. 50 at 11-12 (temporary restraining order barring Defendants from pausing, freezing, impeding, blocking, canceling, or terminating compliance with federal financial assistance awards and obligations "except on the basis of the applicable authorizing statutes, regulations, and terms"). As explained in the attached Declaration, pursuant to its affirmative duty under 2 C.F.R. § 200.300(a) to properly manage and administer its federal grants, FEMA has inherent authority to manually review source documentation from a grant recipient and other information relevant to confirming the requested funding. Hamilton Decl. ¶ 5. FEMA also has inherent authority to monitor awards, review its grant records and expenditures, and ensure payments to recipients are used only for allowable, allocable, and reasonable costs under the terms and conditions of the grant award prior to making payment to the grant recipient. *Id*. Thus, FEMA has authority to implement the manual review process, as long as the process is consistent with applicable regulations and requirements. *Id*. ¶¶ 5, 13. And, as explained in the attached Declaration, the agency's manual review process is consistent with and in furtherance of the regulatory directives set forth in 2 C.F.R. Part 200 and 31 C.F.R.

Part 205. *Id.* ¶¶ 13-19. Notably, FEMA's use of a manual review process is not new. Indeed, FEMA has, for years now, already employed a manual review process for six of its grant programs, including three programs that Plaintiffs identified in their second motion to enforce. *See id.* ¶ 10 (listing programs).

Second, this manual review process is not a "pause" or "freeze" on funding, nor does it mean that the grant is being frozen, held, or not being distributed. *Id.* ¶ 9. Aside from very limited exceptions discussed further below, FEMA is processing payment requests and approving them for payment as appropriate, simply with an added level of internal controls to ensure that payment requests are reviewed prior to payment being released. *See id.* ¶¶ 8-9. The "hold" instituted on payment in FEMA's Payment and Reporting System ("PARS") is simply a system term, which is part of a process to allow FEMA staff to manually review grant projects, activities, and source documentation before releasing funds for reimbursement paid to its grant recipients. *See id.* ¶¶ 9, 21. Once manual review is completed, the grants are made available for draw down. *Id.* ¶ 21.

Plaintiffs' second motion to enforce did raise an additional issue—not previously addressed in the parties' correspondence—regarding their inability to submit requests for payments. ECF No. 160 at 5, 7 (describing issues submitting disbursement requests in FEMA's PARS system). FEMA was not previously aware of this issue, which stems from technical limitations of the legacy PARS system. Hamilton Decl. ¶¶ 26-27. FEMA is currently taking steps to rectify the issue. *Id.* ¶ 27. Specifically, FEMA is updating the process by which recipients will submit

payments for manual review, and it anticipates that awards in PARS will be functional through the Non-Disaster Grants System by on or around March 14, 2025. *Id.* FEMA will provide instructions to grant recipients through its Non-Disaster Grants System explaining how to submit requests for the manual review process. *Id.* Given FEMA's prompt action to rectify this obstacle to submitting payment requests as soon as FEMA learned about it, as well as FEMA's underlying authority to implement the manual review process, this manual review does not run afoul of the Court's orders.

**2.** Aside from the manual review process, Plaintiffs' motion and subsequent correspondence refer to a number of other items, all of which are irrelevant and do not demonstrate that FEMA is in violation of the Court's orders.

First, Plaintiffs invoke the Shelter and Services Program ("SSP") grant program. *See* ECF No. 160 at 4; ECF No. 160-1 ¶ 9. However, Defendants already addressed this program in their February 11, 2025 emergency motion for permission to continue withholding FEMA and other funding. *See* ECF No. 102. Defendants explained that "FEMA seeks to withhold Shelter and Services Program (SSP) funding based on concerns regarding the program." *Id.* at 3; *see also* ECF No. 102-1 ¶ 6 (stating that the agency "has paused funding to the Shelter and Services Program based on significant concerns that the funding is going to entities engaged in or facilitating illegal activities"). Plaintiffs did not oppose that motion, *see* ECF No. 104, and the Court denied it as moot. *See* ECF No. 107 at 3-4. Thus, the pause of this program's funding does not violate the Court's Orders, particularly given that each

identified pause is plainly based on authority under the relevant grant terms and conditions. *See id.* ¶¶ 30-31.

Second, while Plaintiffs' second motion to enforce invoked 22 FEMA grant programs, *see* ECF No. 160 at 4, they do not appear to have submitted any information regarding six of those programs in their supporting declaration—specifically, the Assistance to Firefighters Grant Program, Building Resilient Infrastructure and Communities, Emergency Management Preparedness Grant, Hazard Mitigation Grant Program Post Fire, Port Security Grant Program; and Cooperating Technical Partners. Thus, there are no established compliance concerns as to those programs.

Third, Plaintiffs' supporting declaration mentions stop-work orders for certain activities funded by specific grants. ECF No. 160-1 ¶¶ 15-16, 18. But a stop-work order is different from "freezing" payments on an existing grant, and only the latter is challenged in this case. In any event, Plaintiffs do not demonstrate any funding disruptions regarding those particular grants, nor do they even attempt to prove that the stop-work orders were inconsistent with the agency's underlying authorities. Therefore, those stop-work orders are outside the scope of the Court's injunction—which applies to the disbursement and transmission of federal funding, *see* ECF No. 161 at 44, not the range of permissible activities under a grant.

Fourth, in recent correspondence with Plaintiffs, they have identified a list of FEMA grants that they contend are "experiencing disruption." *See* Hamilton Decl. Ex. 10. While most of those grants are currently undergoing FEMA's manual review

process and two are SSP grants (discussed above), Plaintiffs' list includes several grants that are also subject to a "legacy hold"—which is a hold that was previously in place on all or a portion of a grant award while FEMA awaits additional information from a grant recipient. *Id.* ¶ 29 & n.1 (listing these grants). These holds can be in place for several reasons—including programmatic reviews, budget reviews, Environmental and Historical Preservation reviews and approvals, and other circumstances where the grant recipient is required to provide information to FEMA to ensure allowability, applicability, and eligibility of obligated grant funds. *Id.* ¶ 29 n.1. In addition, Plaintiffs' list included a grant in which all funds from the grant award have been drawn down. *See id.* ¶ 29. These circumstances do not run afoul of the Court's orders.

Finally, separate from the status of FEMA's compliance with the Court's order, for the Court's and Plaintiffs' awareness, Defendants attach a copy of the "written notice" of the preliminary injunction order, which the Office of Management and Budget sent "to all federal departments and agencies to which the OMB Directive was addressed" on March 10, 2025.

Dated: March 14, 2025                    Respectfully submitted,

                                                  YAAKOV M. ROTH
                                                  Acting Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director

                                                  DANIEL SCHWEI
                                                  Special Counsel

/s/    *Andrew F. Freidah*
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-0879
Fax:   (202) 616-8470
Email:    andrew.f.freidah@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATION OF SERVICE**

    I hereby certify that on March 14, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

                                             /s/ *Andrew F. Freidah*
                                             Andrew F. Freidah