| | |
|---|---|
| **From:** | Street, Stacey |
| **Sent:** | Tuesday, February 11, 2025 2:10 PM |
| **To:** | |
| **Cc:** | |
| **Subject:** | Follow-up |
| **Importance:** | High |

Hi everyone, follow up to yesterday's verbal late afternoon discuss and to the subsequent Teams meeting we had just a short while ago. Here is our action plan going forward:

Awards will be amended so that the following grant programs will result in reimbursement requests being manually reviewed and, when approved by staff, manually reimbursed to recipients:

*Already Standard Manual Approach Employed (no changes needed)*
- Assistance to Firefighters Grant (AFG) Program
- Fire Prevention & Safety (FP&S) Grant Program
- Staffing for Adequate Fire and Emergency Response (SAFER)
- Shelter and Services Program (SSP)
- State and Local Cybersecurity Grant Program (SLCGP) (FY24)

*Existing awards (FY2024/2023/2022/2021/2020) will be modified so that reimbursement requests will be manually reviewed and manually processed upon approval by program/financial staff. Upon approval of reimbursement requests, GPD will have 30 days to process payment, per 2 CFR Part 200.*
- PSGP
- TSGP
- IBSGP
- THSGP
- RCPGP
- EOCGP
- HSGP
- NSGP
- EMPG
- SLCGP
- TCGP

I am setting up a training meeting today with our system colleagues so that they can walk us through steps. PMO will also be able to add rights to staff to help in amending existing awards.

I will set up a timeline action plan with timelines, roles, and responsibilities for all staff to complete the amendments. I will also coordinate with program colleague counterparts across Resilience and ORR to help ensure that they are aware and can also replicate across their grant program portfolios and will be asking our AAD-Mitigation team members to assist their program colleague counterparts in amending awards.

I am working with ▮▮▮▮▮ to craft an Information Bulletin that will explain this approach to our grant program recipient stakeholders.

Last but not least, ▮▮▮▮▮ and I will work to modify the CY25 performance plans to account for this scope of responsibility and ensure that, upon manual review *approvals*, payments will be made within the allotted 30-day maximum timeline noted by 2 CFR Part 200. We will also provide guidance very shortly on program office versus financial office roles and responsibilities with manual reviews and manual reimbursements. I expect that we will model the fire grants approach whereby program offices have primary lead on reimbursement reviews, approval determinations, and manual reimbursement release processings.

**Note that these are not "holds."** We are modifying our programs so that payment requests are now reviewed manually and processed manually. "Holds" implies what we were directed to originally due with OMB M-25-13, which was rescinded and a TRO injunction placed. We are not holding on awards, we will still be processing our awards but will be adding a level of internal controls to ensure that payment requests are reviewed prior to payments be released to recipients (in order to ensure that payments align to the award project, NOFO scope of allowability, 2 CFR Part 200 principles, etc.) For FY 2025, the intent is to have this approach as standard in the NOFOs.

Happy to discuss, thank you.

Stacey

Stacey N. Street
Director, Office of Grants Administration
Grant Programs Directorate| Resilience
Office: ▮▮▮▮▮▮▮▮▮▮ | Mobile: ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Federal Emergency Management Agency
fema.gov

