

**EXECUTIVE OFFICE OF THE PRESIDENT**
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

GENERAL COUNSEL

March 10, 2025

MEMORANDUM FOR AGENCY GENERAL COUNSELS

FROM:     Mark R. Paoletta
             General Counsel

SUBJECT:   Preliminary Injunction Against OMB Memorandum M-25-13 and Other Actions

      This memorandum is notifying you about a preliminary injunction that was entered on March 6, 2025 in the case of *New York et al. v. Trump et al.*, No. 25-cv-39-JJM-PAS (D. R.I.), ECF No. 161 (Mar. 6, 2025). The case involves a challenge to a purported "federal funding freeze," including OMB Memorandum M-25-13, *Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025). Although that OMB Memorandum M-25-13 was rescinded on January 29, 2025, the litigation is continuing, and the Court has issued a preliminary injunction directing certain actions. A copy of the Court's Order is attached.

      Under the terms of the Court's Order, the named agency defendants in that case "are enjoined from reissuing, adopting, implementing, giving effect to, or reinstating under a different name the directives in OMB Memorandum M-25-13 (the 'OMB Directive') with respect to the disbursement and transmission of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations." The named agency defendants are also "enjoined from pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations based on the OMB Directive, including funding freezes dictated, described, or implied by Executive Orders issued by the President before rescission of the OMB Directive or any other materially similar order, memorandum, directive, policy, or practice under which the federal government imposes or applies a categorical pause or freeze of funding appropriated by Congress. This includes, but is by no means not limited to, Section 7(a) of Executive Order 14154, Unleashing American Energy."

      In addition, **all agencies are hereby instructed**:

- Your agency "may not take any steps to implement, give effect to, or reinstate under a different name or through other means the directives in the OMB Directive with respect to the disbursement or transmission of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations."

- Your agency must "release and transmit any disbursements to the States on awarded grants, executed contracts, or other executed financial obligations that

were paused on the grounds of the OMB Directive and Executive Orders included by reference therein or issued before the rescission of the OMB Directive."

You should refer to the Court's Memorandum and Order, in particular the operative directives on pages 44-45, for a complete understanding of the preliminary injunction's requirements. To assist in your compliance, however, your agency should be guided by the following principles:

1. The Court's directives pertaining to specific funding actions apply only to "awarded grants, executed contracts, or other executed financial obligations." Accordingly, the Court's Order does not restrict agencies' actions with respect to issuance of new awards, or to awards that have not yet been awarded to specific individuals or entities (such as NOFOs).

2. The Court's directives apply only to awards given "to the States," which is a reference to the particular States that are named as plaintiffs in the case.

    a. A complete list of those State plaintiffs is set forth at the end of this memorandum. An award "to the State[]" includes an award given to any plaintiff State-affiliated agency or entity, including State-operated universities.

    b. The Court's directives do not apply, however, to awards given to private individuals or to entities that are not affiliated with a plaintiff State. Thus, the mere fact that an individual or entity resides in a plaintiff State does not bring that individual or entity within the scope of the Court's Order.

3. The Court's directives do not "limit[] the Executive's discretion," but provide "that the Executive's discretion to impose its own policy preferences on appropriated funds can be exercised only if it is authorized by the congressionally approved appropriations statutes."

    a. To the extent funding streams are "governed by statutory commands that d[o] not give discretion to withhold funds," agencies must continue to disburse those funds for awards to the States.

    b. However, "[t]he Court's order does not prevent [agencies] from making funding decisions in situations under the Executive's 'actual authority in the applicable statutory, regulatory, or grant terms[.]'"

    c. Accordingly, agencies remain free to exercise their own discretion, including to pause funding for awards to the States, as long as agencies do so purely based on their own discretion—not as a result of OMB Memorandum M-25-13, the President's Executive Orders issued before rescission of the OMB Directive, or any materially similar order, memorandum, directive, policy, or practice—and as long as agencies do so consistent with the underlying statutory, regulatory, and grant terms governing the funding.

2

These instructions replace the "written notice of court order" that was previously disseminated on or around January 31, 2025, in connection with the temporary restraining order previously entered in this case. The above instructions do not, however, eliminate or supersede any compliance obligations stemming from the preliminary injunction issued by a federal court in the District of Columbia, as described in my memorandum of February 27, 2025. *See National Council of Nonprofits et al. v. Office of Management and Budget et al.*, No. 25-cv-239-LLA (D.D.C.), ECF No. 52 (Feb. 25, 2025).

To the extent you have questions about your obligations pursuant to this memorandum or any court order, please contact your agency General Counsel. Thank you for your attention to this matter.

Attachment (copy of preliminary injunction order)

**LIST OF PLAINTIFF STATES (alphabetical)**
*New York v. Trump*, No. 25-cv-39 (D. R.I.)

Arizona
California
Colorado
Connecticut
Delaware
District of Columbia
Hawai'i
Illinois
Kentucky
Maine
Maryland
Massachusetts
Michigan
Minnesota
Nevada
New Jersey
New Mexico
New York
North Carolina
Oregon
Rhode Island
Vermont
Washington
Wisconsin