UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-39 (JJM) |

**DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION OR FOR A STAY PENDING APPEAL OF ORDER ENFORCING PRELIMINARY INJUNCTION AS TO FEMA FUNDING**

　　Yesterday, this Court entered an order enforcing the preliminary injunction as to funding administered by the Federal Emergency Management Agency (FEMA), *see* ECF No. 175. That same day, the Supreme Court granted the government's application for a stay pending appeal in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam), attached hereto as Exhibit A. Because this Court appears not to have had the benefit of the Supreme Court's ruling when it decided the motion, the government respectfully moves for reconsideration or, in the alternative, for a stay pending appeal. Yesterday's Supreme Court ruling plainly vindicates the government's position in this case and compels rejection of Plaintiffs' claims. This Court should therefore proceed cautiously before ordering the government to take actions that can never be reversed.

　　As this Court's Order notes, Plaintiffs' motion for enforcement of the

-1-

preliminary injunction stems from "funding disruptions" in their particular FEMA grant funding. ECF No. 175 at 6; *see also id.* at 7-8 ("Overall, the States contend that 'as of March 12, 2025, at least 215 FEMA grants to at least nineteen plaintiff states remain frozen or otherwise inaccessible.'") To remedy those funding disruptions, the Court ordered (among other things) that FEMA may not "pause or otherwise impede the disbursement of appropriated federal funds to the States" on various bases. *Id.* at 14, ¶ 2.

In opposing Plaintiffs' motion, Defendants argued at the outset that Plaintiffs should not be permitted to "convert ordinary breach-of-contract or other funding agreement disputes into potential violations of a court order," including because "Plaintiffs may have remedies available through contract actions in the Court of Federal Claims—which would generally foreclose relying on the Administrative Procedure Act and its waiver of sovereign immunity to provide relief." ECF No. 172 at 2-3. Although the Court's Order analyzed whether FEMA's challenged manual review process comported with the regulations governing FEMA's particular grant agreements, *see* ECF No. 175 at 9-10 & n.5, the Court's Order did not otherwise address the argument that seeking grant-specific relief from this Court in an APA suit was inappropriate.

Also on April 4, 2025, the Supreme Court granted the United States' application for a stay of the injunction in *California*. Like this case, that case involves a group of states challenging the federal government's alleged refusal to continue paying money under particular grants. The Supreme Court has now stayed the

district court's orders in *California*, explaining that the government is "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." Slip. Op. 1-2. Instead, the Supreme Court explained, suits seeking relief like that sought by the *California* plaintiffs likely belong in the Court of Federal Claims. *See id.* at 2.

> The APA's waiver of sovereign immunity does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U. S. C. § 702. Nor does the waiver apply to claims seeking "money damages." *Ibid*. True, a district court's jurisdiction "is not barred by the possibility" that an order setting aside an agency's action may result in the disbursement of funds. *Bowen v. Massachusetts*, 487 U. S. 879, 910 (1988). But, as we have recognized, the APA's limited waiver of immunity does not extend to orders "to enforce a contractual obligation to pay money" along the lines of what the District Court ordered here. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U. S. 204, 212 (2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States." 28 U. S. C. §1491(a)(1).

*Id.*

In addition, the Supreme Court concluded that the remaining stay factors were met, because the federal government will be harmed if it is unable to "recover the grant funds once they are disbursed" while, conversely, grant recipients "can recover any wrongfully withheld funds through suit in an appropriate forum." *Id*. The same is true here: the federal government will likely be unable to recover any grant funds once they are disbursed, while grant recipients can seek to recover any wrongfully withheld funds in the appropriate forum.

The Supreme Court's decision, issued just yesterday, underscores that this Court lacks jurisdiction to consider Plaintiffs' enforcement motion relating to non-payment of various FEMA grants. Plaintiffs' motion sought, and this Court's Order

provided, a judicial order compelling continued payment of funds under those particular FEMA grants—which is precisely the type of "order[] to enforce a contractual obligation to pay money" that the Supreme Court has now confirmed is not available in an APA suit. *California*, slip op. at 2; *cf.* ECF No. 175 at 14, ¶ 2 (prohibiting FEMA from "paus[ing] or otherwise imped[ing] the disbursement of appropriated federal funds to the States" on the basis of its manual review process). Thus, this Court should reconsider and withdraw its prior Order. *Cf. United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 20909) (recognizing that "motions for reconsideration are appropriate" when "there has been an intervening change in the law" or "the original decision was based on a manifest error of law"). Specifically, the Court should vacate its prior Order entered at ECF No. 175; deny Plaintiffs' enforcement motion in this action (ECF No. 168); and instead permit Plaintiffs to pursue whatever remedies may be available to them under the Tucker Act through lawsuits in the Court of Federal Claims.

Emergency consideration of this motion is necessary because the Court's enforcement Order requires Defendants to take certain steps within 48 hours of the Order's issuance—*i.e.*, requiring Defendants to submit a compliance filing by approximately noon on Sunday, April 6, 2025. *See* ECF No. 175 at 15, ¶ 3. At a minimum, the Court's enforcement Order and its compliance deadlines due on Sunday, April 6, should be stayed until this emergency motion for reconsideration is resolved or, in the alternative, stayed pending appeal.

Dated: April 5, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 305-8693
Fax: (202) 616-8460
Email: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

    I hereby certify that on April 5, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

                                /s/ *Daniel Schwei*
                                DANIEL SCHWEI