UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, et al.,

        Plaintiffs,

    v.

DONALD TRUMP, in his official capacity as President of the United States; et al.,

        Defendants.

C.A. No. 1:25-cv-00039

**PLAINTIFFS' OPPOSITION TO MOTION TO RECONSIDER OR STAY**

Defendants ask the Court to reconsider its April 4, 2025, order granting Plaintiff States' motion to enforce the preliminary injunction or, alternatively, stay it pending appeal, contending that the Supreme Court's opinion in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 5, 2025) (per curiam), "plainly vindicates the government's position in this case," ECF No. 175 at 1. Defendants' motion fails for multiple reasons and should be denied.

    **A.**    **The motion to reconsider should be denied.**

Defendants' motion to reconsider should be denied for at least two independent reasons: It is procedurally improper, and it fails on the merits.

*First*, although defendants style their motion as requesting reconsideration of the Court's April 4 order granting Plaintiff States' motion to enforce the preliminary injunction, ECF No. 175, it is in fact a collateral attack on the preliminary injunction itself, and it should be denied on that basis. Defendants assert that the Supreme Court's stay opinion in *Department of Education* shows that the Court "lacks jurisdiction" over Plaintiff States' APA claims against FEMA. ECF No. 176 at 3-4. But that argument goes to the preliminary injunction itself, not to the Court's April 4 order

1

enforcing it. Defendants do not argue, for instance, that the Court erred in concluding that FEMA's conduct falls within the scope of the Court's injunction, or that *Department of Education* bears in any way on that question. Their argument is simply that any dispute over FEMA's conduct must be addressed "under the Tucker Act through lawsuits in the Court of Federal Claims." *Id.* at 4. That argument goes not to the question whether FEMA's conduct violates the injunction; it goes to the merits of the injunction itself.

Thus understood, defendants' request is flawed on multiple levels. For one, defendants never argued in opposing the motion for a preliminary injunction that this case belongs in the Court of Federal Claims—indeed, they devoted not a single word of their 71-page brief to that claim. *See* ECF No. 113. Defendants thus cannot resuscitate that argument now via a motion to reconsider a later-entered order. *Cf. Martinez-Lopez v. Holder*, 704 F.3d 169, 173 (1st Cir. 2013) ("Common sense suggests that there should be reasonable limits on how far down the road a party can go and still be permitted to change horses in hopes of finding a swifter steed."). Regardless, defendants cannot attack the preliminary injunction at this stage, because they have appealed it, and the Court lacks jurisdiction to modify it. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In the meantime, defendants must comply with the preliminary injunction, whether they agree with it or not. *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983).

*Second*, and separately, reconsideration is not warranted on the merits, because *Department of Education* plainly does not "vindicate[] the government's position in this case." ECF No. 176 at 1. As explained below, the Supreme Court's order rests primarily on its characterization of the temporary restraining order issued by the district court as one which "'enforce[d] a contractual obligation to pay money.'" *See* 2025 WL 1008354, at *2. But Plaintiff States' claims here cannot

2

plausibly be characterized as an attempt to enforce contracts between them and the federal government or seek relief for their termination—which is presumably why defendants did not devote a single word of their 71-page response to Plaintiff States' motion for a preliminary injunction to arguing that this action belongs in the Court of Federal Claims. *See* ECF No. 113. That basic distinction defeats defendants' argument.[1]

*Department of Education* concerns the termination of grants it had awarded States to fund state teacher-preparation programs with terms and conditions memorialized in grant award notifications. Because of purportedly changed agency policy priorities, the new administration sent boilerplate letters formally notifying States that their awards had been terminated, citing to a regulatory provision. *Id.* at *1; *see* Oglesby Decl. 4, *California v. U.S. Dep't of Educ.*, No. 1:25-cv-10548 (D. Mass. Mar. 12, 2025) (Doc. 55-1). The recipient States sued, alleging that the termination of the grants violated the APA in multiple respects, including because the Department was not authorized to terminate the grants for the reasons given. *California*, 2025 WL 878431, at *2. The district court granted a temporary restraining order enjoining the terminations, and the Department appealed and sought a stay pending appeal, which the First Circuit denied. *Id.* at *1. The Department sought emergency relief from the Supreme Court, which the Court granted by a vote of 5-to-4. *Dep't of Educ.*, 2025 WL 1008354, at *1. In the Court's stay order, which was issued "with barebones briefing, no argument, and scarce time for reflection," *id.* at *2 (Kagan, J., dissenting), the Court stated that the Department was likely to show that plaintiffs' APA claims

