UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-39 (JJM) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR RECONSIDERATION OR FOR A STAY PENDING APPEAL OF ORDER ENFORCING PRELIMINARY INJUNCTION AS TO FEMA FUNDING**

As explained in Defendants' emergency motion for reconsideration or for a stay pending appeal, *see* ECF No. 176, this Court should withdraw its prior Order enforcing the preliminary injunction as to funding administered by the Federal Emergency Management Agency (FEMA), *see* ECF No. 175, based on a recent Supreme Court decision making clear that this Court lacks jurisdiction to provide such relief. *See Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam). Plaintiffs' opposition to the motion for reconsideration, ECF No. 179, does not change the conclusion that immediate relief from the Court's prior Order is warranted.

**1.** Plaintiffs first contend that Defendants' motion for reconsideration "is in fact a collateral attack on the preliminary injunction itself, and it should be denied on that basis." Opp'n at 1. Plaintiffs say, for example, that "Defendants do not argue

-1-

. . . that the Court erred in concluding that FEMA's conduct falls within the scope of the Court's injunction, or that *Department of Education* bears in any way on that question." *Id.* at 2. But that is precisely Defendants' argument—the Court's preliminary injunction, issued based on claims arising under the Administrative Procedure Act (APA), cannot possibly reach individual, grant-specific disputes that this Court lacks APA jurisdiction to resolve. Jurisdiction to resolve such grant-specific disputes properly lies with the Court of Federal Claims pursuant to the Tucker Act. That is what Defendants argued in their opposition to the FEMA enforcement motion, *see* ECF No. 172 at 3-5, and that is what the Supreme Court's decision in *Department of Education* now confirms.

Plaintiffs also contend that "defendants never argued in opposing the motion for a preliminary injunction that this case belongs in the Court of Federal Claims." Opp'n at 2. As an initial matter, the present motion for reconsideration is directed at the Order enforcing the preliminary injunction as to FEMA funding, and Plaintiffs do not (and cannot) dispute that Defendants adequately raised this argument in the context of litigating that FEMA enforcement motion. *See* ECF No. 172 at 3-5. Regardless of whether the underlying preliminary injunction conflicts with the Tucker Act's jurisdictional limitations, certainly the FEMA enforcement Order does. That Order requires FEMA to "immediately cease the challenged manual review process," ECF No. 175 at 14 ¶ 1, thereby requiring FEMA to make payments on specific grants—relief that Plaintiffs could only be entitled to by virtue of their grant agreements. *Cf. United States Conf. of Cath. Bishops v. Dep't of State*, No. 25-cv-465,

2

2025 WL 763738, at *8 (D.D.C. Mar. 11, 2025) (even if court has jurisdiction over claims in complaint, that does not allow the court to provide expedited relief that would transgress jurisdictional limitations in the APA and the Tucker Act). Thus, Plaintiffs' assertion of forfeiture—based on arguments allegedly not being raised during earlier briefing on separate motions—is irrelevant given that the Court's FEMA enforcement Order plainly does present Tucker Act jurisdictional issues.

In any event, Plaintiffs' forfeiture analysis is incorrect. This jurisdictional point cannot be forfeited, even if Defendants failed to raise it earlier. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Of course, Defendants do not believe they forfeited any arguments. Throughout this case—proceeding on expedited timelines, in the face of Plaintiffs' shifting pleadings and characterizations of their claims—Defendants have consistently maintained that APA review is inappropriate. *See, e.g.*, ECF No. 49 at 2-4; ECF No. 113 at 22-31; *see also* PI Hr'g Tr. at 39 (arguing that Plaintiffs' claims are "fundamentally problematic" because "there's no way for the Court to enter relief against a so-called funding freeze that's never specifically defined without becoming an overseer over the funding decisions of almost two dozen individual federal agencies"); *id.* at 41 (arguing that Plaintiffs' APA claims "run[] afoul of Article III and the APA"). Thus, there is no basis for the Court to decline to consider the argument that jurisdiction solely rests with the Court of Federal Claims under a Tucker Act claim, which was timely raised in the immediate wake of a Supreme Court decision that is directly on point.

3

Finally, Plaintiffs suggest that "defendants cannot attack the preliminary injunction at this stage, because they have appealed it, and the Court lacks jurisdiction to modify it." Opp'n at 2. This argument makes little sense. If Defendants' appeal of the preliminary injunction deprived this Court of jurisdiction to decide whether it should provide further relief as to FEMA funding, then this Court would lack jurisdiction not only over the motion for reconsideration but also Plaintiffs' underlying enforcement motion (filed subsequent to the appeal). *See* ECF No. 162 (Notice of Appeal); ECF No. 168 (Plaintiffs' enforcement motion). Plaintiffs cannot have it both ways where this Court possesses jurisdiction to grant their enforcement motion, but lacks jurisdiction to withdraw that Order. And even if there were some theoretical jurisdictional impediment, this Court could simply stay its Order—as it has already done, *see* Text Order of Apr. 7, 2025—and then issue an indicative ruling saying the Court would vacate the Order. *See* Fed. R. Civ. P. 62.1(a)(3). In short, Plaintiffs' procedural objections all fail.

