UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>   *Plaintiffs*,<br>  v.<br><br>DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:25-cv-39 (JJM) |

**DEFENDANTS' UNOPPOSED MOTION TO STAY APRIL 21, 2025, DEADLINE TO RESPOND TO PLAINTIFFS' COMPLAINT**

Under the Federal Rules of Civil Procedure, Defendants' response to Plaintiffs' complaint is due April 21, 2025.  Defendants respectfully request the Court stay the response deadline until the First Circuit resolves the pending appeal of this Court's preliminary injunction, at which point the parties shall jointly propose a new schedule.  The First Circuit is likely to rule on Plaintiffs' likelihood of success on the merits of their claims and provide guidance on the governing legal framework in relatively short order.  The interests of judicial economy support a stay of the response deadline to allow the parties and this Court to have the benefit of whatever ruling the First Circuit issues.  Moreover, as the First Circuit has denied Defendant-Appellants' request to stay the preliminary injunction, Plaintiffs continue to have the benefit of this Court's order such that they are no longer threatened by the harms they have alleged.  The parties have conferred, and Plaintiffs do not oppose this motion.

## DISCUSSION

On February 21, 2025, all Defendants were served with the Complaint in this case, *see* Aff. Service, ECF No. 158. Under Rule 12(a)(2), the Government is provided 60 days to respond to the Complaint. Fed. R. Civ. Pro. 12(a)(2). As a result, the Government's response to the Complaint is currently due on April 21, 2025. *See* Aff. Service, ECF No. 158. The Court issued a preliminary injunction on March 6, 2025, *see* ECF No. 161, enjoining the Government from pausing funding to Plaintiffs or otherwise giving effect to OMB Memorandum M-25-13. Defendants appealed this injunction to the First Circuit on March 10, 2025, *see* Notice of Appeal, ECF No. 162, and asked the Court of Appeals to stay the injunction, which it declined to do*, see New York v. Trump*, No. 25-1236, 2025 WL 914788 (1st Cir. Mar. 26, 2025). The First Circuit's consideration of Defendants' appeal of the preliminary injunction remains ongoing.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). However, "there must be good cause for [a stay's] issuance; [it] must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992).

One good cause for a stay is to respect "the general principle" that federal district courts should "avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Marquis* 965 F.2d at 1154 (district courts have discretion to stay proceedings in the interest of "efficacious management of court dockets"). Additionally, courts frequently grant stays when there are ongoing "independent proceedings which bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *cf. Microfinancial*, 385 F.3d at 77 (1st Cir. 2004) ("The pendency of a parallel or related criminal proceeding can constitute [ ] a reason [to grant a stay.]").

The Court's preliminary injunction is now on appeal before the First Circuit. Staying Defendants' response deadline pending resolution of that appeal makes eminent sense because it would support judicial economy and would allow the parties here to address the relevant issues with the benefit of any ruling from the First Circuit. Given that many (if not all) of the critical legal issues presented in Plaintiffs' complaint are now before the First Circuit, it makes little sense for this Court (and the parties) to expend the resources necessary for a full presentation of those issues at this time. Because the preliminary injunction standard will require the First Circuit to consider whether Plaintiffs are "likely to succeed on the merits," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), it would be far more efficient for the parties to await a decision from the First Circuit, at which point most (if not all) of the legal issues may then have definitive resolution and further

briefing and consideration of any remaining legal issues will be better informed by having the benefit of the First Circuit's analysis. Accordingly, a stay would serve "efficacious management of [the Court's] docket[]," *Marquis* 965 F.2d at 1154, and simplify the issues and questions of law the Court will need to confront.

The pending appeal is scheduled to proceed expeditiously, which will ensure that the length of the stay is reasonable. The Government's opening brief and appendix are due in less than a month on May 13, 2025, and Plaintiff-Appellees' response brief is due 30 days later on June 12, 2025. *See New York v. Trump*, No. 25-1236, Doc. 00118268206 (April 3, 2025). Moreover, the Government's request in the First Circuit for a stay of the preliminary injunction was denied, *see New York v. Trump*, No. 25-1236, 2025 WL 914788 (1st Cir. Mar. 26, 2025), and as a result, Plaintiffs are not threatened by any imminent, irreparable harm. Thus, all three factors—good cause, reasonable duration, and fairness to the parties—warrant a stay. *See Marquis*, 965 F.2d at 1155.

## CONCLUSION

The Government respectfully requests a stay of its deadline to respond to the Complaint until the First Circuit resolves the appeal of the Court's preliminary injunction, at which point the parties shall jointly propose a new schedule.

Dated: April 17, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

DANIEL SCHWEI
Special Counsel

*/s/ Eitan R. Sirkovich*
EITAN R. SIRKOVICH
ANDREW F. FREIDAH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on April 17, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

/s/ *Eitan R. Sirkovich*
EITAN R. SIRKOVICH