---

[1] Plaintiff States also maintain that the Tucker Act does not impliedly preclude their assertion of the APA claims at issue in *Department of Education*, and those States that are also plaintiffs in that case intend to take that position in supplemental briefing there. *Cf. Dep't of Educ.*, 2025 WL 1008354, at *10 n.7 (Jackson, J., dissenting) (explaining that the district court will "evaluat[e] this and other arguments in the context of the pending preliminary-injunction motion"). But this Court does not need to consider that argument here, because this case is distinct in almost every respect from *Department of Education*.

were impliedly precluded by the Tucker Act, which "grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* at *1. That was so, the Court indicated, because it thought that the district court's order might ultimately "enforc[e] a contractual obligation to pay money." *Id.* (internal quotation marks and citation omitted).

*Department of Education* looks nothing like the current case. Although Plaintiff States here challenge defendants' refusal to disburse federal funds, they do not challenge defendants' decision to terminate any particular grant awards. Instead, Plaintiff States challenge defendants' implementation of "broad, categorial freezes on obligated funds" while *deciding* whether it would be lawful or appropriate to cease disbursing those funds altogether. *New York v. Trump*, No. 25-1236, 2025 WL 914788, at *12 (1st Cir. Mar. 26, 2025).[2] These broad, categorical freezes all have their origin in the first days of the administration, the OMB Directive, and the EOs directed at funding, not individual determinations about any individual agreement with the States, and therefore have no bearing on any contractual term or theory. And whereas the First Circuit in *Department of Education* stated that "the terms and conditions of each individual grant award" were "at issue," 2025 WL 878431, at *2, here many of the funding streams compromised by defendants' reckless behavior bear no hallmarks of contract at all. *See, e.g.*, ECF 67 at 4-6. Moreover, here, the evaluation of Plaintiff States' claims even with respect to those funds subject to grant agreements does not turn on what those agreements say or provide because Plaintiff States' have alleged, and provided evidence in support of the preliminary injunction to establish, that

---

[2] This difference is reflected in the categorically different claims of harm to Plaintiff States in the two cases. Whereas a principal harm in *Department of Education* relates to *denial* of payment due to termination of grants, the harms here stem from *delays* in payments that Plaintiff States may later receive. *See, e.g.,* ECF 67 at 60 ("Even a temporary delay in IIJA and IRA funding disbursement will cause Plaintiff States to sustain significant and irreparable injuries.").

defendants' categorical freezes were implemented without regard to any grant terms (or statutory or regulatory provisions). At bottom, whereas the Supreme Court in its stay order thought that the ultimate relief sought in *Department of Education* might be for the termination of contract-like agreements, here termination is not the issue, and, in many instances, there is no document at issue that could plausibly be considered a contract. Plaintiff States' claims thus not only are not, "at [their] essence, . . . contract claim[s]," *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982); they do not resemble contract claims at all.