**2.** On the merits, Plaintiffs assert that "Plaintiff States' claims here cannot plausibly be characterized as an attempt to enforce contracts between them and the federal government[.]" Opp'n at 2-3. But that suggestion cannot be squared with the relief sought in their enforcement motion—*i.e.*, an order directing FEMA "to cease freezing obligated funds" to the Plaintiff States, ECF No. 168 at 1—which is precisely what the Court ordered. *See* ECF No. 175 at 14, ¶ 2 (directing that FEMA must not "pause or otherwise impede the disbursement of appropriated federal funds to the States" on various bases). That type of relief is indistinguishable from the order that

4

the Supreme Court stayed in *Department of Education*, 2025 WL 1008354 at *1 ("[T]he Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA.").

Indeed, the district court order at issue in *Department of Education* used language that is materially identical to what this Court has ordered:

> Defendants are temporarily enjoined from implementing, giving effect to, maintaining, or reinstating under a different name the termination of any previously awarded TQP or SEED grants for recipients in Plaintiff States, including but not limited to through the Termination Letter, Termination GAN, and any other agency actions implementing such terminations, such as suspension or withholding of any funds approved and obligated for the grants[.]

*California v. Dep't of Educ.*, No. 25-cv-10548, 2025 WL 760825, at *5 (D. Mass. Mar. 10, 2025). The First Circuit concluded that this relief was permissible under the APA on the very basis proffered by Plaintiffs here—*i.e.*, as not "seek[ing] damages owed on a contract or compensation for past wrongs" but rather "want[ing] the Department to once again make available already-appropriated federal funds for existing grant recipients," *California v. Dep't of Educ.*, No. 25-1244, 2025 WL 878431, at *2 (1st Cir. Mar. 21, 2025). The Supreme Court rejected that characterization, however, and concluded that "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered here. Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" 2025 WL 1008354, at *1 (citation omitted). That conclusion equally forecloses such relief in this case.

Moreover, Plaintiffs' arguments here are indeed bound up with "what [the

5

relevant grant] agreements say or provide[.]" Opp'n at 4. A central issue in Plaintiffs' enforcement motion is whether FEMA's manual review process is rooted in "the Executive's actual authority in the applicable statutory, regulatory, or grant terms," ECF No. 161 at 43, because if so then FEMA's review process would undisputedly fall outside the scope of the Court's preliminary injunction. That is why Plaintiffs have argued that FEMA's manual review process is not justified by the relevant grant regulations and terms, *see* ECF No. 168 at 8-9; Defendants have explained that FEMA's review process is indeed justified under the relevant authorities, *see* ECF No. 172 at 10-12; and this Court's prior Order necessarily addressed that very question, *see* ECF No. 175 at 9-10. These are precisely the type of grant-specific disputes, inextricably bound up with whether payment under the relevant grant agreements must continue, that the Supreme Court has now confirmed are not subject to resolution through an APA suit.

Finally, Plaintiffs focus on the fact that *Department of Education* involved grant terminations, whereas this case involves only pauses on payments under grants that still exist. Opp'n at 3, 5. But at least when it comes to their motion to enforce, that is a distinction without a difference. In both contexts, the fundamental question is whether federal agencies are required to continue making payments under the specific terms of the relevant grant agreements, and Plaintiffs are claiming that withholding those payments is unlawful. "[T]he APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money,'" *Department of Education*, 2025 WL 1008354 at *1, regardless of whether that order

6

was entered in a case involving a grant termination or a withholding of payment—the type of relief provided is the same, and equally precluded in both. Any such contractual challenge rests with the Court of Federal Claims under the Tucker Act. *Id.*

Accordingly, Plaintiffs cannot escape the effect of the Supreme Court's decision in *Department of Education*. That decision rejects the type of relief that this Court provided in its Order enforcing the preliminary injunction as to certain FEMA funding, *see* ECF No. 175, and therefore that Order should be withdrawn.

**3.** At a minimum, to the extent the Court is unwilling to fully withdraw the prior enforcement Order, the Court should stay that Order pending appeal. That is amply justified by not only the arguments made in Defendants' original opposition to the enforcement motion, *see* ECF No. 172, but also now the Supreme Court's decision in *Department of Education*. Plaintiffs again suggest that "the Court's April 4 order enforcing its prior preliminary injunction is not appealable." Opp'n at 6. But that Order plainly imposed additional terms on Defendants, *see* ECF No. 175 at 14-15, rendering it appealable under 28 U.S.C. § 1292(a)(1) (allowing interlocutory appeals for orders "granting, continuing, modifying, refusing or dissolving injunctions"). And even if Plaintiffs were theoretically correct that the April 4 enforcement Order was not independently appealable, there is obviously still an appeal pending from the underlying preliminary injunction, and the enforcement Order should at least be stayed pending resolution of that appeal.

For the foregoing reasons, Defendants respectfully request that the Court

withdraw its prior enforcement Order entered at ECF No. 175.  In the alternative, the Court should continue to stay that Order pending resolution of all appeals.

Dated: April 7, 2025                    Respectfully Submitted,

                                        YAAKOV M. ROTH
                                        Acting Assistant Attorney General

                                        ALEXANDER K. HAAS
                                        Director

                                        */s/ Daniel Schwei*
                                        DANIEL SCHWEI
                                        Special Counsel
                                        ANDREW F. FREIDAH
                                        EITAN R. SIRKOVICH
                                        Trial Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20530
                                        Tel.: (202) 305-8693
                                        Fax: (202) 616-8460
                                        Email: daniel.s.schwei@usdoj.gov

                                        *Counsel for Defendants*

## **CERTIFICATION OF SERVICE**

I hereby certify that on April 7, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

/s/ *Daniel Schwei*
DANIEL SCHWEI