Indeed, as discussed, *supra* p. 2, defendants never argued in opposing the injunction that Plaintiff States' claims belonged in the Court of Federal Claims. ECF No. 113. That concession makes sense, given that Plaintiff States' claims do not sound in contract. And it is consistent with the Department of Justice's briefs in *Department of Education*, which repeatedly emphasize defendants' view that the TRO at issue there purportedly "force[d] the federal government to keep paying on terminated contracts or grants." Reply 7, *Dep't of Educ.*, 2025 WL 878431 (No. 24A910); *accord id.* (asserting that "premise" of plaintiffs' suit "is that the grants were wrongfully terminated"); *id.* at 9 (contending that plaintiffs' case turns on "the terms and conditions" of the grants, "confirming the inescapably contractual nature of the dispute"). That is plainly not the case here: Plaintiff States' claims do not target grant terminations, and the Court's preliminary injunction turned in no way on an analysis of grant terms and conditions. It is thus unsurprising that defendants did not bring up the Tucker Act until their brief in opposition to Plaintiff States' motion to enforce, months into the litigation, and then only in one paragraph. ECF No. 172 at 3. Even then, defendants did not argue that any specific APA claim Plaintiff States have actually brought in this case *is* impliedly precluded by the Tucker Act; they argued only that, "depending on the specific terms and conditions of the relevant grant agreement," Plaintiff States "*may* have

5

remedies available through contract actions in the Court of Federal Claims," thus precluding them from asserting some hypothetical APA claim invoking those hypothetical grant agreements. *Id.* (emphasis added).[3] But defendants have never advanced any serious argument that Plaintiff States' APA claims here sound in contract in the manner that the Supreme Court thought the *Department of Education* plaintiffs' claims may, and they make no serious effort to do so now. Defendants' motion to reconsider should be denied.

        **B.**        **The motion to stay should be denied.**

Defendants also seek, in the alternative, a stay pending appeal. ECF No. 176 at 4. That request can be denied for the reasons set out above: not only is the motion procedurally improper, but *Department of Education* has no bearing here, so there is no likelihood defendants would succeed in establishing on appeal that the Court erred in ordering FEMA to comply with the preliminary injunction, as is required for a stay. *Supra* pp. 2-4; *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021). That alone is enough to reject defendants' request for a stay.

But defendants' alternative request can also be denied for a second and independent reason: the Court's April 4 order enforcing its prior preliminary injunction is not appealable. An order enforcing a previously issued injunction is plainly not an appealable final judgment. *See* 28 U.S.C. § 1291. And although an order *granting* an injunction is appealable on an interlocutory basis, *id.* § 1292(a)(1), defendants have already appealed the Court's injunction, *see* ECF No. 162, and the

---

[3] Defendants fault the Court for failing to "address the argument that seeking grant-specific relief from this Court in an APA suit was inappropriate." ECF No. 176 at 2. But the Court had no need to address an argument couched in multiple layers of hypothetical. Regardless, as explained, Plaintiff States do not "seek[] grant specific-relief," *id.*; rather, Plaintiff States have consistently sought to remedy defendants' sweeping and reckless decisions to freeze federal funds authorized by Congress across the length and breadth of the federal government.

First Circuit has set a briefing schedule on that appeal. Nor is the April 4 order appealable on any other basis: It did not "modify[]" the injunction, but simply enforced it according to its terms, *id.*, and an order enforcing an injunction against a party is not appealable on an interlocutory basis, and instead must be addressed on appeal after final judgment, *see Fox v. Cap. Co.*, 299 U.S. 105, 106-07 (1936); 11A Wright et al., *Federal Practice and Procedure* § 2960 (3d ed. 2013) (such an order "is interlocutory and, as applied to a party to the litigation, an appeal is not available until there is a final judgment in the entire action"). Again, defendants cannot use the unappealable enforcement order to raise unpreserved and meritless arguments about the preliminary injunction order—which is already on appeal.

## CONCLUSION

For the foregoing reasons, Plaintiff States respectfully request that the Court deny defendants' motion for reconsideration.

Dated: April 6, 2025                                    Respectfully Submitted,

PETER F. NERONHA                                        LETITIA JAMES
Attorney General for the State of Rhode Island          Attorney General for the State of New York

By: */s/ Kathryn M. Sabatini*                           By: */s/ Rabia Muqaddam*
Kathryn M. Sabatini (RI Bar No. 8486)                   Rabia Muqaddam*
Civil Division Chief                                    Special Counsel for Federal Initiatives
Special Assistant Attorney General                      Michael J. Myers*
Sarah W. Rice (RI Bar No. 10465)                        Senior Counsel
Deputy Chief, Public Protection Bureau                  Molly Thomas-Jensen*
Assistant Attorney General                              Special Counsel
Leonard Giarrano IV (RI Bar No. 10731)                  Colleen Faherty*
Special Assistant Attorney General                      Special Trial Counsel
150 South Main Street                                   Zoe Levine*
Providence, RI 02903                                    Special Counsel for Immigrant Justice
(401) 274-4400, Ext. 2054                               28 Liberty St.
ksabatini@riag.ri.gov                                   New York, NY 10005
srice@riag.ri.gov                                       (929) 638-0447
lgiarrano@riag.ri.gov                                   rabia.muqaddam@ag.ny.gov

michael.myers@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
colleen.faherty@ag.ny.gov
zoe.levine@ag.ny.gov

ROB BONTA
Attorney General for the State of California

By: /s/ Laura L. Faer
Laura L. Faer*
Supervising Deputy Attorney General
Christine Chuang*
Supervising Deputy Attorney General
Nicholas Green*
Carly Munson*
Kenneth Sugarman*
Theodore McCombs*
Marie Logan*
Deputy Attorneys General
California Attorney General's Office
1515 Clay St.
Oakland, CA 94612
(510) 879-3304
Laura.Faer@doj.ca.gov
Christine.Chuang@doj.ca.gov
Nicholas.Green@doj.ca.gov
Carly.Munson@doj.ca.gov
Kenneth.Sugarman@doj.ca.gov
Theodore.McCombs@doj.ca.gov
Marie.Logan@doj.ca.gov

KWAME RAOUL
Attorney General for the State of Illinois

By: /s/ Alex Hemmer
Alex Hemmer*
Deputy Solicitor General
R. Henry Weaver*
Assistant Attorney General
115 S. LaSalle St.
Chicago, Illinois 60603
(312) 814-5526
Alex.Hemmer@ilag.gov
Robert.Weaver@ilag.gov

ANDREA JOY CAMPBELL
Attorney General for the Commonwealth of Massachusetts

By: /s/ Katherine B. Dirks
Katherine B. Dirks*
Chief State Trial Counsel
Turner Smith*
Deputy Chief, Energy and Environment Bureau
Anna Lumelsky*
Deputy State Solicitor
1 Ashburton Pl.
Boston, MA 02108
(617.963.2277)

MATTHEW J. PLATKIN
Attorney General for the State of New Jersey

By: /s/ Angela Cai
Angela Cai*
Executive Assistant Attorney General
Jeremy M. Feigenbaum*
Solicitor General
Shankar Duraiswamy*
Deputy Solicitor General
25 Market St.
Trenton, NJ 08625
(609) 376-3377

katherine.dirks@mass.gov
turner.smith@mass.gov
anna.lumelsky@mass.gov

Angela.Cai@njoag.gov
Jeremy.Feigenbaum@njoag.gov
Shankar.Duraiswamy@njoag.gov

KRISTIN K. MAYES
Attorney General for the State of Arizona

By: /s/ Joshua D. Bendor
Joshua D. Bendor*
Solicitor General
Nathan Arrowsmith*
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Nathan.Arroswmith@azag.gov

WILLIAM TONG
Attorney General for the State of Connecticut

By: /s/ Michael K. Skold
Michael K. Skold*
Solicitor General
Jill Lacedonia*
165 Capitol Ave
Hartford, CT 06106
(860) 808 5020
Michael.skold@ct.gov
Jill.Lacedonia@ct.gov

PHILIP J. WEISER
Attorney General for the State of Colorado

By: /s/ Shannon Stevenson
Shannon Stevenson*
Solicitor General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
(720) 508-6000
shannon.stevenson@coag.gov

KATHLEEN JENNINGS
Attorney General of Delaware

By: /s/ Vanessa L. Kassab
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8413
vanessa.kassab@delaware.gov

BRIAN L. SCHWALB
Attorney General for the District of Columbia

By: /s/ Andrew Mendrala
Andrew Mendrala*
Assistant Attorney General
Public Advocacy Division
Office of the Attorney General for the District of Columbia

ANNE E. LOPEZ
Attorney General for the State of Hawaiʻi

By: /s/ Kalikoʻonālani D. Fernandes
David D. Day*
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
Solicitor General
425 Queen Street

9

400 Sixth Street, NW
Washington, DC 20001
(202) 724-9726
Andrew.Mendrala@dc.gov

Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

AARON M. FREY
Attorney General for the State of Maine

By: /s/ Jason Anton
Jason Anton*
Assistant Attorney General
Maine Office of the Attorney General
6 State House Station
Augusta, ME 04333
207-626-8800
jason.anton@maine.gov

ANTHONY G. BROWN
Attorney General for the State of Maryland

By: /s/ Adam D. Kirschner
Adam D. Kirschner*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6424
AKirschner@oag.state.md.us

DANA NESSEL
Attorney General of Michigan

By: /s/ Linus Banghart-Linn
Linus Banghart-Linn*
Chief Legal Counsel
Neil Giovanatti*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48933
(517) 281-6677
Banghart-LinnL@michigan.gov
GiovanattiN@michigan.gov

KEITH ELLISON
Attorney General for the State of Minnesota

By: /s/ Liz Kramer
Liz Kramer*
Solicitor General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

AARON D. FORD
Attorney General of Nevada

/s/ Heidi Parry Stern
Heidi Parry Stern*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119

RAÚL TORREZ
Attorney General for the State of New Mexico

By: /s/ Anjana Samant
Anjana Samant*
Deputy Counsel
NM Department of Justice
408 Galisteo Street

| | |
|---|---|
| (702) 486-5708<br>HStern@ag.nv.gov | Santa Fe, New Mexico 87501<br>505-270-4332<br>asamant@nmdoj.gov |
| JEFF JACKSON<br>Attorney General for the State of North Carolina<br><br>By: /s/ Daniel P. Mosteller<br>Daniel P. Mosteller*<br>Associate Deputy Attorney General<br>PO Box 629<br>Raleigh, NC 27602<br>919-716-6026<br>Dmosteller@ncdoj.gov | DAN RAYFIELD<br>Attorney General for the State of Oregon<br><br>By: /s/ Christina Beatty-Walters<br>Christina Beatty-Walters*<br>Senior Assistant Attorney General<br>100 SW Market Street<br>Portland, OR 97201<br>(971) 673-1880<br>Tina.BeattyWalters@doj.oregon.gov |
| CHARITY R. CLARK<br>Attorney General for the State of Vermont<br><br>By: /s/ Jonathan T. Rose<br>Jonathan T. Rose*<br>Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 793-1646<br>jonathan.rose@vermont.gov | NICHOLAS W. BROWN<br>Attorney General for the State of Washington<br><br>By: /s Andrew Hughes<br>Andrew Hughes*<br>Assistant Attorney General<br>Leah Brown*<br>Assistant Attorney General<br>Office of the Washington State Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744<br>andrew.hughes@atg.wa.gov<br>leah.brown@atg.wa.gov |
| JOSHUA L. KAUL<br>Attorney General for the State of Wisconsin<br><br>By: /s Aaron J. Bibb<br>Aaron J. Bibb*<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>17 West Main Street<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 266-0810<br>BibbAJ@doj.state.wi.us | OFFICE OF THE GOVERNOR *ex rel.*<br>ANDY BESHEAR<br>in his official capacity as Governor of the Commonwealth of Kentucky<br><br>By: /s/ S. Travis Mayo<br>S. Travis Mayo**<br>General Counsel<br>Taylor Payne**<br>Chief Deputy General Counsel<br>Laura C. Tipton**<br>Deputy General Counsel |

Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov


*Admitted *Pro Hac Vice*
***Pro Hac Vice* Motion forthcoming